IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| MEDPOINTE HEALTHCARE INC., <br> Plaintiff, <br><br> vs. <br><br> APOTEX INC. and APOTEX CORP., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 06-164 <br> ) <br> ) <br> ) <br> ) <br> ) |

## AMENDED COMPLAINT

Plaintiff MedPointe Healthcare Inc., for its Complaint against Defendants Apotex Inc. and Apotex Corp., hereby alleges as follows:

### PARTIES

1. Plaintiff MedPointe Healthcare Inc. ("MedPointe") is a Delaware corporation having a place of business at 265 Davidson Avenue, Somerset, New Jersey 08873.

2. Upon information and belief, Defendant Apotex Inc. is a corporation organized and existing under the laws of Canada, having a place of business at 380 Elgin Mills Road East, Richmond Hill, Ontario, Canada L4C 5H2.

3. Upon information and belief, Defendant Apotex Inc. manufactures numerous generic drugs for sale and use throughout the United States, including in this judicial district.

4. Upon information and belief, Defendant Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

5. Upon information and belief, Apotex Corp. is the United States agent for Apotex Inc. for purposes including, but not limited to, making regulatory submissions to the United States Food and Drug Administration ("FDA").

6. Upon information and belief, Apotex Corp. is the United States marketing and sales agent for Apotex Inc. wherein, following FDA approval of an Abbreviated New Drug Application ("ANDA"), Apotex Inc. manufactures and supplies the approved generic drug products to Apotex Corp., which then markets and sells those products throughout the United States, including in this judicial district.

7. Upon information and belief, and consistent with its practice with respect to other generic products, Apotex Inc. will sell the generic product accused of infringement in this Complaint through Apotex Corp. throughout the United States, including in this judicial district, following any FDA approval.

8. Upon information and belief, Apotex Corp. is the United States subsidiary and alter ego of Apotex Inc. Upon information and belief, for purposes of this action, Apotex Inc. and Apotex Corp. are effectively the same entity and are referred to collectively hereinafter as Apotex.

## NATURE OF THE ACTION

9. This is a civil action for the infringement of United States Patent No. 5,164,194 ("the '194 patent"). This action is based upon the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Apotex Corp. by virtue of, *inter alia*, the fact that Apotex Corp. is a Delaware corporation.

12. This Court has personal jurisdiction over Apotex Inc. by virtue of, *inter alia*: (1) its presence in Delaware through its United States subsidiary and alter ego, Apotex Corp., which is a Delaware corporation; (2) its systematic and continuous contacts with Delaware, including its contacts with its United States subsidiary and alter ego and that entity's substantial and ongoing sale of numerous generic drugs in Delaware; and (3) its performance of acts, either directly or through an agent, that have caused tortious injury in Delaware in connection with a persistent course of conduct with its United States subsidiary and alter ego.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

## THE PATENT

14. On November 17, 1992, the '194 patent, titled "Azelastine Containing Medicaments," was duly and legally issued to Asta Pharma AG as assignee. Since August 16, 2002, MedPointe has been, and continues to be, the sole owner of the '194 patent and the sole owner of the right to sue and to recover for any infringement of that patent. A copy of the '194 patent is attached hereto as Exhibit A.

## ACTS GIVING RISE TO THIS ACTION

15. Upon information and belief, on or about November 14, 2005, Apotex submitted ANDA 77-954 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).

16. ANDA 77-954 seeks the FDA approval necessary to engage in the commercial manufacture, use, offer for sale and sale of a generic nasal spray product containing 0.1% azelastine hydrochloride in an aqueous solution for use in treating, *inter alia*, seasonal allergic rhinitis ("the Generic Product"). ANDA 77-954 specifically seeks FDA approval to market the Generic Product prior to the expiration of the '194 patent.

17. ANDA 77-954 contains an allegation under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the '194 patent are either invalid, unenforeceable and/or not infringed by the manufacture, use or sale of the Generic Product. MedPointe received written notification of ANDA 77-954 and its § 505(j)(2)(A)(vii)(IV) allegation on January 27, 2006.

18. In the written notification of ANDA 77-954, Apotex Inc. designated Apotex Corp. as its "agent in the United States authorized to accept service of process for Apotex."

19. Upon information and belief, and consistent with its practice with respect to other generic products, Apotex Inc. has designated Apotex Corp. as its agent in the United States for purposes of filing ANDA 77-954 and for marketing and selling the Generic Product in the United States upon any approval of ANDA 77-954.

20. Apotex's submission of ANDA 77-954 to the FDA, including the § 505(j)(2)(A)(vii)(IV) allegation, constitutes infringement of the '194 patent under 35 U.S.C.

