IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDPOINTE HEALTHCARE INC., <br><br> Plaintiff, <br><br> vs. <br><br> APOTEX INC. and APOTEX CORP., <br><br> Defendants. | Civil Action No. 06-164 |

## NOTICE OF LODGING OF WAIVER OF SERVICE OF SUMMONS OF APOTEX INC. AND APOTEX CORP.

TO:  Richard L. Horwitz                    Robert B. Breisblatt
     Potter Anderson & Corroon LLP         Welsh & Katz, Ltd.
     Hercules Plaza                        120 South Riverside Plaza
     P.O. Box 951                          22nd Floor
     Wilmington, DE 19899                  Chicago, IL 60606

Please take notice that pursuant to Federal Rule of Civil Procedure 4 Plaintiff Medpointe Healthcare Inc. has lodged the attached waivers of service of summons of Defendants Apotex Inc. and Apotex Corp. with the Court (Ex. 1).

                                            _____
                                            Frederick L. Cottrell, III (#2555)

Of Counsel:                                cottrell@rlf.com
                                           Matthew W. King (#4566)
John M. Desmarais                          king@rlf.com
Peter J. Armenio                           Richards, Layton & Finger
Maxine Y. Graham                           One Rodney Square, P.O. Box 551
Kirkland & Ellis LLP                       Wilmington, DE 19899
Citigroup Center                           (302) 651-7700
153 East 53rd Street                       Attorneys for Plaintiff MedPointe Healthcare
New York, New York 10022                   Inc.

Dated: March 20, 2006

RLF1-2993149-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 20, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard L. Horwitz
>Potter Anderson & Corroon LLP
>Hercules Plaza, 6th Floor
>1313 N. Market Street
>Wilmington, DE 19801

I hereby certify that on March 20, 2006, I sent the foregoing document by Federal Express, next business day delivery, to the following non-registered participants:

>Robert B. Breisblatt
>Welsh & Katz, Ltd.
>120 South Riverside Plaza, 22nd Floor
>Chicago, IL 60606

/s/ Matthew W. King
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

RLF1-2993173-1

# WAIVER OF SERVICE OF SUMMONS

(Apotex Inc )

TO: Frederick L. Cottrell, III, Esq., Richards, Layton & Finger P.A., One Rodney Square, P.O. Box 551, Wilmington, DE 19899

    I, Tammy L. McIntire, the designated agent in the United States authorized to accept service of process for Apotex Inc. in connection with Abbreviated New Drug Application ("ANDA") 77-954, acknowledge receipt of your request that Apotex Inc. waive service of summons in the action of *MedPointe Healthcare Inc. v. Apotex Inc. and Apotex Corp.*, which is case number 06-164 in the United States District Court for the District of Delaware.

    I have also received a copy of the complaint in the action, two copies of the Notice Of Lawsuit And Request For Waiver Of Service Of Summons (Apotex Inc.) and this instrument, and a means by which I can return the signed waiver to you without cost to me

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that Apotex Inc., the entity on whose behalf I am acting, be served with judicial process in the manner provided by Rule 4.

    Apotex, Inc., the entity on whose behalf I am acting, will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against Apotex Inc., the party on whose behalf I am acting, if an answer or motion under Rule 12 is not served upon you within 60 days after March 10, 2006

| 3/16/06 | *[signature]* |
|---|---|
| (DATE) | (SIGNATURE) |

Printed/ Typed Name: ~~Tammy L. McIntire~~ Robert B. Breisblatt

As the designated agent in the United States authorized to accept service of process for Apotex Inc. ~~in connection with Abbreviated New Drug Application ("ANDA") 77-954~~ for purposes of case number 06-164 in the U.S. District Court for the District of Delaware

---

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought

    A defendant who waives service must within the time specified on the waiver form serve on plaintiff's attorney(or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received

## WAIVER OF SERVICE OF SUMMONS

(Apotex Corp.)

TO:   Frederick L. Cottrell, III, Esq., Richards, Layton & Finger P.A., One Rodney Square, P.O. Box 551, Wilmington, DE 19899

I, Tammy L. McIntire, President of Apotex Corp., acknowledge receipt of your request that Apotex Corp. waive service of summons in the action of *MedPointe Healthcare Inc v. Apotex Inc. and Apotex Corp.*, which is case number 06-164 in the United States District Court for the District of Delaware.

I have also received a copy of the complaint in the action, two copies of the Notice Of Lawsuit And Request For Waiver Of Service Of Summons (Apotex Corp.) and this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that Apotex Corp., the entity on whose behalf I am acting, be served with judicial process in the manner provided by Rule 4.

Apotex, Corp., the entity on whose behalf I am acting, will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Apotex Corp., the party on whose behalf I am acting, if an answer or motion under Rule 12 is not served upon you within 60 days after March 10, 2006.

_3/16/06_
(DATE)

_Robert B. Breisblatt_
(SIGNATURE)

Printed/Typed Name:  Robert B. Breisblatt
~~Tammy L. McIntire~~

~~As President of Apotex Corp.~~ As the designated agent in the United States authorized to accept service of process for Apotex Corp. for purposes of case number 06-164 in the U.S. Dist. Ct. for the Dist. of Delaware

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

RLF1-2990296-1