# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MEDPOINTE HEALTHCARE INC., | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| APOTEX INC. and APOTEX CORP., | ) |
| Defendants. | ) |

Civil Action No. 06-164-SLR

**COMPENDIUM OF UNREPORTED OPINIONS
IN PLAINTIFFS' OPENING BRIEF IN SUPPORT
OF ITS MOTION TO STRIKE APOTEX'S JURY DEMAND,
STRIKE APOTEX'S AFFIRMATIVE DEFENSE OF UNENFORCEABILITY,
DISMISS APOTEX'S COUNTERCLAIM OF UNENFORCEABILITY, AND
<u>STRIKE APOTEX'S AFFIRMATIVE DEFENSE OF MISUSE</u>**

*Of Counsel:*

John M. Desmarais
Peter J. Armenio
Maxine Y. Graham
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Frederick L. Cottrell, III (#2555)
Alyssa M. Schwartz (#4351)
Matthew W. King (#4566)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
schwartz@rlf.com
king@rlf.com

Dated: May 5, 2006

*Attorneys for Plaintiff
MedPointe Healthcare Inc.*

RLF1-3010348-1

# TABLE OF UNREPORTED OPINIONS[1]

**TAB**

*Akzo Pharma Int'l B.V. v. Steris Labs., Inc.,*
    No. 93-1071 (D. Ariz. May 17, 1994) ............................................................... 1

*Ferring B.V. v. Barr Labs., Inc.,*
    02-CV-9851 (S.D.N.Y. Mar. 2, 2004) ............................................................... 2

*Glaxo Group Ltd. v. Dr. Reddy's Labs., Ltd.,*
    No. 01-4066-JLL (D.N.J. June 5, 2003) ............................................................ 3

*Pechiney Rhenalu v. Alcoa Inc.,*
    No. 99-301-SLR (D. Del. Dec. 22, 2000) .......................................................... 4

*Purdue Pharma L.P. v. Endo Pharms., Inc.,*
    No. 00 Civ. 8029 (S.D.N.Y. Dec. 10, 2002) ..................................................... 5

*Purdue Pharma L.P. v. Endo Pharms., Inc.,*
    No. 00 Civ. 8029 (S.D.N.Y. Mar. 4, 2003) ...................................................... 6

---

[1] Court decisions enclosed are not electronically retrievable via Westlaw or Lexis.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AKZO PHARMA INTERNATIONAL B.V., and ORGANON, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>STERIS LABORATORIES, INC., )<br>and SCHEIN PHARMACEUTICAL, )<br>INC., )<br>Defendants. )<br>_____ ) | CIV 93-1071-PHX-EHC<br><br>ORDER STRIKING<br>JURY DEMAND |

Plaintiffs Akzo Pharma International B.V., and Organon, Inc., filed this action against Steris Laboratories, Inc. for Patent Infringement of United States Letters Patent Nos. 4,237,126 and 4,297,351.

The claimed act of infringement was Steris' filing with the Food and Drug Administration an Abbreviated New Drug Application (ANDA 74-334), for Vecuronium Bromide for Injection, together with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) which alleged that the '126 patent and the '351 patent are invalid and would not be infringed by the product for which Steris seeks approval.

35 U.S.C. § 271(e)(2)(A) allows for the filing of ANDA, and provides that the act of filing constitutes an infringement, for jurisdictional purposes. The statute further provides that for such an act of infringement:

> (A) the court shall order the effective date of any approval of the drug or veterinary biological product involved in the infringement to be a date which is not earlier than the date of the expiration of the patent which has been infringed,

1

(B) injunctive relief may be granted against an infringer to prevent the commercial manufacture, use, or sale of an approved drug or veterinary biological product, and

(C) damages or other monetary relief may be awarded against an infringer only if there has been commercial manufacture, use, or sale of an approved drug or veterinary biological product.

The remedies prescribed by subparagraphs (A),(B), and (C) are the only remedies which may be granted by a court for an act of infringement described in paragraph (2), except that a court may award attorney fees under section 285.

The only relief requested in the complaint was injunctive in nature; the only infringement claim was the filing of the application with the FDA.  The complaint did not request any monetary damages (attorney fees were requested); a jury trial was not demanded.

Steris filed an answer denying infringement and a counterclaim requesting declaratory relief for non-infringement and the invalidity of the patents in question.  Plaintiff filed a Reply to the Counterclaim on July 9, 1993; a Demand for Jury Trial was filed July 13, 1993.

On February 10, 1994, defendant filed a Motion to Strike the Jury Demand; the motion is fully briefed and ready for ruling.[1]

Plaintiffs acknowledge that at this time they have no evidence that there has been any commercial manufacture, use or sale by defendants of the proposed drug.

This Court finds that plaintiffs' demand for a jury is

---

[1]An amended complaint was filed naming Schein Pharmaceutical, Inc., as an additional defendant.  The relief requested remains as stated in the complaint.  (Dkt. 65)

AO 72
(Rev 8/82)

1  premature; a prayer for injunctive relief does not warrant a demand

2  for a jury.  Any right to a jury could only arise in the future,

3  and after plaintiffs would receive leave to file an amended

4  complaint seeking monetary damages.  See: Beacon Theaters, Inc. v.

