# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

June 9, 2006

**VIA E-FILING**

The Honorable Sue L. Robinson
Chief Judge
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re:  *Medpointe Healthcare Inc. v. Apotex Inc. and Apotex Corp.*, C.A. 06-164-SLR

Dear Chief Judge Robinson:

After the Rule 16 teleconference with the Court on May 23, 2006, the parties went back and filled-in the dates supplied by the Court and agreed to most of the other provisions in the form of scheduling order. However, notwithstanding their best efforts, there is a disagreement between the parties on two issues: 1) the document production deadline and 2) when fact depositions can begin. As reflected in the attached paragraphs 2(b)(1) and 2(b)(5), Apotex seeks to provide different deadlines for production of documents from parties and nonparties, and to allow fact depositions to be scheduled before all document production is complete. MedPointe seeks one deadline for all document production, with fact depositions beginning only after all document production is complete. It is respectfully requested by the parties that Your Honor decide these issues and sign and enter the Scheduling Order. Of course, if the Court would like us to either revise the Order again after Your Honor's decision or participate in a short teleconference to conclude the matter, we would be happy to do so.

Respectfully,

*Frederick L. Cottrell III*  by MWK (4566)

Frederick L. Cottrell, III

FLC,III/afg

RLF1-3023668-1

The Honorable Chief Judge Sue L. Robinson
June 9, 2006
Page 2


cc:    Richard L. Horwitz, Esquire (via e-filing and hand delivery)
       Robert B. Breisblatt, Esquire (via telecopy)
       Maxine Y. Graham, Esquire (via telecopy)
       Matthew W. King, Esquire

RLF1-3023668-1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDPOINTE HEALTHCARE INC., <br>           Plaintiff, <br><br> vs. <br><br> APOTEX INC. and APOTEX CORP., <br><br>           Defendants. | Civil Action No. 06-164-SLR |

## RULE 16 SCHEDULING ORDER

At Wilmington this _____ day of _____, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

   (a) Discovery will be needed on the following subjects: infringement, validity and enforceability.

   (b) All fact discovery shall be commenced in time to be completed by May 7, 2007.

RLF1-3024720-1

(1) Document production shall be completed on or before **[Plaintiff's proposal:** January 16, 2007] **[Defendants' proposal:** December 15, 2006 for third party and October 16, 2006 for documents in the control of a party].

(2) Maximum of 25 interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 50 requests for admission by each party to any other party.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production. **[Defendants' proposal:** Fact depositions can be scheduled at any time prior to the close of fact discovery, however, the restrictions of Rule 30 of the Federal Rules of Civil Procedure shall be enforced unless an exception is agreed to by the parties or ordered by the Court or set out in this order.]

(6) Maximum of 10 fact depositions by plaintiff and 10 by defendants. Each fact deposition, other than those conducted pursuant to the Federal Rules of Civil Procedure and for which a translator may be necessary, limited to a maximum of 7 hours unless extended by agreement of parties. In the event that a translator is necessary for a deposition conducted pursuant to the Federal Rules of Civil Procedure, the parties shall cooperate to set a reasonable time limit for such deposition, which shall not exceed 14 hours.

(c) Expert discovery shall be commenced in time to be completed by August 21, 2007.

  (1) Expert reports on issues for which the parties have the burden of proof due June 5, 2007. Rebuttal expert reports due July 10, 2007.

  (2) Expert depositions to be limited to a maximum of 7 hours per expert unless extended by agreement of the parties.

  (3) All *Daubert* motions shall be filed as part of the parties' pre-trial order.

(d) Willfulness has not been asserted. If willfulness is later asserted, the Court will set a date by which the defendants must inform plaintiff as to whether it intends to rely on advice of counsel. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendants to their counsel and whatever other materials related to the issues in dispute that defendants had in their possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) due March 23, 2007 or within 30 days of the party learning its previous responses are incomplete or incorrect, whichever is earlier.

(f) **Discovery Disputes.**

  (1) The court shall conduct an in-person discovery status conference on November 16, 2006 at 4:30 p.m., the time to be allocated equally among the parties.

  (2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

  (3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)     **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3.      **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before March 13, 2007.

4.      **Claim Construction Issue Identification.**  If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on August 29, 2007, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

5.      **Summary Judgment Motions.**  This action is currently scheduled for a bench trial. If a jury trial is later scheduled, the Court may set a date by which summary judgment motions shall be served and filed.

6.      **Claim Construction.**  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art

4

that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning. The parties shall agree upon and file the Joint Claim Construction Statement on September 25, 2007, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on October 15, 2007. Simultaneous response briefs should be filed by November 9, 2007. Issues of claim construction shall be considered by the court in conjunction with trial.

7. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

8. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9. **Pretrial Conference.** A pretrial conference will be held on January 17, 2008 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington,

Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10.     **Trial.** This matter is scheduled for a one-week bench trial commencing on February 4, 2008 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours, split equally between the plaintiff and defendants, in which to present their respective cases. If, however, a motion is filed by Apotex under the Corrected Stipulated Order (D.I. 25) to reinstate its demand for a trial by jury and such a motion is granted, this Court will conduct a jury trial, the length of which will be determined after such motion is granted, with the time split equally between the plaintiff and defendants.

_____
UNITED STATES DISTRICT JUDGE