## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDPOINTE HEALTHCARE INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> vs. ) <br> ) <br> APOTEX INC. and APOTEX CORP., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. 06-164-SLR |

## NOTICE OF SERVICE OF OBJECTIONS TO APOTEX'S SUBPOENA FOR DOCUMENTS FROM PILLSBURY WINTHROP SHAW PITTMAN LLP

MedPointe Healthcare Inc. ("MedPointe") hereby gives notice that it has served objections in the form attached hereto as Exhibit 1 to the Subpoena for Documents purportedly served by Apotex Inc. and Apotex Corp. on third-party Pillsbury Winthrop Shaw Pittman LLP (*see* Docket no. 40, Ex. A).

Frederick L. Cottrell, III (#2555)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com

*Attorneys for Plaintiff*


*Of Counsel:*

John M. Desmarais
Peter J. Armenio
Anne S. Toker
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800


Dated: January 12, 2007

2

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2007, the foregoing document was served by hand on the following person:

> Richard L. Horowitz, Esq.
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza 6th Floor
> 1313 N. Market Street
> P.O. Box 951
> Wilmington, DE  19899

I hereby certify that on January 12, 2007, the foregoing document was also sent to the following counsel by Electronic Mail:

> A. Sidney Katz, Esq.
> Robert B. Breisblatt, Esq.
> Steven E. Feldman, Esq.
> WELSH & KATZ, LTD.
> 120 S. Riverside Plaza, 22nd Floor
> Chicago, IL  60606
> askatz@welshkatz.com
> rbbreisblatt@welshkatz.com
> sefeldman@welshkatz.com

> _____
> Frederick L. Cottrell, III (#2555)
> RICHARDS, LAYTON & FINGER P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, DE  19899
> (302) 651-7700

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

MEDPOINTE HEALTHCARE INC.,

        Plaintiff,

vs.

APOTEX INC. and APOTEX CORP.,

        Defendants.

Civil Action No. 06-164-SLR

## MEDPOINTE'S OBJECTIONS TO APOTEX'S SUBPOENA FOR DOCUMENTS FROM PILLSBURY WINTHROP SHAW PITTMAN LLP

Pursuant to Federal Rule Of Civil Procedure 45, MedPointe Healthcare Inc. ("MedPointe"), on behalf of itself, hereby makes the following objections to the Subpoena for Documents (the "Subpoena"), issued by the United States District Court for the District of Columbia and purportedly served by Apotex Inc. and Apotex Corp. (collectively, "Apotex" or "Defendant") on third-party Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury Winthrop").

## MEDPOINTE'S GENERAL OBJECTIONS TO APOTEX'S SUBPOENA

MedPointe makes the following General Objections to Apotex's Subpoena, which General Objections are hereby incorporated by reference and made part of MedPointe's objection to each and every document request:

1.     MedPointe objects to Apotex's Subpoena and to each and every document request to the extent that Apotex, by purportedly serving its Subpoena on Pillsbury Winthrop on or about December 29, 2006, failed to comply with the requirement of Fed. R. Civ. P. 45(b)(1) that "[p]rior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)." Apotex did not give MedPointe notice of the Subpoena until January 3, 2007.

2.     MedPointe objects to Apotex's definitions and instructions and to each and every document request to the extent that they call for the production of documents and/or things that are protected from discovery by the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege or immunity. Nothing contained in these objections is intended to be, or in any way constitutes, a waiver of any such applicable privilege or immunity.

3.     MedPointe further objects to Apotex's definitions and instructions and to each and every document request to the extent that they seek to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules and Orders of the District of the District of Columbia and/or the District of Delaware and/or any agreement between the parties.

4.     MedPointe further objects to Apotex's definitions and instructions, including the definitions of "you" and "your," and to each and every document request to the

2

extent that that they seek to impose any obligation to disclose documents and/or things not in the possession, custody or control of Pillsbury Winthrop.

5.      MedPointe objects to Apotex's definition of "Asta" as overly broad, unduly burdensome, vague and ambiguous in their use of the terms "predecessors-in-interest," "successors-in-interest," "affiliates divisions [sic]," "consultants," "investigators," "representatives," "any other person acting on their behalf or on whose behalf they have acted or are acting," "any other person or entity otherwise subject to their control or which controls or controlled them," and "all persons having a former or current ownership interest in the '194 patent."

