IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MEDPOINTE HEALTHCARE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-164-SLR |
| | ) | |
| APOTEX INC. and APOTEX CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 26th day of January, 2007, having reviewed plaintiff's motion to strike defendants' counterclaim and affirmative defense relating to unenforceability and its affirmative defense relating to patent misuse, as well as the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 16) is denied, for the reasons that follow.

1. The court recognizes that inequitable conduct claims must be pleaded with particularity. _FMS Corp. v. Manitowoc Co., Inc._ 835 F.2d 1411, 1415 (Fed. Cir. 1987). Sufficient facts must be pled at the time the inequitable conduct allegation is made that "specify the time, place, and content of any alleged misrepresentations made to the PTO or otherwise 'give the defendant[] notice of the precise misconduct alleged.'" _Agere Sys. Guardian Corp. v. Proxim, Inc._, 190 F. Supp. 2d 276, 733-34 (D. Del. 2002) (citations omitted).

2. In the case at bar, defendants have alleged in their answer that plaintiff engaged in inequitable conduct by its affirmative misrepresentation regarding the benefits of azelastine administered as a nasal spray. Defendants go on to compare the representations made in U.S. Patent No. 3,164,194 ("the '194 patent") with those made in a medical treatise and product literature. Defendants have identified the misrepresentation and the basis for asserting knowledge on the part of the applicants, leading to an inference of intent. In the court's mind, there is nothing vague about "time, place or content" vis a vis the above allegation.

3. As a second allegation of inequitable conduct, defendants refer to the prosecution history of the '194 patent and the argument contained therein that azelastine more effectively inhibited liberation of histamine than the compound identified in Example 1 of U.S. Patent No. 4,704,387 ("the '387 patent"). Defendants assert that this specified prior art was not the closest prior art for purposes of analyzing nonobviousness, that Example 4 of the '387 patent should have been identified. Again, defendants have identified the misrepresentation and the basis for asserting knowledge on the applicants' part, leading to an inference of intent. There is nothing vague about these allegations.

4. Defendants have asserted the affirmative defense of

patent misuse based upon their allegations (discussed above) that the '194 patent is unenforceable. Because the court finds that the above allegations are well pled, there is no reason to strike the affirmative defense based on those allegations.

_____
United States District Judge