IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDPOINTE HEALTHCARE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-164-SLR |
| ) | |
| APOTEX INC. and APOTEX CORP., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 26th day of January, 2007, having considered the arguments of the parties presented to the court during the discovery conference held January 9, 2007 (D.I. 44), the court makes the following findings.

1. Defendant seeks to depose four witnesses pursuant to Federal Rule of Civil Procedure 34: (1) a named inventor of U.S. Patent No. 5,164,194 ("the '194 patent"), Helmut Hettche; and (2) three non-party witnesses who have filed declarations in conjunction with the prosecution of the '194 patent. These witnesses are German nationals and former employees of ASTA Pharma Atkiengesellschaft ("ASTA"), an early predecessor to plaintiff.

2. On November 30, 1988, Mr. Hettche executed an assignment of his rights in the invention of the '194 patent to ASTA. The assignment obligates Mr. Hettche to "communicate to said ASTA Pharma Atkiengesellschaft or their representatives, any facts known to [him] representing said invention, and testify in any

legal proceedings . . . ."  Further, Mr. Hettche agreed to "make all rightful oaths and do everything necessary or desirable to aid said ASTA Pharma Aktiengesellschaft[,] their successors and assigns, to obtain and enforce proper protection for said invention in the United States, their territories and possessions, and all foreign countries."

    3.  The parties dispute whether the assignment obligates Mr. Hettche to participate in an American-style deposition in the present action.  Plaintiff asserts that it has no control over non-parties, but that these witnesses have agreed to be deposed under the Hague Convention, which is the more appropriate manner in which to proceed with discovery.

    4.  The assignment specifically contemplates that Mr. Hettche would "testify in any legal proceedings" on behalf of ASTA, and only generally obligates Mr. Hettche to "do everything necessary or desirable to aid" ASTA's successors and assigns to enforce patent protection in the United States.  The court has not found any instance in which such general language, albeit arguably broad language, has been found to obligate a non-party to participate in an American-style deposition.

    5.  For example, in <u>In re Nifedipine Capsule Patent Litigation</u>, American-style depositions of four inventors were ordered by the court where the inventors contractually agreed to "testify in any legal proceedings" on behalf of the plaintiff

itself, Bayer AG, who had availed itself of American courts in bringing the patent litigation. No. Civ. A. 88-1374, 1989 WL 111112 (S.D.N.Y. Sept. 20, 1989). In Mineba Co., Ltd. v. Papst, inventors were expressly required to testify in the United States, where the assignment "expressly provided that the inventor would testify with regard to the assigned invention when requested by Papst Motoren, its successors and assigns." 370 F.Supp.2d 302, 303 (D.D.C. 2005). In contrast, the court in Litetronics Int'l, Inc. v. Tech. Consumer Prods., Inc. declined to order American-style depositions of inventors, where

> the assignment [did] not unequivocally provide that the inventors will testify in any legal proceeding. Rather, unlike in In re Nifedipine, this assignment agreement simply provides that the inventors will help [plaintiff] Coollite enforce its patent rights . . . For this reason, the court denies TCP's motion for production of the inventor witnesses because there is no showing that either of the witnesses are under the actual control of Coollite, either because of an employment status or because of a contractual status.

No. Civ. A. 03-5733, 2006 WL 2850513, *2 (N.D. Ill. Sept. 28, 2006).

    6.  In the case at bar, the court finds that the language of the assignment explicitly requires Mr. Hettche to "testify in any legal proceedings" on behalf of ASTA, and only ASTA. Mr. Hettche has nevertheless agreed to "do everything necessary or desirable to aid" ASTA's successors and assigns in "obtain[ing] and enforc[ing] proper protection for said invention in the United States." This language reasonably evidences an understanding

3

that Mr. Hettche could be required to give some testimony in connection with the '194 patent, albeit over 25 years from the date of execution of the agreement. The court declines to find, however, that this language inherently includes a specific assent to be subjected to an American-style deposition, governed by American discovery laws, over and above customary (and more restrictive) German discovery practices which would have been most familiar to Mr. Hettche at the time of signing.

7. The witnesses in this case are German nationals and subject to the Hague Evidence Convention. Plaintiff has indicated that the witnesses have agreed to depositions under the rules of the Hague Convention, and the court is persuaded that this is the most appropriate manner in which to proceed under the circumstances at bar.

                                                                 _____
                                                          United States District Judge