## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MEDPOINTE HEALTHCARE INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-164 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| APOTEX INC. and APOTEX CORP., | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF SERVICE OF SUBPOENAS DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 45 of the Federal Rules

of Civil Procedure defendants Apotex Inc. and Apotex Corp. ("Apotex") issued

subpoenas duces tecum with accompanying schedules of document requests (attached

hereto as Exhibits A-B), which have been or will be served, on the third parties listed

below.

| **Name** | **Date/Location of Document Production** |
|---|---|
| Stern Kessler Goldstein & Fox, P.L.L.C. c/o Registered Agent Denise Smith-Graye 1100 New York Avenue, NW Washington, DC 20005 | February 19, 2007 at 9:00 a.m. Venable LLP, c/o Campbell Killefer 575 7th Street NW Washington, DC 20004 |
| Carella, Byrne, Bain, Gilgillan, Cecchi, Stewart & Olstein LLP c/o Registered Agent 5 Becker Farm Rd. Rosland, NJ 07068 | February 19, 2007 at 9:00 a.m. 5 Becker Farm Rd. Rosland, NJ 07068 |

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Sidney Katz
Robert B. Breisblatt
Steven E. Feldman
Michael A. Krol
Brian J. Sodikoff
WELSH & KATZ, LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Tel:    (312) 655-1500
Fax:   (312) 655-0008

Dated:  February 2, 2007
776078 / 30136

By: /s/ Kenneth L. Dorsney
    Richard L. Horwitz (No. 2246)
    Kenneth L. Dorsney (No. 3726)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19801
    (302) 984-6000
    *rhorwitz@potteranderson.com*
    *kdorsney@potteranderson.com*

*Counsel for Defendants Apotex Inc. and Apotex Corp.*

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF  COLUMBIA

MEDPOINT HEALTHCARE INC.
Plaintiff

**SUBPOENA IN A CIVIL CASE**

V.

APOTEX INC. and APOTEX CORP.
Defendant

Case Number:[1] 06-164-SLR
District of Delaware

TO:    Sterne Kessler Goldstein & Fox, P.L.L.C.
c/o Registered Agent Denise Smith-Graye
1100 New York Avenue, NW
Washington, DC 20005

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Specified in the attached Schedule A, a true and correct copy of which is attached hereto and incorporated by this reference.

| PLACE<br>Venable LLP c/o Campbell Killefer<br>575 7th Street NW, Washington D.C. 20004 | DATE AND TIME<br>2/19/2007  9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>_Craig Kuchii_          Attorney for the Defendant | DATE<br><br>2/2/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Craig M. Kuchii
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                          DATE                              SIGNATURE OF SERVER

                                            _____
                                                     ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## Schedule A

**Definitions and Instructions**

1.     **'194 Patent.** The term "'194 Patent" means U.S. Patent No. 5,164,194.

2.     **Asta.** As used herein, the term "Asta" refers to Asta Pharma AG, Asta Medica AG, Viatris, Degussa and (i) all their predecessors-in-interest and successors-in-interest; (ii) all past or present corporate parents, subsidiaries, affiliates divisions, officers, directors, employees, agents, consultants, investigators, attorneys, and representatives; (iii) any other person acting on their behalf or on whose behalf they have acted or are acting; or (iv) any other person or entity otherwise subject to their control or which controls or controlled them. Where applicable, this definition shall include all persons having a former or current ownership interest in the '194 Patent.

3.     **Azelastine.** The term "azelastine" is defined to be synonymous with its description in U.S. Patent No. 5,164,194. Where appropriate this definition includes physiologically acceptable salts of Azelastine.

4.     **Carter Wallace.** The term "Carter Wallace" refers to Carter Wallace, Inc., Carter Wallace Laboratories, Wallace Laboratories, and any related entities, partners, corporate parents, subsidiaries, affiliates, as well as any of their present or former officers, directors, employees, agents, representatives, attorneys and persons acting or purporting to act on their behalf. Where applicable, this definition shall include all persons having a former or current ownership interest in the '194 Patent.