RLF1-2990743-1

§ 271(e)(2)(A). Moreover, if Apotex commercially makes, uses, offers to sell or sells the Generic Product within the United States, or imports the Generic Product into the United States, or induces or contributes to any such conduct during the term of the '194 patent, it would further infringe the '194 patent under 35 U.S.C. § 271 (a), (b) and/or (c).

21. Even if Apotex Inc. and Apotex Corp. are not treated as a single entity for purposes of this action, which they should be, each of them is nonetheless jointly and severally liable for the infringement of the '194 patent.

22. Apotex Inc. is jointly and severally liable for the infringement of the '194 patent. This is so because, upon information and belief, Apotex Inc. submitted ANDA 77-954 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) and will, *inter alia*, manufacture, offer to sell and sell the Generic Product upon receipt of any FDA approval of ANDA 77-954.

23. Apotex Inc.'s submission of ANDA 77-954 to the FDA, including the § 505(j)(2)(A)(vii)(IV) allegation, constitutes infringement of the '194 patent under 35 U.S.C. § 271(e)(2)(A). Moreover, if Apotex Inc. commercially makes, uses, offers to sell or sells the Generic Product within the United States, or imports the Generic Product into the United States, or induces or contributes to any such conduct during the term of the '194 patent, it would further infringe the '194 patent under 35 U.S.C. § 271 (a), (b) and/or (c).

24. Apotex Corp. is jointly and severally liable for the infringement of the '194 patent, regardless of which Apotex entity actually filed ANDA 77-954 and regardless of whether it is treated as the alter ego of Apotex Inc. for purposes of this action. This is so because, upon information and belief, Apotex Corp. participated in, contributed to, aided, abetted and/or induced the submission of ANDA 77-954 and its § 505(j)(2)(A)(vii)(IV) allegation to the

FDA and will, *inter alia*, offer to sell and sell the Generic Product within the United States and this judicial district upon receipt of any FDA approval of ANDA 77-954.

25. Apotex Corp.'s participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA 77-954 and its § 505(j)(2)(A)(vii)(IV) allegation to the FDA constitutes infringement of the '194 patent under 35 U.S.C. § 271(e)(2)(A). Moreover, if Apotex Corp. commercially makes, uses, offers to sell or sells the Generic Product within the United States, or imports the Generic Product into the United States, or induces or contributes to any such conduct during the term of the '194 patent, it would further infringe the '194 patent under 35 U.S.C. § 271 (a), (b) and/or (c).

26. Apotex had actual and constructive notice of the '194 patent prior to filing ANDA 77-954.

27. MedPointe will be irreparably harmed by Apotex's infringing activities unless those activities are enjoined by this Court. MedPointe does not have an adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, MedPointe prays for judgment as follows:

    A. That Apotex has infringed the '194 patent;

    B. That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA 77-954 under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the expiration date of the '194 patent, including any extensions;

    C. That Apotex, its officers, agents, servants and employees, and those persons in active concert or participation with any of them, are preliminarily and


permanently enjoined from making, using, offering to sell or selling the Generic Product within the United States, or importing the Generic Product into the United States, prior to the expiration of the '194 patent, including any extensions;

D. That MedPointe be awarded monetary relief if Apotex commercially makes, uses, offers to sell or sells the Generic Product within the United States, or imports the Generic Product into the United States, prior to the expiration of the '194 patent, including any extensions, and that any such monetary relief be awarded to MedPointe with prejudgment interest;

E. That MedPointe be awarded the attorney fees, costs and expenses that it incurs prosecuting this action under 35 U.S.C. § 285; and

F. That MedPointe be awarded such other and further relief as this Court deems just and proper.

*Of Counsel:*

John M. Desmarais
Peter J. Armenio
Maxine Y. Graham
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022
(212) 446-4800

Dated: March 13, 2006

/s/ Frederick L. Cottrell, III
_____
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

*Attorneys for Plaintiff*
*MedPointe Healthcare Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF.

I hereby certify that on March 13, 2006, two copies of the foregoing document (one for Apotex Corp. and one for Apotex Inc.) were sent to the following non-registered participant, which is also the designated agent in the United States authorized to accept service of process for Apotex Inc. in connection with Abbreviated New Drug Application ("ANDA") 77-954, in the manner indicated:

### BY FEDERAL EXPRESS

Apotex Corp.
Attn: Tammy L. McIntire, President
2400 North Commerce Parkway, Suite 400
Weston, FL 33326

_____
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com