5  Westover, 359 U.S. 500 (1959); Dairy Queen, Inc., v. Wood, 369 U.S.

6  469 (1962).[3]

7     Accordingly, ____

8     IT IS ORDERED granting Steris' motion to strike plaintiffs'

9  jury demand.

10     IT IS FURTHER ORDERED the jury demand is stricken without

11  prejudice to filing a timely demand following filing of an amended

12  complaint seeking monetary damages.

13     DATED this ___17___ day of May, 1994.

14

15                              _Earl H Carroll_

16                              EARL H. CARROLL
                                United States District Judge

17

18

19

20

21

22

23

24

25  [3]See also: Horowitz, Patent Litigation: Procedure & Tactics,
    (Matthew Bender, 1993), § 2.02[4]; § 3.03[3] ("...if he [the patent
26  owner] is not seeking a money judgment based on the infringing acts,
    either in the complaint or by counterclaim in a declaratory judgment
    case, the jury demand will be subject to a motion to strike.")

3

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

FERRING B.V. and
AVENTIS PHARMACEUTICALS, INC.

                  Plaintiffs,

                                      02 Cv. 9851 (CLB)

       - against -

                                      *Memorandum and Order*

BARR LABORATORIES, INC.

                  Defendants.
-----------------------------------------------------------------x

Brieant, J.

      Before this Court is the Report and Recommendation of the Honorable Mark D. Fox, United States Magistrate Judge, filed December 18, 2003, the Objections thereto by Defendant dated January 13, 2003, Plaintiffs' response to the Objections and Defendant's reply in support of its Objections. The Report is adopted as the Decision of this Court, and the Objections are overruled. Additionally, Plaintiffs' provisional objection to Magistrate Judge Fox's ruling on December 22, 2003 is dismissed as moot.

      The familiarity of the reader with the Report and Recommendation and all prior proceedings in this action is assumed. As noted by Magistrate Judge Fox in his report, Plaintiffs brought this action pursuant to 35 U.S.C. §271(e)(2), not § 271(a). The Magistrate Judge determined that because damages are not at issue and cannot be at issue the only claim is for possible future infringement, the claims involved are equitable rather than legal in nature. Therefore, Defendant is not entitled to a jury trial on its counterclaims of patent invalidity and non-infringement.

-1-

In its objections, Defendant asserts that its counterclaims for patent invalidity were not afforded the "independent status" required and that because a declaratory judgment for "patent validity is not purely an equitable issue, ...the pending declaratory judgment action is most comparable to an inversion of a patent infringement lawsuit [at common law]" , and is entitled to a jury trial. (Def.'s obj. at 1 (citing *In re Lockwood*, 50 F.3d 966, 980 (Fed. Cir. 1995), *vacated* 515 U.S. 1182 (1995))). As noted by the Magistrate Judge, there is no precedential authority for this precise issue. In *Tegal Corp. v. Tokyo Elec. Am. Inc.*, 257 F.3d 1331 (Fed. Cir. 2001), the Federal Circuit held that "a defendant, asserting only affirmative defenses and no counterclaims, does not have a right to a jury trial in a patent-infringement suit if the only remedy sought by the plaintiff-patentee is an injunction." Defendant contends that because it asserted its patent invalidity claims as counterclaims and not affirmative defenses, *Tegal* is inapplicable, and under a *Beacon Theatres* analysis, Barr has a right to a trial by jury. Defendant argues that because of the presence of the counterclaims an analysis of the Seventh Amendment issue under *Beacon Theatres* results in granting Barr a right to a jury trial.

Addressing the difference between the issues presented in *Tegal* with the issues presented in this action, the Magistrate Judge discussed two cases which he found, although lacking any precedential value, contained sound reasoning in their analysis of whether a defendant has a right to a jury trial in actions brought pursuant to 35 U.S.C. § 271(e)(2) and corresponding counterclaims in those actions. Judge Sweet, in *Sanofi-Synthelabo v. Apotex*, 2002 WL 1917871 (S.D.N.Y. Aug. 20, 2002), concluded that the Plaintiff did not have a right to a jury trial on Defendant's counterclaims of patent invalidity and noninfringement. The Court limited the

-2-

holding of *In re Lockwood,* 50 F.3d 966 (Fed. Cir. 1995), *vacated* 515 U.S. 1182 (1995), stating

that the issue in *Lockwood* was "whether monetary damages *could* have been, but were not

sought." *Sanofi-Synthelabo,* 2002 WL 1917871 *4 (emphasis in original).