6.      MedPointe objects to Apotex's definition of "Carter Wallace" as overly broad, unduly burdensome, vague and ambiguous in their use of the terms "related entities," "partners," "affiliates," "representatives," and "persons acting or purporting to act on their behalf," and "all persons having a former or current ownership interest in the '194 patent."

7.      MedPointe objects to Apotex's definition of "date" as unduly burdensome and calling for speculation, to the extent that it purports to seek "the most accurate temporal reference available."

8.      MedPointe objects to Apotex's definition of "document" and its instruction at ¶ 13 as overly broad and unduly burdensome to the extent that it seeks e-discovery contrary to the agreement reached by the parties to the above-captioned action during the Rule 26(f) conference to not seek e-discovery at this time.

9.      MedPointe objects to Apotex's definition of "Inventor" as overly broad, unduly burdensome, vague and ambiguous in their use of the terms "[p]ersons with a past or present ownership interest in the application which matured into the '194 patent and/or the '194

3

patent itself," "predecessors-in-interest," "successors-in-interest," "affiliates divisions [sic],"
"consultants," "investigators," "representatives," "any other person acting on their behalf or on
whose behalf they have acted or are acting," and "any other person or entity otherwise subject to
their control or which controls or controlled them."

      10.    MedPointe objects to Apotex's definition of "you" and "your" as overly
broad, unduly burdensome, vague and ambiguous in their use of the terms "representatives" and
"persons purporting to act on his behalf in connection with the prosecution of U.S. Patent No.
5,164,194, including those persons with knowledge, possession, custody or control of any
documents related to the '194 patent."

      11.    MedPointe further objects to Apotex's definitions and instructions to the
extent that they purport to alter the plain meaning or scope of any document request, on the
ground that such alteration renders the document request vague, ambiguous, unduly broad and
uncertain.

      12.    MedPointe objects to Apotex's instructions at ¶¶ 13, 14 and 18 as overly
broad, unduly burdensome, and seeking to impose requirements or obligations in addition to or
different from those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules and
Orders of the District of the District of Columbia and/or the District of Delaware and/or any
agreement between the parties to the above-captioned action.

      13.    MedPointe objects to each and every document request to the extent that it
calls for the production of documents and things that are already in Apotex's possession, custody,
or control.

4

14.    MedPointe objects to each and every document request to the extent that it calls for the production of documents and things that are publicly available and therefore of no greater burden for Apotex to obtain than for Pillsbury Winthrop to obtain.

15.    MedPointe object to Apotex's definitions and instructions and to each and every document request to the extent that that they purport to require Pillsbury Winthrop to search for and locate "all" documents. Each such definition, instruction and/or request is overly broad, unduly burdensome, and seeks to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules and Orders of the District of the District of Columbia and/or the District of Delaware and/or any agreement between the parties to the above-captioned action

16.    MedPointe objects to Apotex's definitions and instructions and to each and every document request – other than Request No. 5 relating to secondary considerations of non-obviousness – to the extent that that they seek information generated after December 1, 1992, the first day of the first month after issuance of U.S. Patent No. 5,164,194 ("the '194 patent"). Each such definition, instruction or document request is overly broad, unduly burdensome and calls for information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

5

## MEDPOINTE'S SPECIFIC OBJECTIONS TO APOTEX'S SUBPOENA

### DOCUMENT REQUEST NO. 1:

All documents concerning the '194 patent in your possession, custody or control.

### OBJECTIONS TO DOCUMENT REQUEST NO. 1:

MedPointe objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects to this request to the extent that it calls for the production of documents that are protected by the attorney-client privilege, attorney work product doctrine and/or common interest privilege.

### DOCUMENT REQUEST NO. 2:

All documents contained in the file associated with attorney docket number 622748/87-217 PH as identified during the prosecution of the application which matured into the '194 patent.