5.     **Communication.** The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6.     **Concern(s), Concerning, Concerned with, Relate(s) or Relating to.** The terms "concern(s)', "concerning", "concerned with", "relate(s)", or "relating to" are used interchangeably and mean concerning, evidencing, pertaining to, referring to, mentioning, memorializing, commenting on, containing, identifying, connected with, contemplating, discussing, stating, describing, reflecting, dealing with, consisting of, constituting, comprising, recording, or being relevant to all or any portion of the specified fact, conditions, events, or incidents.

7.     **Date.** The term "date" means the exact day, month and year, if known or ascertainable; if the exact day, month and year are not known or ascertainable, the most accurate temporal reference available.

8.     **Document.** The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. "Document" also includes and refers to the file or any container holding of which once held any documents, as well as to any writing or printing which might appear on such file or container.

9.     **Inventor.** As used herein, the term "inventor" means the named inventor of the '194 patent, Helmut Hettche, and/or Persons with a past or present ownership interest in the application which matured into the '194 patent and/or the '194 patent itself, including, without limitation, Asta Pharma AG, Asta Medica AG, Viatris, Degussa and (i) all their predecessors-in-interest and successors-in-interest; (ii) all past or present corporate parents, subsidiaries, affiliates divisions, officers, directors, employees, agents, consultants, investigators, attorneys, and representatives; (iii) any other person acting on their behalf or on whose behalf they have acted

2

or are acting; or (iv) any other person or entity otherwise subject to their control or which controls or controlled them.

10.     **Person.**  The term "person" is defined as any natural person or any business, legal or governmental entity or association, and any functional division thereof.

11.     **You.**  The terms "you" or "your" refer to Stern Kessler Goldstein & Fox, P.L.L.C. and any past or present employees, agents, representatives, or attorneys with knowledge, possession, custody or control of any documents related to the '194 Patent.

12.     The following **rules of construction** apply to these document requests, definitions, and instructions:

> (a)  **All/Each/Any.**  The terms "all," "each," and "any" shall be construed as inclusive and synonymous and are as inclusive in scope as permitted by the Federal Rule of Civil Procedure.
>
> (b)  **And/Or.**  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.
>
> (c)  **Number.**  The use of the singular form of any word includes the plural and vice versa.
>
> (d)  **Independence.**  Except as otherwise expressly directed herein, each paragraph and subparagraph of a document request shall be construed independently and not by reference to any other paragraph or subparagraph herein for the purpose of limiting the scope of the document request being responded to.

13.     Each request to produce documents shall be construed to request documents within your possession, custody, or control.  Separately for each Request, if any document responsive to that Request once was in your possession, custody, or control but has been lost, discarded, destroyed, or is otherwise presently not within your possession, custody, or control:

> (a)  identify the unavailable document;
>
> (b)  identify any and all persons who lost, discarded, or destroyed the document or caused the document to become otherwise unavailable;

3

    (c) identify any and all persons likely to have knowledge concerning the circumstances by which the document was lost, discarded, destroyed, or otherwise became unavailable;

    (d) identify any and all persons likely to have knowledge concerning the contents of the document that was lost, discarded, destroyed, or otherwise became unavailable.

14.    When producing documents, you should organize and label them to correspond with the numbered categories in this request and where applicable, the order and organization of documents within each category should reflect the manner in which such documents are maintained in the usual course of business.

15.    Please produce all documents maintained or stored electronically in native, electronic format with all relevant metadata intact and in appropriate and useable manner. Encrypted or password protected documents should be produced in a form permitting them to be reviewed.

16.    If you find the meaning of any terms in these requests unclear, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

17.    If you object to any request or part of any request, the reason(s) for the objection shall be stated in full. If an objection is made to any request, production should be made of all documents or things to which the objection does not relate.

18.    If you withhold any information, document or thing otherwise discoverable under the Federal Rules of Civil Procedure on the basis of privilege and/or the work product doctrine, the following information is requested:

    (a) the privilege and/or work-product rule of law being relied upon;

    (b) the date the document was created;

(c) the identity of the person or persons who created the information, document or thing;

(d) the identity of the present custodian of the information, document or thing;

(e) the identify any and all persons to whom the information, document or thing was or has been sent, distributed, forwarded, copied, told, or communicated in any manner, stating the job title and/or position of that person;

(f) the subject matter of the information, document or thing; and

(g) the location of the information, document or thing.