In *In re Apotex,* 49 Fed.Appx. 902 (Fed. Cir. Oct. 9, 2002), an unpublished decision, the

Federal Circuit held that there was not a right to a jury trial because "the nature of the underlying

controversy is entirely equitable, involving only a controversy whether future acts should be

enjoined." *Id.* at 903. The issues presented in that case are strikingly similar to those presented

here. Plaintiff brought an action pursuant to 35 U.S.C. § 271(e)(2). Defendant asserted

counterclaims seeking declaratory judgments of patent invalidity and noninfringement. The

Court concluded that because the case involved "only possible future infringement" and there

could be "no damages because no infringing products [had] been marketed" the only relief was

equitable in nature. *Id.*

Similarly, here, no damages have been incurred nor could there be. The action involves

"only possible future infringement" and therefore the only relief is equitable in nature. Although

other district courts have decided this issue otherwise, this Court agrees with the Report and

Recommendation that the reasoning of *Apotex* and *Sanofi-Synthelabo* is sound and should apply

in this action. The Magistrate Judge noted that if this case were to proceed to trial after the

FDA's stay expired and the ANDA is approved, damages could be asserted and the parties would

be free to amend their pleading and make a timely jury demand. However, that issue is not

before us now and need not be decided.

Accordingly, the Report and Recommendation filed December 18, 2003 is adopted as a decision of this Court.  For the reasons set forth above, Plaintiffs' motion to strike Defendant's jury demand (Docket # 53) is granted.

The provisional objection by the Plaintiffs, dated January 7, 2004, to the oral decision of the Honorable Mark D. Fox, United States Magistrate Judge, issued on December 22, 2003 is moot.  On February 13, 2003, Magistrate Judge Fox amended his decision, granting in limited scope Plaintiff's motion for a protective order.  Accordingly, the Court declines to address this portion of Plaintiffs objections.

SO ORDERED.

Dated: White Plains, New York
       March 2, 2004

CHARLES L. BRIEANT

_____
Charles L. Brieant, U.S.D.J.

-4-

# EXHIBIT 3

Westlaw.

Not Reported in F.Supp.2d                                                           Page 1
Not Reported in F.Supp.2d, 2001 WL 1246628 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

▷
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern
Division.
GLAXO GROUP LIMITED and SMITHKLINE
BEECHAM CORP., Plaintiffs,
v.
APOTEX, INC., Defendant.
No. 00 C 5791.

Oct. 16, 2001.

MEMORANDUM OPINION AND ORDER

GETTLEMAN, District J.
*1 Plaintiffs Glaxo Group Ltd. and Smithkline
Beecham Corp. (jointly, "plaintiff") have brought an
anticipatory patent infringement action seeking to
enjoin the defendant Apotex's importation and sale in
the United States of generic cefuroxime axetil tablets
until expiration of plaintiff's patents. Defendant has
answered the amended complaint, raising affirmative
defenses of invalidity and noninfringement, and
asserted a counterclaim seeking declaratory judgment
of invalidity and noninfringement. Defendant has
demanded a jury on all issues. Plaintiff has moved to
strike defendant's jury demand. For the reasons set
forth below, plaintiff's motion is granted.

*Background*

FN1. A complete description of the case can
be found in the court's previous opinion,
*Glaxo Group Ltd. v. Apotex, Inc.*, 130
F.Supp.2d 1006.

Plaintiff is the owner of U.S. Patent Nos. 4,562,181
(the "181 patent") and 4,820,833 (the "833 patent")
which cover amorphous cefuroxime axetil, and is the
holder of a New Drug Application ("NDA") for the
antibiotic sulfur cefuroxime axetil tablets, which is
covered by the patents and sold by plaintiff under the
brand name Ceftin.

On April 5, 2000, defendant filed an Abbreviated
New Drug Application ("ANDA") with the Food and
Drug Administration ("FDA"), seeking approval to

market a generic cefuroxime axetil product in the
United States. Plaintiff filed the instant lawsuit five
months later, seeking a declaratory judgment that
defendant's product will infringe the 181 patent and
that defendant's filing of the ANDA infringes the 181
patent under 35 U.S.C. § 271(e)(2). After receiving a
copy of defendant's ANDA through discovery,
plaintiff sought and was granted leave to file an
amended complaint asserting that defendant's
manufacturing process for its proposed generic
version is covered by the 833 patent. Plaintiff seeks a
declaratory judgment of infringement of the 833
patent and an injunction enjoining infringement of
that patent. Neither the original nor the amended
complaint alleges that defendant has or is currently
engaged in the commercial manufacture, use, offer to
sell or sale within the United States or importation
into the United States of its generic sulfur cefuroxime
product as would be required for plaintiff to recover
damages under 35 U.S.C. § 271(a) or § 271(e)(4).
Thus, the only relief to which plaintiff is entitled is
declaratory and injunctive. Defendant has answered
the amended complaint, asserting affirmative
defenses and counterclaims for a declaration of
invalidity and noninfringement of the two patents.
Defendant seeks a jury on all issues.