### OBJECTIONS TO DOCUMENT REQUEST NO. 2:

MedPointe objects to this request to the extent it is duplicative of other requests. MedPointe further objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects to this request to the extent that it calls for the production of documents that are protected by the attorney-client privilege, attorney work product doctrine and/or common interest privilege.

6

**DOCUMENT REQUEST NO. 3:**

        All documents contained in any file relating to the '194 patent, including any files received from the law firm of Cushman, Darby & Cushman or attorney Lawrence A. Hymo.

**OBJECTIONS TO DOCUMENT REQUEST NO. 3:**

        MedPointe objects to this request to the extent it is duplicative of other requests.

MedPointe further objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects

to this request to the extent that it calls for the production of documents that are protected by the

attorney-client privilege, attorney work product doctrine and/or common interest privilege.

7

**DOCUMENT REQUEST NO. 4:**

All documents and communications that refer or relate to the preparation and/or prosecution of the '194 patent and/or any U.S. applications or foreign applications that constitute or are based in whole or in part on, or which claim priority from, or are the basis of priority for, any of the applications in the family of patent application leading to the '194 patent and any related opposition, re-examination, and/or reissue proceedings, including, without limitation:

    (a)    all documents that provided the bases for any of said applications or proceedings;

    (b)    all disclosures of the subject matter of any of said applications or proceedings;

    (c)    all communications between the alleged Inventor and his patent attorney(s) or agent(s) concerning the subject matter described or claimed in any of said applications or proceedings;

    (d)    all documents referring or relating to any information used or supplied by the alleged Inventor in connection with the preparation or prosecution of any of said applications or proceedings including invention disclosures prepared by or for the inventor;

    (e)    all drafts of any of said applications or proceedings;

    (f)    all patents, publications, references or prior art, and all records or documents referring or relating to any prior art or possible prior art, and all records or documents referring or relating to any prior art or any possible ground of unpatentability and/or invalidity, submitted, cited, discussed or considered in connection with any of said applications or proceedings;

    (g)    all documents referring or relating to the citation of, decision not to cite, or failure to cite, any references and/or prior art to the PTO or other patent office or patent authority with respect to any of said applications or proceedings; and

    (h)    all copies (including drafts) of responses to Office Actions, amendments, affidavits, declarations and other communications or submissions of any kind with or to the PTO or other patent office, or patent authority with respect to any of said applications or proceedings.

**OBJECTIONS TO DOCUMENT REQUEST NO. 4:**

MedPointe objects to this request to the extent it is duplicative of other requests.

MedPointe further objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects

8

to this request to the extent that it calls for the production of documents that are protected by the

attorney-client privilege, attorney work product doctrine and/or common interest privilege.

## DOCUMENT REQUEST NO. 5:

All documents and communications concerning secondary factors or objective indicia of non-obviousness with regard to the '194 patent, including, without limitation,

(a) all documents and communications concerning any commercial success of products covered by the '194 patent and any asserted nexus with the claimed invention;

(b) all documents and communication concerning any long-felt need in the art that was satisfied by the invention claimed in the '194 patent;

(c) all documents and communications concerning whether or not others had tried, but failed to solve the problem solved by the invention claimed in the '194 patent;

(d) all documents and communications concerning whether others have copied the invention claimed in the '194 patent;

(e) all document [sic] and communications concerning any alleged superior, surprising or unexpected results achieved by the invention claimed in the '194 patent; and

(f) all documents and communications concerning whether others have accepted licenses under the patent in suit.

## OBJECTIONS TO DOCUMENT REQUEST NO. 5:

MedPointe objects to this request to the extent it is duplicative of other requests.

MedPointe further objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects

to this request to the extent that it calls for the production of documents that are protected by the

attorney-client privilege, attorney work product doctrine and/or common interest privilege.

9

**DOCUMENT REQUEST NO. 6:**

All documents and communications concerning whether or not the claimed invention was invented independently by other persons, regardless of whether or not such invention was before, during, or after the alleged invented [sic] by the inventors named on the '194 patent.

**OBJECTIONS TO DOCUMENT REQUEST NO. 6:**

MedPointe objects to this request to the extent it is duplicative of other requests.

MedPointe further objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects

to this request to the extent that it calls for the production of documents that are protected by the

attorney-client privilege, attorney work product doctrine and/or common interest privilege.