### DOCUMENT REQUESTS

1. All documents concerning the '194 patent in your possession, custody or control.

2. All documents contained in the file associated with attorney docket number 622748/87-217 PH as identified during the prosecution of the application which matured into the '194 patent.

3. All documents contained in any file relating to the '194 patent, including any files received from the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, LLP.

4. All documents and communications that refer or relate to the preparation and/or prosecution of the '194 patent and/or any U.S. applications or foreign applications that constitute or are based in whole or in part on, or which claim priority from, or are the basis of priority for, any of the applications in the family of patent application leading to the '194 patent and any related opposition, re-examination, and/or reissue proceedings, including, without limitation:

(a) all documents that provided the bases for any of said applications or proceedings;

(b) all disclosures of the subject matter of any of said applications or proceedings;

(c) all communications between the alleged inventor and his patent attorney(s) or agent(s) concerning the subject matter described or claimed in any of said applications or proceedings;

(d) all documents referring or relating to any information used or supplied by the alleged Inventor in connection with the preparation or prosecution of any of said

applications or proceedings including invention disclosures prepared by or for the inventor;

(e)    all drafts of any of said applications or proceedings;

(f)    all patents, publications, references or prior art, and all records or documents referring or relating to any prior art or possible prior art, and all records or documents referring or relating to any prior art or any possible ground of unpatentability and/or invalidity, submitted, cited, discussed or considered in connection with any of said applications or proceedings;

(g)    all documents referring or relating to the citation of, decision not to cite, or failure to cite, any references and/or prior art to the PTO or other patent office or patent authority in connection with said applications or proceedings; and

(h)    all copies (including drafts) of responses to Office Actions, amendments, affidavits, declarations and other communications or submissions of any kind with or to the PTO or other patent office, or patent authority with respect to any of said applications or proceedings.

5.    All documents and communications concerning secondary factors or objective indicia of non-obviousness with regard to the '194 patent, including, without limitation,

(a)    all documents and communications concerning any commercial success of products covered by the '194 patent and any asserted nexus with the claimed invention;

(b)    all documents and communications concerning any long-felt need in the art that was satisfied by the invention claimed in the '194 patent;

(c)    all documents and communications concerning whether or not others had tried, but failed to solve the problem solved by the invention claimed in the '194 patent;

(d)    all documents and communications concerning whether others have copied the invention claimed in the '194 patent;

(e)    all document and communications concerning any alleged superior, surprising or unexpected results achieved by the invention claimed in the '194 patent; and

(f)    all documents and communications concerning whether others have accepted licenses under the patent in suit.

6

6.    All documents and communications concerning whether or not the claimed invention was invented independently by other persons, regardless of whether or not such invention was before, during, or after the alleged invented by the inventors named on the '194 patent.

7.    All documents and communications concerning any proposal, consideration or decision by Asta and/or Carter Wallace to draft and/or file the foreign patent applications that correspond, in whole or in part, to the subject matter described or claimed as the invention in the '194 patent.

8.    All documents and communications concerning the alleged conception, reduction to practice and development of the alleged invention claimed by the '194 patent, including without limitation:

(a)    all documents concerning any research, development, testing (both animal and human), and/or refinement of the subject matter of the '194 patent;

(b)    all documents referring or relating to the conception and/or reduction to practice of the alleged invention of the '194 patent; and

(c)    all documents concerning, created by, or created under the direction of the alleged Inventor of the '194 patent, concerning azelastine.

9.    All documents and communications concerning any request, offer, acquisition or denial of any right (including any forbearance to assert a right), license, agreement, immunity, release, option, title or interest in, to or under the '194 patent, including all documents concerning why an agreement was not consummated (if not consummated), whether any agreement has been terminated, and any documents relating to the transfer and/or assignment of rights under the '194 patent or any foreign counterparts.

10.    All documents and communications or opinions concerning the value, strategic or pecuniary, of the '194 patent, any foreign counterparts and commercial embodiments of the alleged invention of the '194 patent or counterparts, including documents concerning the

developmental prospects for azelastine products, annual marketing reports, actual and estimated sales figures, and the like.

11.    All documents concerning and/or identified by any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation or opinion concerning any of the subject matter disclosed and/or claimed in the '194 patent.