*Discussion*

The Seventh Amendment to the United States
Constitution guarantees litigants the right to a jury
trial in suits at common law. Whether a right to a jury
attaches to a particular case turns on whether the case
"is more similar to cases that were tried in courts of
law than to suits tried in courts of equity or
admiralty." *Tull v. United States,* 481 U.S. 412, 417
(1987). The phrase "Suits at common law 'refers to
suits in which legal rights are to be ascertained and
determined, in contra distinction to those where
equitable rights alone are recognized and equitable
remedies are administered." ' *Chauffeurs, Local No.
391 v. Terry,* 494 U.S. 558, 563 (1990) (quoting
*Parsons v. Bedford,* 3 Pet. 443, 447, 7, 7 L.Ed. 732
(1830)). To determine whether a particular action
will resolve legal rights, the court must examine both
the nature of the issues involved and the remedy
sought "First, we compare the statutory action to the
18th Century actions brought in the courts of England
prior to the merger of the courts of law and equity
Second, we examine the remedy sought and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1246628 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

determine whether it is legal or equitable in nature." *Id.* (quoting *Tull*, 481 U.S. at 417-18). The second inquiry is the more important in the analysis. *Id.*

*2 The instant action involves a claim seeking to enjoin a future infringement, and a claim of technical or artificial acts of infringement (submission of an ANDA), in which plaintiff seeks injunctive relief with no claim for damages available. Defendant raises invalidity issues as affirmative defenses and as a counterclaim. Although the Federal Circuit has issued a number of opinions dealing with the right to a jury trial in infringement actions with invalidity defenses, there is no binding precedent comparing the exact issues raised in the instant action with those arising in 18th Century England.

In support of its position that defendant has no right to a jury on its defense and counterclaim of invalidity, plaintiff relies on *Tegal Corp. v. Tokyo Electron America, Inc.*, 257 F.3d 1331 (Fed.Cir.2001), the Federal Circuit's most recent decision on the issue. In *Tegal,* the patentee sued the defendant for patent infringement, seeking injunctive relief and damages. The defendant asserted affirmative defenses including invalidity, but no counterclaim. Six days before trial, the plaintiff dropped its claim for damages with the understanding that it would lose its right to trial by jury. The district court issued an order that the trial would proceed without a jury. The defendant filed a motion to reconsider that order, which was also denied. After a bench trial, the court found that the patents were not invalid, and the defendant had infringed. The defendant appealed a number of rulings, including the denial of its claimed right to a jury.

On appeal, the Federal Circuit described the issue before it as "whether a defendant, asserting only affirmative defenses and no counterclaims, has a right to a jury trial when the only remedy sought by the plaintiff-patentee is an injunction." *Id.* at 1339. In reaching its decision that there is no right to a jury under such circumstances, the court applied the two part *Tull* test. In analyzing the first part of the *Tull* inquiry-- an examination of the nature of the action involved-- the court relied on the reasoning in its previous opinion in *In re Lockwood*, 50 F.3d 966 (Fed.Cir.1995), *vacated*, 515 U.S. 1182 (1995), which had been vacated by the Supreme Court, but the reasoning of which the Federal Circuit held remained "pertinent." *Tegal*, 257 F.3d at 1340. After reviewing the *Lockwood* decision, the *Tegal* court concluded that the nature of the plaintiff's action was purely equitable. *Id.* at 1341. The *Tegal* court then

stated that little analysis was required for the second and most important prong of the *Tull* test-- the nature of the remedy sought. The plaintiff sought only an injunction. Considering the two prongs, both of which pointed to equity, the *Tegal* court concluded that neither party had a right to a jury. *Id.*

In contrast, defendant relies on the reasoning of *In re SGS-Thomsom Microelectronics, Inc.*, 60 F.3d 839 (Fed.Cir.1995), an unpublished Federal Circuit opinion, issued after and relying upon *Lockwood*, but before *Tegal*, and of which *Tegal* makes no mention. In *SGS-Thomson*, the plaintiff sued the defendant for patent infringement, seeking only equitable relief. The defendant asserted its defenses and counterclaim for declaratory judgment of noninfringement, invalidity and unenforceablity. The defendant demanded a jury trial on the counterclaims. The district court granted the plaintiff's motion to strike the jury demand without explanation. After the Federal Circuit's decision in *Lockwood*, the defendant moved to reconsider, which was again denied. Defendant then petitioned the Federal Circuit for a writ of mandamus. The Federal Circuit held that the defendant had a right to a jury on the counterclaim, concluding that under the *Lockwood* analysis, had defendant initiated the action by bringing suit for a declaration of invalidity, it would have been entitled to a jury. *Id.*

> FN2. Federal Circuit Rule 47.6(b) provides that unpublished opinions "must not be employed or cited as precedent."

*3 At the heart of the Federal Circuit's decisions in *Tegal* and *SGS-Thomson,* is its vacated opinion in *Lockwood,* in which the plaintiff sued the defendant for patent infringement seeking both damages and injunctive relief. The plaintiff demanded a jury trial. The defendant raised invalidity as an affirmative defense and in a counterclaim for a declaration of noninfringement and invalidity. The court granted the defendant's motion for summary judgment of noninfringement, dismissed the infringement complaint, and then struck the plaintiff's demand that the issue of validity be tried to a jury. The plaintiff sought a writ of mandamus on the jury issue. The Federal Circuit issued the writ initially, holding that "[plaintiff's] underlying claim for infringement and damages is the basis of the action at the district court and the claim for infringement damages and any asserted defenses still exist in the case." *Lockwood.* 50 F.3d at 969.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1246628 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

On petition for rehearing, the court issued the opinion that has formed the basis of its later opinions in *Tegal* and *SGS-Thomson* In analyzing the patentee's right to a jury, the *Lockwood* court first determined that an action for declaratory judgment was only as legal and equitable in nature as the controversy on which it was founded. Therefore, because the declaratory judgment action itself is neither legal nor equitable, the historical inquiry required by the Seventh Amendment takes as its object the nature of the underlying controversy. Thus, the court had to "determine how patent validity was adjudicated prior to the merger [of courts of law and equity] and absent the declaratory judgment procedure." *Id* at 973.