10

**DOCUMENT REQUEST NO. 7:**

All documents and communications concerning any proposal, consideration or decision by Asta and/or Carter Wallace to draft and/or file the foreign patent applications that correspond, in whole or in part, to the subject matter described or claimed as the invention in the '194 patent.

**OBJECTIONS TO DOCUMENT REQUEST NO. 7:**

MedPointe objects to this request to the extent it is duplicative of other requests.

MedPointe further objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects

to this request to the extent that it calls for the production of documents that are protected by the

attorney-client privilege, attorney work product doctrine and/or common interest privilege.

**DOCUMENT REQUEST NO. 8:**

All documents and communications concerning the alleged conception, reduction to practice and development of the alleged invention claimed by the '194 patent, including without limitation:

      (a)    all documents concerning any research, development, testing (both animal and human), and/or refinement of the subject matter of the '194 patent;

      (b)    all documents referring or relating to the conception and/or reduction to practice of the alleged invention of the '194 patent;

      (c)    all documents concerning, created by, or created under the direction of the alleged Inventor of the '194 patent, concerning azelastine.

**OBJECTIONS TO DOCUMENT REQUEST NO. 8:**

MedPointe objects to this request to the extent it is duplicative of other requests.

MedPointe further objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects

11

to this request to the extent that it calls for the production of documents that are protected by the

attorney-client privilege, attorney work product doctrine and/or common interest privilege.

## DOCUMENT REQUEST NO. 9:

All documents and communications concerning any request, offer, acquisition or denial of any right (including any forbearance to assert a right), license, agreement, immunity, release, option, title or interest in, to or under the '194 patent, including all documents concerning why an agreement was not consummated (if not consummated), whether any agreement has been terminated, and any documents relating to the transfer and/or assignment of rights under the '194 patent or any foreign counterparts.

## OBJECTIONS TO DOCUMENT REQUEST NO. 9:

MedPointe objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence. MedPointe further

objects to this request to the extent that it calls for the production of documents that are protected

by the attorney-client privilege, attorney work product doctrine and/or common interest

privilege.

## DOCUMENT REQUEST NO. 10:

All documents and communications concerning the value, strategic or pecuniary, of the '194 patent, any foreign counterparts and commercial embodiments of the alleged invention of the '194 patent or counterparts, including documents concerning developmental prospects for azelastine products, annual marketing reports, actual and estimated sales figures, and the like.

## OBJECTIONS TO DOCUMENT REQUEST NO. 10:

MedPointe objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence. MedPointe further

objects to this request to the extent that it calls for the production of documents that are protected

by the attorney-client privilege, attorney work product doctrine and/or common interest privilege.

## DOCUMENT REQUEST NO. 11:

All documents concerning and/or identified by any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation or opinion concerning any of the subject matter disclosed and/or claimed in the '194 patent.

## OBJECTIONS TO DOCUMENT REQUEST NO. 11:

MedPointe objects to this request as duplicative of other requests. MedPointe further objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects to this request to the extent that it calls for the production of documents that are protected by the attorney-client privilege, attorney work product doctrine and/or common interest privilege.

13

_____

Frederick L. Cottrell, III (#2555)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
(302) 651-7700
cottrell@rlf.com

*Attorneys for Plaintiff*


*Of Counsel:*

John M. Desmarais
Peter J. Armenio
Anne S. Toker
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022
(212) 446-4800


Dated:  January 12, 2007

14

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2007, the foregoing document was served by hand on the following person:

Richard L. Horowitz, Esq.
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

I hereby certify that on January 12, 2007, the foregoing document was also sent to the following counsel by Electronic Mail:

A. Sidney Katz, Esq.
Robert B. Breisblatt, Esq.
Steven E. Feldman, Esq.
WELSH & KATZ, LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
askatz@welshkatz.com
rbbreisblatt@welshkatz.com
sefeldman@welshkatz.com

I further hereby certify that on January 12, 2007, the foregoing document was also sent by first-class mail to:

Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, D.C. 20037-1122

Frederick L. Cottrell, III (#2555)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700