12.    All documents concerning or relating to the receipt and/or transfer of any files relating to the '194 patent.

WELSH & KATZ, LTD.

Dated: February 2, 2007          By:    _____

A. Sidney Katz
Robert B. Breisblatt
Steven E. Feldman
Michael A. Krol
Brian J. Sodikoff
Craig M. Kuchii
Stephen P. Benson
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL  60606
Tel:    (312) 655-1500
Fax:    (312) 655-1501
askatz@welshkatz.com
rbbreisblatt@welshkatz.com
sefeldman@welshkatz.com
makrol@welshkatz.com
bjsodikoff@welshkatz.com
ckuchii@welshkatz.com
sbenson@welshkatz.com

*Counsel for Defendants/Counter-Plaintiffs,
Apotex Inc. and Apotex Corp.*

8

# EXHIBIT B

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

MEDPOINT HEALTHCARE INC.
Plaintiff

**SUBPOENA IN A CIVIL CASE**

V.

APOTEX INC. and APOTEX CORP.
Defendant

Case Number:[1] 06-164-SLR
District of Delaware

TO:   Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein LLP
c/o Registered Agent
5 Becker Farm Rd.
Rosland, NJ 07068

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Specified in the attached Schedule A, a true and correct copy of which is attached hereto and incorporated by this reference.

| PLACE 5 Becker Farm Rd. Roseland, NJ 07068 | DATE AND TIME 2/19/2007 9:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for the Defendant | DATE 2/2/2007 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Craig M. Kuchii
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## Schedule A

**Definitions and Instructions**

1.    **'194 Patent.** The term "'194 Patent" means U.S. Patent No. 5,164,194.

2.    **Asta.** As used herein, the term "Asta" refers to Asta Pharma AG, Asta Medica AG, Viatris, Degussa and (i) all their predecessors-in-interest and successors-in-interest; (ii) all past or present corporate parents, subsidiaries, affiliates divisions, officers, directors, employees, agents, consultants, investigators, attorneys, and representatives; (iii) any other person acting on their behalf or on whose behalf they have acted or are acting; or (iv) any other person or entity otherwise subject to their control or which controls or controlled them. Where applicable, this definition shall include all persons having a former or current ownership interest in the '194 Patent.

3.    **Azelastine.** The term "azelastine" is defined to be synonymous with its description in U.S. Patent No. 5,164,194. Where appropriate this definition includes physiologically acceptable salts of Azelastine.

4.    **Carter Wallace.** The term "Carter Wallace" refers to Carter Wallace, Inc., Carter Wallace Laboratories, Wallace Laboratories, and any related entities, partners, corporate parents, subsidiaries, affiliates, as well as any of their present or former officers, directors, employees, agents, representatives, attorneys and persons acting or purporting to act on their behalf. Where applicable, this definition shall include all persons having a former or current ownership interest in the '194 Patent.

5.    **Communication.** The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6.    **Concern(s), Concerning, Concerned with, Relate(s) or Relating to.** The terms "concern(s)', "concerning", "concerned with", "relate(s)", or "relating to" are used interchangeably and mean concerning, evidencing, pertaining to, referring to, mentioning, memorializing, commenting on, containing, identifying, connected with, contemplating, discussing, stating, describing, reflecting, dealing with, consisting of, constituting, comprising, recording, or being relevant to all or any portion of the specified fact, conditions, events, or incidents.

7.    **Date.** The term "date" means the exact day, month and year, if known or ascertainable; if the exact day, month and year are not known or ascertainable, the most accurate temporal reference available.

8.    **Document.** The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. "Document" also includes and refers to the file or any container holding of which once held any documents, as well as to any writing or printing which might appear on such file or container.

9.    **Inventor.** As used herein, the term "inventor" means the named inventor of the '194 patent, Helmut Hettche, and/or Persons with a past or present ownership interest in the application which matured into the '194 patent and/or the '194 patent itself, including, without limitation, Asta Pharma AG, Asta Medica AG, Viatris, Degussa and (i) all their predecessors-in-interest and successors-in-interest; (ii) all past or present corporate parents, subsidiaries, affiliates divisions, officers, directors, employees, agents, consultants, investigators, attorneys, and representatives; (iii) any other person acting on their behalf or on whose behalf they have acted

or are acting; or (iv) any other person or entity otherwise subject to their control or which controls or controlled them.