In making this determination, the *Lockwood* court first noted that prior to the Declaratory Judgment Act, neither party had available to it a procedure to test the validity of a patent. Instead, a worried party could only wait for the patentee to bring an infringement action and then raise the patent's invalidity as an affirmative defense. "Patent validity simply was not litigated in isolation from an infringement action." *Id* at 974. The court then held that the defendant's counterclaim for invalidity "resembles nothing so much as a suit for patent infringement in which the affirmative defense of invalidity has been pled, and [plaintiff's] right to a jury trial must be determined accordingly." *Id* The only difference between the defendant's counterclaim and the traditional infringement suit with an invalidity defense that prior to the Declaratory Judgment Act would have been required for an adjudication of invalidity, is that the position of the parties had been inverted. Such an inversion, the court said, could not operate to frustrate the plaintiff's Seventh Amendment rights. *Id*

Therefore, the court proceeded to determine what right to a jury trial the plaintiff "would have enjoyed had the validity of his patents been adjudicated in a suit for patent infringement according to 18th Century English practice," explaining, *Id* at 976 (citations omitted) (emphasis in original):
*4 The choice of forum and remedy, and thus the method of trial was left with the patentee. Nineteenth Century American practice followed the same basic pattern. If the patentee sought only damages, the patentee brought an action at law; in such a case the defense of invalidity was tried to the jury, assuming that a jury had been demanded. However, if the patentee facing past acts of infringement nevertheless sought *only* to enjoin future acts of infringement, the patentee could only bring a suit in equity, and the defense of invalidity ordinarily would be tried to the

bench. Under both English and American practice, then, it was the patentee who decided in the first instance whether a jury trial on the factual questions relating to validity would be compelled

The court concluded, therefore, that the plaintiff could not be denied the choice of a jury on the validity issue simply because the case came before the court as a declaratory judgment action for invalidity rather than as a defense in an infringement action *Id*

At first glance, *Lockwood* and *SGS-Thomson* would appear to support the position that patent validity, no matter how it is raised, is a legal issue that entitles either party to a jury. Because the later holding in *Tegal* refutes that position, however, defendant argues that it is entitled to a jury because it has raised invalidity in a counterclaim rather than solely in an affirmative defense as in *Tegal.* The unpublished opinion in *SGS-Thomson* appears to support this argument, but is of non precedential value. Federal Circuit Rule 47.6(b). Moreover, *Lockwood* clearly holds that the manner in which the issue comes before the court is not controlling, and that inversion of the parties cannot act to deny the patentee the choice

In any event, neither *Lockwood, SGS-Thomson,* nor *Tegal* squarely addressed the issue before this court, because in each of those cases the patentee had a claim for damages, meaning that in 18th Century England the infringement suit could have been brought in a court of law. In the instant action, plaintiff can bring no claim for damages for infringement because defendant has not yet marketed or sold its product. Moreover, plaintiff's claim under § 271(e)(2)(A) is premised solely on defendant's submission of an ANDA to the FDA, which is considered a "technical" or "artificial" act of infringement that Congress created to provide patentees with a defined act of infringement sufficient to create case or controversy jurisdiction to enable a court to resolve any dispute concerning infringement and validity promptly. *Glaxo, Inc. v. Novopharm, Ltd.,* 110 F.3d 1562, 1569 (Fed.Cir.1997) The statute expressly precludes a plaintiff from recovering damages unless the defendant has already engaged in the commercial manufacture, use or sale of the drug without FDA approval. 35 U.S.C. § 271(e)(4).

Despite these obvious differences, at least two district courts have relied on *Lockwood* to hold that a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d                                                                 Page 4
Not Reported in F.Supp.2d, 2001 WL 1246628 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

defendant is entitled to a jury on its counterclaim of invalidity when the plaintiff's infringement action was solely for injunctive relief pursuant to § 271(e)(2), because the defendant could have initiated a declaratory judgment for invalidity under § 271(a) rather than filing a counterclaim to the infringement action brought under § 271(e)(2). *Hoechst Marion Roussel, Inc. v. Par Pharmaceutical, Inc.*, 1996 WL 468593 at *3 (D.R.D.1996); *Warner-Lambert Co. v. PurePac Pharmaceutical Co.*, 2001 WL 883232 (N. N.J.2001).