10.     **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association, and any functional division thereof.

11.     **You.** The terms "you" or "your" refer to Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, LLP and any past or present employees, agents, representatives, or attorneys with knowledge, possession, custody or control of any documents related to the '194 Patent.

12.     The following **rules of construction** apply to these document requests, definitions, and instructions:

> (a) **All/Each/Any.** The terms "all," "each," and "any" shall be construed as inclusive and synonymous and are as inclusive in scope as permitted by the Federal Rule of Civil Procedure.

> (b) **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

> (c) **Number.** The use of the singular form of any word includes the plural and vice versa.

> (d) **Independence.** Except as otherwise expressly directed herein, each paragraph and subparagraph of a document request shall be construed independently and not by reference to any other paragraph or subparagraph herein for the purpose of limiting the scope of the document request being responded to.

13.     Each request to produce documents shall be construed to request documents within your possession, custody, or control. Separately for each Request, if any document responsive to that Request once was in your possession, custody, or control but has been lost, discarded, destroyed, or is otherwise presently not within your possession, custody, or control:

> (a) identify the unavailable document;

> (b) identify any and all persons who lost, discarded, or destroyed the document or caused the document to become otherwise unavailable;

3

    (c) identify any and all persons likely to have knowledge concerning the circumstances by which the document was lost, discarded, destroyed, or otherwise became unavailable;

    (d) identify any and all persons likely to have knowledge concerning the contents of the document that was lost, discarded, destroyed, or otherwise became unavailable.

14.    When producing documents, you should organize and label them to correspond with the numbered categories in this request and where applicable, the order and organization of documents within each category should reflect the manner in which such documents are maintained in the usual course of business.

15.    Please produce all documents maintained or stored electronically in native, electronic format with all relevant metadata intact and in appropriate and useable manner. Encrypted or password protected documents should be produced in a form permitting them to be reviewed.

16.    If you find the meaning of any terms in these requests unclear, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

17.    If you object to any request or part of any request, the reason(s) for the objection shall be stated in full. If an objection is made to any request, production should be made of all documents or things to which the objection does not relate.

18.    If you withhold any information, document or thing otherwise discoverable under the Federal Rules of Civil Procedure on the basis of privilege and/or the work product doctrine, the following information is requested:

    (a) the privilege and/or work-product rule of law being relied upon;

    (b) the date the document was created;

(c) the identity of the person or persons who created the information, document or thing;

(d) the identity of the present custodian of the information, document or thing;

(e) the identify any and all persons to whom the information, document or thing was or has been sent, distributed, forwarded, copied, told, or communicated in any manner, stating the job title and/or position of that person;

(f) the subject matter of the information, document or thing; and

(g) the location of the information, document or thing.

## DOCUMENT REQUESTS

1.    All documents concerning the '194 patent in your possession, custody or control.

2.    All documents contained in the file associated with attorney docket number 622748/87-217 PH as identified during the prosecution of the application which matured into the '194 patent.

3.    All documents contained in any file relating to the '194 patent, including any files received from the law firm of Pillsbury, Winthrop, Shaw, Pittman LLP.

4.    All documents and communications that refer or relate to the preparation and/or prosecution of the '194 patent and/or any U.S. applications or foreign applications that constitute or are based in whole or in part on, or which claim priority from, or are the basis of priority for, any of the applications in the family of patent application leading to the '194 patent and any related opposition, re-examination, and/or reissue proceedings, including, without limitation:

(a)    all documents that provided the bases for any of said applications or proceedings;

(b)    all disclosures of the subject matter of any of said applications or proceedings;

(c)    all communications between the alleged inventor and his patent attorney(s) or agent(s) concerning the subject matter described or claimed in any of said applications or proceedings;

(d)    all documents referring or relating to any information used or supplied by the alleged Inventor in connection with the preparation or prosecution of any of said

5

applications or proceedings including invention disclosures prepared by or for the inventor;

(e)     all drafts of any of said applications or proceedings;

(f)     all patents, publications, references or prior art, and all records or documents referring or relating to any prior art or possible prior art, and all records or documents referring or relating to any prior art or any possible ground of unpatentability and/or invalidity, submitted, cited, discussed or considered in connection with any of said applications or proceedings;

(g)     all documents referring or relating to the citation of, decision not to cite, or failure to cite, any references and/or prior art to the PTO or other patent office or patent authority in connection with said applications or proceedings; and

(h)     all copies (including drafts) of responses to Office Actions, amendments, affidavits, declarations and other communications or submissions of any kind with or to the PTO or other patent office, or patent authority with respect to any of said applications or proceedings.