*5 In contrast, in an analogous case not directly on point, Judge Kocoras of this district has held that a plaintiff in an action brought solely pursuant to § 271(e)(2) is not entitled to a jury on the defendant's affirmative defense of invalidity. *Pfizer Inc. v. Novopharm Ltd.*, 2001 WL 477163 (N.D.Ill.2001). After reviewing the relevant case law on the jury issue, as well as actions under § 271(e)(2), Judge Kocoras held that even under the non-precedential *Lockwood* analysis, the parties are not entitled to a jury trial in an infringement action of this sort, stating, *Id.* at *3 (emphasis in original):

As the Federal Circuit observed in [*Lockwood* ] 'declaratory judgment actions are, for Seventh Amendment purposes, only as legal or equitable in nature as the controversies on which they are founded.' The controversy in the instant case is not the inversion of a traditional infringement lawsuit as was the declaratory judgment suit in *Lockwood*. Rather, it is a controversy of recent vintage created by Congress for the specific purpose of posturing drug patent claims for adjudication *before* actual infringement occurs. As such, it is inherently equitable, and the remedies are limited accordingly.

This court agrees with the analysis in *Pfizer* that an action brought pursuant to § 271(e)(2) is inherently equitable in nature, and that the remedies are limited accordingly. Therefore, as in *Tegal,* both prongs of the *Tull* test point to equity, and neither plaintiff nor defendant is entitled to a jury on any of the issues raised in this case. The mere fact that invalidity has been raised in a counterclaim rather than in an affirmative defense does nothing to change this characterization. Unlike in *Lockwood, SGS-Thomson* or even *Tegal,* plaintiff in the instant action has no ability to bring a legal claim, because defendant has not made, used, offered to sell, or sold a patented invention without authorization in violation of 35 U.S.C. § 271(e). Therefore, this court respectfully disagrees with the statement in *Hoechst* that the defendant could have instituted its declaratory

judgment action under § 271(a) rather than as a counterclaim to the § 271(e) action. As *Lockwood* points out, in 18th Century England, the validity of a patent where there was no claim for damages was equitable in nature and decided by the court. Accordingly, defendant's motion to strike plaintiff's jury demand is granted.

### Conclusion

For the reasons set forth above, plaintiff's motion to strike defendant's jury demand is granted.

N.D.Ill.,2001.
Glaxo Group Ltd. v. Apotex, Inc.
Not Reported in F.Supp.2d, 2001 WL 1246628 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

• 2003 WL 23832137 (Trial Motion, Memorandum and Affidavit) Glaxosmithkline's Reply To Apotex's Opposition To Release the Security Bond (Jun. 10, 2003)
• 2003 WL 23832140 (Trial Motion, Memorandum and Affidavit) Reply In Support of Apotex's Rule 59(e) Motion To Alter Or Amend the Judgment (Jun. 10, 2003)
• 2003 WL 23417254 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion to Release Security Bond (May 20, 2003)
• 2003 WL 23832132 (Trial Motion, Memorandum and Affidavit) Defendant's Rule 59(e) Motion to Alter or Amend Judgment (May 15, 2003)
• 2003 WL 23417250 (Trial Motion, Memorandum and Affidavit) Apotex's Motion for Increase in Amount of Preliminary-Injunction Bond (Mar. 10, 2003)
• 2003 WL 23417247 (Trial Motion, Memorandum and Affidavit) Glaxosmithkline's Post-Trial Reply Memorandum (Jan. 13, 2003)
• 2003 WL 23832120 (Trial Motion, Memorandum and Affidavit) Glaxosmithkline's Post-Trial Reply Memorandum (Jan. 13, 2003)
• 2003 WL 23832128 (Trial Pleading) Apotex's Answering Post-Trial Brief (Jan. 13, 2003)
• 2002 WL 32450674 (Trial Motion, Memorandum and Affidavit) Apotex's Opening Post-Trial Brief (Dec. 20, 2002)
• 2002 WL 32450681 (Trial Motion, Memorandum and Affidavit) Post-Trial Memorandum of Glaxosmithkline (Dec. 20, 2002)
• 2002 WL 32693506 (Trial Motion, Memorandum and Affidavit) Post-Trial Memorandum of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1246628 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

Glaxosmithkline (Dec. 20, 2002)
• 2002 WL 32450663 (Trial Motion, Memorandum and Affidavit) Motion No. 1 Apotex's Motion in Limine to Exclude the Testimony of Dr. Kenneth R. Morris (Aug. 23, 2002)
• 2002 WL 32450666 (Trial Motion, Memorandum and Affidavit) Motion No. 2 Apotex's Motion in Limine to Exclude Testimony Regarding Alleged Willful Infringement or Special Damages (Aug. 23, 2002)
• 2002 WL 32693491 (Trial Motion, Memorandum and Affidavit) Motion No. 1 Apotex's Motion in Limine to Exclude the Testimony of Dr. Kenneth R. Morris (Aug. 23, 2002)
• 2002 WL 32693498 (Trial Motion, Memorandum and Affidavit) Motion No. 2 Apotex's Motion in Limine to Exclude Testimony Regarding Alleged Willful Infringement or Special Damages (Aug. 23, 2002)
• 2002 WL 32812040 (Trial Motion, Memorandum and Affidavit) Declaration of Dr. Eli Shefter (May. 22, 2002)
• 2002 WL 32812037 (Trial Motion, Memorandum and Affidavit) Declaration of Stuart M. Harding, M.D. (May. 14, 2002)
• 2002 WL 32450654 (Trial Motion, Memorandum and Affidavit) Confidential Under Protective Order (Mar. 14, 2002)
• 2001 WL 34670851 (Trial Motion, Memorandum and Affidavit) Apotex's Reply to Plaintiff's Memorandum In Opposition to Apotex's motion to Compel (Dec. 4, 2001)
• 2001 WL 34483655 (Trial Pleading) First Amended Complaint (Jun. 25, 2001)
• 2001 WL 34670849 (Trial Pleading) First Amended Complaint (Jun. 25, 2001)
• 2000 WL 34304587 (Trial Pleading) Complaint (Sep. 20, 2000)
• 2000 WL 34443823 (Trial Pleading) Complaint (Sep. 20, 2000)
• 1:00CV05791 (Docket) (Sep. 20, 2000)