5.     All documents and communications concerning secondary factors or objective indicia of non-obviousness with regard to the '194 patent, including, without limitation,

(a)     all documents and communications concerning any commercial success of products covered by the '194 patent and any asserted nexus with the claimed invention;

(b)     all documents and communications concerning any long-felt need in the art that was satisfied by the invention claimed in the '194 patent;

(c)     all documents and communications concerning whether or not others had tried, but failed to solve the problem solved by the invention claimed in the '194 patent;

(d)     all documents and communications concerning whether others have copied the invention claimed in the '194 patent;

(e)     all document and communications concerning any alleged superior, surprising or unexpected results achieved by the invention claimed in the '194 patent; and

(f)     all documents and communications concerning whether others have accepted licenses under the patent in suit.

6.     All documents and communications concerning whether or not the claimed invention was invented independently by other persons, regardless of whether or not such invention was before, during, or after the alleged invented by the inventors named on the '194 patent.

7.     All documents and communications concerning any proposal, consideration or decision by Asta and/or Carter Wallace to draft and/or file the foreign patent applications that correspond, in whole or in part, to the subject matter described or claimed as the invention in the '194 patent.

8.     All documents and communications concerning the alleged conception, reduction to practice and development of the alleged invention claimed by the '194 patent, including without limitation:

    (a)     all documents concerning any research, development, testing (both animal and human), and/or refinement of the subject matter of the '194 patent;

    (b)     all documents referring or relating to the conception and/or reduction to practice of the alleged invention of the '194 patent; and

    (c)     all documents concerning, created by, or created under the direction of the alleged Inventor of the '194 patent, concerning azelastine.

9.     All documents and communications concerning any request, offer, acquisition or denial of any right (including any forbearance to assert a right), license, agreement, immunity, release, option, title or interest in, to or under the '194 patent, including all documents concerning why an agreement was not consummated (if not consummated), whether any agreement has been terminated, and any documents relating to the transfer and/or assignment of rights under the '194 patent or any foreign counterparts.

10.     All documents and communications or opinions concerning the value, strategic or pecuniary, of the '194 patent, any foreign counterparts and commercial embodiments of the alleged invention of the '194 patent or counterparts, including documents concerning the

developmental prospects for azelastine products, annual marketing reports, actual and estimated sales figures, and the like.

11.     All documents concerning and/or identified by any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation or opinion concerning any of the subject matter disclosed and/or claimed in the '194 patent.

12.     All documents concerning or relating to the receipt and/or transfer of any files relating to the '194 patent.

WELSH & KATZ, LTD.

Dated: February 2, 2007          By:   _____

A. Sidney Katz
Robert B. Breisblatt
Steven E. Feldman
Michael A. Krol
Brian J. Sodikoff
Craig M. Kuchii
Stephen P. Benson
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Tel:     (312) 655-1500
Fax:     (312) 655-1501
askatz@welshkatz.com
rbbreisblatt@welshkatz.com
sefeldman@welshkatz.com
makrol@welshkatz.com
bjsodikoff@welshkatz.com
ckuchii@welshkatz.com
sbenson@welshkatz.com

*Counsel for Defendants/Counter-Plaintiffs,
Apotex Inc. and Apotex Corp.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Kenneth L. Dorsney, hereby certify that on February 2, 2007, the attached

document was hand delivered on the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

Frederick L. Cottrell, III
Jameson A. L. Tweedie
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

I hereby certify that on February 2, 2007, I have Electronically Mailed the

foregoing document(s) to the following non-registered participants:

John M. Desmarais
Peter J. Armenio
Anne S. Toker
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
jdesmarais@kirkland.com
parmenio@kirkland.com
atoker@kirkland.com

/s/ Kenneth L. Dornsey
Richard L. Horwitz
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

700765