END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

*383*

PECHINEY RHENALU,           )
                            )
         Plaintiff,         )
                            )
    v.                      )    Civil Action No. 99-301-SLR
                            )
ALCOA INC.,                 )
                            )
         Defendant.         )

O R D E R

At Wilmington this 22nd day of December, 2000, having reviewed plaintiff's motion to strike demand for jury trial and defendant's motion pursuant to Rule 42(b) to try to the court plaintiff's inequitable conduct and tortious interference claims:

IT IS ORDERED that defendant's motion pursuant to Rule 42(b) to try to the court plaintiff's inequitable conduct and tortious interference claims (D.I. 340)[1] is granted.

IT IS FURTHER ORDERED that plaintiff's motion to strike jury demand (D.I. 323) is denied. Although there is no binding precedent on this issue, the court is mindful of the Federal Circuit's reasoning in In re Lockwood, 50 F.3d 966 (Fed. Cir.), vacated, 515 U.S. 1182 (1995), and does not wish to risk retrial

---

[1]Defendant's motion pursuant to Rule 42(b) to try to the court plaintiff's inequitable conduct and tortious interference claims is granted as to the inequitable conduct claim. The court's grant of summary judgment as to plaintiff's tortious interference claim renders the remainder of the motion moot.

based on this issue.

IT IS FURTHER ORDERED that trial shall commence with defendant's presentation on liability, followed by plaintiff's presentation on validity.

_____
United States District Judge

# EXHIBIT 5

DOC # 41

U.S. DISTRICT COURT
FILED
SB DEC 1 1 2002
S. D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

PURDUE PHARMA L.P.,
THE PURDUE FREDERICK COMPANY,
THE P.F. LABORATORIES, INC.,
THE PURDUE PHARMA COMPANY,

      Plaintiffs and Counterclaim Defendants,

-against -

ENDO PHARMACEUTICALS INC.,

      Defendant and Counterclaim Plaintiff,

ENDO PHARMACEUTICALS HOLDINGS INC.,

      Defendant,

      v.

EUROCELTIQUE S.A.,

      Counterclaim Defendant.

------------------------------------------------x

00 Civ. 8029 (SHS) • FILE IN
01 Civ. 2109 (SHS)
01 Civ. 8177 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiffs have moved (1) pursuant to Fed. R. Civ. P 42(b) to bifurcate the trial of defendants' antitrust counterclaims from the patent issues in these consolidated actions and (2) pursuant to Fed. R. Civ. P. 39 to have the patent issues tried to the Court rather than to a jury. For the reasons set forth below, that motion is granted.

RULE 42(b) MOTION TO BIFURCATE

1

Rule 42(b) permits a Court to order a separate trial of claims "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," all the while "preserving inviolate the right of trial by jury." Here, separate trials of the patent and antitrust issues will further the convenience of the parties and be "conducive to expedition and economy" because, if one or more claims of one or more of the three Purdue patents in suit is determined to be enforceable after trial, there will be no need to try the related Endo antitrust counterclaim or counterclaims, since it cannot be an antitrust violation to assert a valid and enforceable patent. See FMC Corp. v. Manitowoc Co., 835 F.2d 1411, 1417 (Fed. Cir. 1987). Thus, there is the potential that bifurcating the issues will lead to expedition and economy. This is especially true where, as here, the counterclaims raise an entire range of antitrust issues - such as the definition and scope of the relevant market as well as the issue of whether Purdue had the necessary market power - that would not be part of a trial on the patent issues alone. It is for that reason that several courts have granted the relief sought here in very similar circumstances. See, e.g., Foster Wheeler Corp. v. Babcock & Wilcox Co., 440 F. Supp. 897, 902 (S.D.N.Y. 1977); Transmirra Prods. Corp. v. Monsanto Chem. Co., 27 F.R.D. 482, 483 (S.D.N.Y. 1961). Indeed, the Federal Circuit has referred to separating patent issues from antitrust counterclaims as "the now-standard practice." In re Innotron Diagnostics, 800 F.2d 1077, 1084-85 (Fed. Cir. 1986).

RULE 39 MOTION

Purdue has also moved pursuant to Fed. R. Civ. P. 39 to have all patent related issues, including Endo's patent related counterclaims and defenses, tried by the Court rather than by jury.

Purdue's claims arise out of an Abbreviated New Drug Application ("ANDA application") by Endo by which Endo seeks to shorten the approval process for a new drug. See 21 U.S.C. § 355(j). In the Hatch-Waxman Act of 1984, Congress created a private cause of action that permits a patent owner - in this case, Purdue - to sue for relief in advance of an act of infringement such as the drug being offered, and it is that claim for relief that Purdue asserts. The statute specifically states that "the court" shall award any appropriate injunctive relief. 35 U.S.C. § 271(e)(4).

Here, Purdue has specifically given up its right to seek monetary damages. See Pl. Memo at 1-2 ("Purdue's remedy for Endo's ANDA-based infringement is purely equitable in nature; it is an injunction against the approval of Endo's products rather than an award of any damages at law."); Id. at 20 ("Purdue seeks only equitable relief. . . . Purdue can only obtain the injunctive relief provided by § 271(e)(4). It has no claim for damages."). In these circumstances, there is no right to a jury in ANDA-based infringement actions. See, e.g., cases reprinted in Flatten Decl., Exs. A-E; In re Apotex, Inc., 49 Fed. Appx. 902, 904 (Fed. Cir. 2002). Accordingly,

IT IS HEREBY ORDERED that (1) the trial of Endo's antitrust counterclaims is bifurcated from the trial of the patent issues and (2) all patent related issues, included Endo's patent related counterclaims and defenses, are to be tried to the Court.

Dated: New York, NY
December 10, 2002

SO ORDERED:

Sidney H. Stein, U.S.D.J.

3

**EXHIBIT 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------x

PURDUE PHARMA L.P.,
THE PURDUE FREDERICK COMPANY,
THE P.F. LABORATORIES, INC.,
THE PURDUE PHARMA COMPANY,

       Plaintiffs and Counterclaim Defendants,

       -against -

ENDO PHARMACEUTICALS INC.,

       Defendant and Counterclaim Plaintiff,

ENDO PHARMACEUTICALS HOLDINGS INC.,

       Defendant,

       v.

EUROCELTIQUE S.A.,

       Counterclaim Defendant.

------------------------------------------------------x

00 Civ. 8029 (SHS) • FILED [W]
01 Civ. 2109 (SHS)
01 Civ. 8177 (SHS)

<u>ORDER</u>

DOC 4346

SIDNEY H. STEIN, U.S. District Judge.

       By Notice of Motion dated December 18, 2002, defendants move this Court to re-join the issue of inequitable conduct in defense of the patent claims with the issue of fraud in the antitrust counterclaims.

       A motion for reconsideration should be granted only when the moving party demonstrates that the Court has overlooked factual matters or controlling decisions that were presented to it on the underlying motion. <u>See</u> Local Rule 6.3; <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995); <u>Makse Jewelry Inc. v. Rock</u>, No. 99 Civ. 11420, 2000 WL 1880335, at *1 (S.D.N.Y. Dec. 29, 2000). This standard is narrowly construed and strictly applied against the moving party so as to "dissuade repetitive arguments on issues that have already been considered fully by the court." <u>Bristol-Meyers Squibb Co. v. Rhone-Poulene Rorer, Inc.</u>, No. 96 Civ. 8833, 2000 WL 235273, at *1 (S.D.N.Y. Mar. 1, 2000). Moreover, the moving party may not "advance new facts, issues or arguments not previously presented to the Court." <u>Wiesner v. 321 West 16th</u>

Street Assocs., No. 00 Civ. 1423, 2000 WL 1585680, at *3 (S.D.N.Y. Oct. 25, 2000).

Defendants fail to demonstrate that this Court has overlooked factual matters or controlling decisions that were presented to it on the underlying motion. By Order dated December 10, 2002, the Court bifurcated Endo's antitrust counterclaims from all patent related issues. The Court did not deny Endo the right to have its Walker Process antitrust counterclaims tried by a jury. Instead, the Court merely bifurcated Endo's antitrust counterclaims from the trial of the patent issues, which are to be tried to the Court.

In addition, defendants failed to cite a single decision, let alone a controlling decision, that provides for jury trials on patent claims in ANDA cases where the plaintiff does not seek damages. Defendants have also failed to raise any overlooked factual matters that have transformed this action "into a typical patent infringement case involving both legal and equitable claims." Minnesota Mining & Mfg. Co. v. Alphapharm Pty. Ltd., No Civ. 99-13, 2002 WL 1352426, at *3 (D. Minn. Mar. 20, 2002).

For each of these reasons, the motion for reconsideration is denied.

Dated: New York, New York
    March 4, 2003

SO ORDERED:

Sidney H. Stein, U.S.D.J.

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2006, I electronically filed the foregoing

compendium of unreported opinions with the Clerk of Court using CM/ECF which will send

notification of such filing, and hand delivered to the following:

> Richard L. Horwitz
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, 6th Floor
> 1313 N. Market Street
> Wilmington, DE 19801


I hereby certify that on May 5, 2006, I sent the foregoing document by Federal Express,

next business day delivery, to the following non-registered participant:

> Robert B. Breisblatt
> WELSH & KATZ, LTD.
> 120 South Riverside Plaza, 22nd Floor
> Chicago, IL 60606

> Matthew W. King  (#4566)
> king@rlf.com
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899