IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDPOINTE HEALTHCARE INC., | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | )    Civil Action No. 06-164-SLR |
| | ) |
| APOTEX INC. and APOTEX CORP., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF SERVICE

**PLEASE TAKE NOTICE**  that on the 16th day of February, 2007, true and correct

copies of Medpointe's Objections to Apotex's Subpoena for Documents from Sterne, Kessler,

Goldstein & Fox P.L.L.C. (attached as Ex. 1) were served, in the manner indicated, on counsel as

follows:

**VIA HAND DELIVERY**
Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  1980

**VIA ELECTRONIC MAIL**
A. Sidney Katz
Robert B. Breisblatt
Steven E. Feldman
Stephen P. Benson
Welsh & Katz, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, IL  60606

*Of Counsel:*

John M. Desmarais
Peter J. Armenio
Anne S. Toker
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022
(212) 446-4800

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Jameson A.L. Tweedie (#4927)
 tweedie@rlf.com
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

Attorneys for Plaintiff
*MedPointe Healthcare Inc.*

Dated:  February 16, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will send notification of such filing, and hand delivered to the following:

> Richard L. Horwitz
> Potter Anderson & Corroon LLP
> Hercules Plaza, 6th Floor
> 1313 N. Market Street
> Wilmington, DE 19801

I hereby certify that on February 16, 2007, I sent the foregoing document by electronic mail, to the following non-registered participant:

> Robert B. Breisblatt
> Stephen P. Benson
> Welsh & Katz, Ltd.
> 120 South Riverside Plaza, 22nd Floor
> Chicago, IL 60606

Jameson A. L. Tweedie (#4927)
tweedie@rlf.com

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MEDPOINTE HEALTHCARE INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 06-164-SLR |
| | ) | |
| APOTEX INC. and APOTEX CORP., | ) | |
| Defendants. | ) | |
| | ) | |

## MEDPOINTE'S OBJECTIONS TO APOTEX'S SUBPOENA FOR
## DOCUMENTS FROM STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Pursuant to Federal Rule Of Civil Procedure 45, MedPointe Healthcare Inc. ("MedPointe"), on behalf of itself, hereby makes the following objections to the Subpoena for Documents (the "Subpoena"), issued by the United States District Court for the District of Columbia and served by Apotex Inc. and Apotex Corp. (collectively, "Apotex" or "Defendant") on third-party Sterne, Kessler, Goldstein & Fox P.L.L.C. ("Sterne Kessler").

## MEDPOINTE'S GENERAL OBJECTIONS TO APOTEX'S SUBPOENA

MedPointe makes the following General Objections to Apotex's Subpoena, which General Objections are hereby incorporated by reference and made part of MedPointe's objections to each and every document request:

1.      MedPointe objects to Apotex's definitions and instructions and to each and every document request to the extent that they call for the production of documents and/or things that are protected from discovery by the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege or immunity. Nothing contained in these objections is intended to be, or in any way constitutes, a waiver of any such applicable privilege or immunity.

2.      MedPointe further objects to Apotex's definitions and instructions and to each and every document request to the extent that they seek to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules and Orders of the District of the District of Columbia and/or the District of Delaware and/or any agreement between the parties.

3.      MedPointe further objects to Apotex's definitions and instructions, including the definitions of "you" and "your," and to each and every document request to the extent that that they seek to impose any obligation to disclose documents and/or things not in the possession, custody or control of Sterne Kessler.

4.      MedPointe objects to Apotex's definition of "Asta" as overly broad, unduly burdensome, vague and ambiguous in its use of the terms "predecessors-in-interest," "successors-in-interest," "affiliates divisions [sic]," "consultants," "investigators," "representatives," "any other person acting on their behalf or on whose behalf they have acted or

are acting," "any other person or entity otherwise subject to their control or which controls or controlled them," and "all persons having a former or current ownership interest in the '194 patent."

      5.    MedPointe objects to Apotex's definition of "Carter Wallace" as overly broad, unduly burdensome, vague and ambiguous in its use of the terms "related entities," "partners," "affiliates," "representatives," and "persons acting or purporting to act on their behalf," and "all persons having a former or current ownership interest in the '194 patent."

      6.    MedPointe objects to Apotex's definition of "date" as unduly burdensome and calling for speculation, to the extent that it purports to seek "the most accurate temporal reference available."

      7.    MedPointe objects to Apotex's definition of "document" and its instruction at ¶ 15 as overly broad and unduly burdensome to the extent that they seek e-discovery contrary to the agreement reached by the parties to the above-captioned action during the Rule 26(f) conference not to seek e-discovery at this time.

      8.    MedPointe objects to Apotex's definition of "Inventor" as overly broad, unduly burdensome, vague and ambiguous in its use of the terms "[p]ersons with a past or present ownership interest in the application which matured into the '194 patent and/or the '194 patent itself," "predecessors-in-interest," "successors-in-interest," "affiliates divisions [sic]," "consultants," "investigators," "representatives," "any other person acting on their behalf or on whose behalf they have acted or are acting," and "any other person or entity otherwise subject to their control or which controls or controlled them."

      9.    MedPointe objects to Apotex's definition of "you" and "your" as overly broad, unduly burdensome, vague and ambiguous in its use of the terms "past or present

employees, agents, representatives, or attorneys with knowledge, possession, custody or control of any documents related to the '194 patent."

10.    MedPointe further objects to Apotex's definitions and instructions to the extent that they purport to alter the plain meaning or scope of any document request, on the ground that such alteration renders the document request vague, ambiguous, unduly broad and uncertain.

11.    MedPointe objects to Apotex's instructions at ¶¶ 13, 14 and 18 as overly broad, unduly burdensome, and seeking to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules and Orders of the District of the District of Columbia and/or the District of Delaware and/or any agreement between the parties to the above-captioned action.

12.    MedPointe objects to each and every document request to the extent that it calls for the production of documents and things that are already in Apotex's possession, custody, or control.

13.    MedPointe objects to each and every document request to the extent that it calls for the production of documents and things that are publicly available and therefore of no greater burden for Apotex to obtain than for Sterne Kessler to obtain.

14.    MedPointe objects to Apotex's definitions and instructions and to each and every document request to the extent that that they purport to require Sterne Kessler to search for and locate "all" documents. Each such definition, instruction and/or request is overly broad, unduly burdensome, and seeks to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules and Orders of

the District of the District of Columbia and/or the District of Delaware and/or any agreement between the parties to the above-captioned action

15.    MedPointe objects to Apotex's definitions and instructions and to each and every document request, to the extent that that they seek information – other than information relating to the patent term extension of the '194 patent, assignment or ownership of the '194 patent, secondary considerations of nonobviousness, or any other category of documents agreed to by counsel for the parties – generated after December 1, 1992, the first day of the first month after issuance of U.S. Patent No. 5,164,194 ("the '194 patent"). Each such definition, instruction or document request is overly broad, unduly burdensome and calls for information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

16.    MedPointe further objects to Apotex's definitions and instructions and to each and every document request – other than Request No. 5 relating to secondary considerations of nonobviousness – to the extent that they seek documents and things generated after January 27, 2006, the date that MedPointe received Apotex's Paragraph IV Certification. Each such definition, instruction, or request seeks to invade the attorney-client privilege and/or work product doctrine, as all documents and things prepared or generated after January 27, 2006 were, by definition, generated in anticipation of the present litigation.

17.    MedPointe objects to Apotex's requested document production date of February 19, 2007 on the grounds that it is a Federal holiday. Medpointe further objects to this document production date on the grounds that it does not afford Sterne Kessler sufficient time to conduct a reasonable search for, and produce, any responsive non-privileged documents within its possession, custody or control. If any such documents are found after a reasonable search,

MedPointe will work with Sterne Kessler and Apotex to schedule a mutually convenient

production date.

## MEDPOINTE'S SPECIFIC OBJECTIONS TO APOTEX'S SUBPOENA

### DOCUMENT REQUEST NO. 1:

All documents concerning the '194 patent in your possession, custody or control.

### OBJECTIONS TO DOCUMENT REQUEST NO. 1:

MedPointe objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence. MedPointe further

objects to this request to the extent that it calls for the production of documents that are protected

by the attorney-client privilege, attorney work product doctrine and/or common interest

privilege.

### DOCUMENT REQUEST NO. 2:

All documents contained in the file associated with attorney docket number
622748/87-217 PH as identified during the prosecution of the application which matured into the
'194 patent.

### OBJECTIONS TO DOCUMENT REQUEST NO. 2:

MedPointe objects to this request to the extent it is duplicative of other requests.

MedPointe further objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects

to this request to the extent that it calls for the production of documents that are protected by the

attorney-client privilege, attorney work product doctrine and/or common interest privilege.

MedPointe further objects to this request to the extent it seeks documents outside Sterne

Kessler's possession, custody or control.

**DOCUMENT REQUEST NO. 3:**

All documents contained in any file relating to the '194 patent, including any files received from the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, LLP.

**OBJECTIONS TO DOCUMENT REQUEST NO. 3:**

MedPointe objects to this request to the extent it is duplicative of other requests. MedPointe further objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects to this request to the extent that it calls for the production of documents that are protected by the attorney-client privilege, attorney work product doctrine and/or common interest privilege. MedPointe further objects to this request to the extent it seeks documents outside Sterne Kessler's possession, custody or control.

**DOCUMENT REQUEST NO. 4:**

All documents and communications that refer or relate to the preparation and/or prosecution of the '194 patent and/or any U.S. applications or foreign applications that constitute or are based in whole or in part on, or which claim priority from, or are the basis of priority for, any of the applications in the family of patent application leading to the '194 patent and any related opposition, re-examination, and/or reissue proceedings, including, without limitation:

(a)  all documents that provided the bases for any of said applications or proceedings;

(b)  all disclosures of the subject matter of any of said applications or proceedings;

(c)  all communications between the alleged Inventor and his patent attorney(s) or agent(s) concerning the subject matter described or claimed in any of said applications or proceedings;

(d)  all documents referring or relating to any information used or supplied by the alleged Inventor in connection with the preparation or prosecution of any of said applications or proceedings including invention disclosures prepared by or for the inventor;

(e)  all drafts of any of said applications or proceedings;

(f)  all patents, publications, references or prior art, and all records or documents referring or relating to any prior art or possible prior art, and all records or documents referring or relating to any prior art or any possible ground of unpatentability and/or invalidity, submitted, cited, discussed or considered in connection with any of said applications or proceedings;

(g)  all documents referring or relating to the citation of, decision not to cite, or failure to cite, any references and/or prior art to the PTO or other patent office or patent authority with respect to any of said applications or proceedings; and

(h)  all copies (including drafts) of responses to Office Actions, amendments, affidavits, declarations and other communications or submissions of any kind with or to the PTO or other patent office, or patent authority with respect to any of said applications or proceedings.

**OBJECTIONS TO DOCUMENT REQUEST NO. 4:**

MedPointe objects to this request to the extent it is duplicative of other requests.

MedPointe further objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects

to this request to the extent that it calls for the production of documents that are protected by the

attorney-client privilege, attorney work product doctrine and/or common interest privilege.

MedPointe further objects to this request to the extent it seeks documents outside Sterne

Kessler's possession, custody or control.


**DOCUMENT REQUEST NO. 5:**

        All documents and communications concerning secondary factors or objective indicia of non-obviousness with regard to the '194 patent, including, without limitation,

        (a)     all documents and communications concerning any commercial success of products covered by the '194 patent and any asserted nexus with the claimed invention;

        (b)     all documents and communication concerning any long-felt need in the art that was satisfied by the invention claimed in the '194 patent;

        (c)     all documents and communications concerning whether or not others had tried, but failed to solve the problem solved by the invention claimed in the '194 patent;

        (d)     all documents and communications concerning whether others have copied the invention claimed in the '194 patent;

        (e)     all document [sic] and communications concerning any alleged superior, surprising or unexpected results achieved by the invention claimed in the '194 patent; and

        (f)     all documents and communications concerning whether others have accepted licenses under the patent in suit.

**OBJECTIONS TO DOCUMENT REQUEST NO. 5:**

        MedPointe objects to this request to the extent it is duplicative of other requests.

MedPointe further objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects

to this request to the extent that it calls for the production of documents that are protected by the

attorney-client privilege, attorney work product doctrine and/or common interest privilege.

MedPointe further objects to this request to the extent it seeks documents outside Sterne

Kessler's possession, custody or control.

**DOCUMENT REQUEST NO. 6:**

All documents and communications concerning whether or not the claimed invention was invented independently by other persons, regardless of whether or not such invention was before, during, or after the alleged invented [sic] by the inventors named on the '194 patent.

**OBJECTIONS TO DOCUMENT REQUEST NO. 6:**

MedPointe objects to this request to the extent it is duplicative of other requests.

MedPointe further objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects

to this request to the extent that it calls for the production of documents that are protected by the

attorney-client privilege, attorney work product doctrine and/or common interest privilege.

MedPointe further objects to this request to the extent it seeks documents outside Sterne

Kessler's possession, custody or control.

**DOCUMENT REQUEST NO. 7:**

All documents and communications concerning any proposal, consideration or decision by Asta and/or Carter Wallace to draft and/or file the foreign patent applications that correspond, in whole or in part, to the subject matter described or claimed as the invention in the '194 patent.

**OBJECTIONS TO DOCUMENT REQUEST NO. 7:**

MedPointe objects to this request to the extent it is duplicative of other requests.

MedPointe further objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects

to this request to the extent that it calls for the production of documents that are protected by the

attorney-client privilege, attorney work product doctrine and/or common interest privilege.

MedPointe further objects to this request to the extent it seeks documents outside Sterne

Kessler's possession, custody or control.

## DOCUMENT REQUEST NO. 8:

All documents and communications concerning the alleged conception, reduction to practice and development of the alleged invention claimed by the '194 patent, including without limitation:

   (a)    all documents concerning any research, development, testing (both animal and human), and/or refinement of the subject matter of the '194 patent;

   (b)    all documents referring or relating to the conception and/or reduction to practice of the alleged invention of the '194 patent;

   (c)    all documents concerning, created by, or created under the direction of the alleged Inventor of the '194 patent, concerning azelastine.

## OBJECTIONS TO DOCUMENT REQUEST NO. 8:

MedPointe objects to this request to the extent it is duplicative of other requests.

MedPointe further objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. MedPointe further objects

to this request to the extent that it calls for the production of documents that are protected by the

attorney-client privilege, attorney work product doctrine and/or common interest privilege.

MedPointe further objects to this request to the extent it seeks documents outside Sterne

Kessler's possession, custody or control.

**DOCUMENT REQUEST NO. 9:**

All documents and communications concerning any request, offer, acquisition or denial of any right (including any forbearance to assert a right), license, agreement, immunity, release, option, title or interest in, to or under the '194 patent, including all documents concerning why an agreement was not consummated (if not consummated), whether any agreement has been terminated, and any documents relating to the transfer and/or assignment of rights under the '194 patent or any foreign counterparts.

**OBJECTIONS TO DOCUMENT REQUEST NO. 9:**

MedPointe objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence. MedPointe further

objects to this request to the extent that it calls for the production of documents that are protected

by the attorney-client privilege, attorney work product doctrine and/or common interest

privilege. MedPointe further objects to this request to the extent it seeks documents outside

Sterne Kessler's possession, custody or control.

**DOCUMENT REQUEST NO. 10:**

All documents and communications concerning the value, strategic or pecuniary, of the '194 patent, any foreign counterparts and commercial embodiments of the alleged invention of the '194 patent or counterparts, including documents concerning developmental prospects for azelastine products, annual marketing reports, actual and estimated sales figures, and the like.

**OBJECTIONS TO DOCUMENT REQUEST NO. 10:**

MedPointe objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence. MedPointe further

objects to this request to the extent that it calls for the production of documents that are protected

by the attorney-client privilege, attorney work product doctrine and/or common interest

privilege. MedPointe further objects to this request to the extent it seeks documents outside

Sterne Kessler's possession, custody or control.

## DOCUMENT REQUEST NO. 11:

All documents concerning and/or identified by any prior art, patentability,
novelty, validity, enforceability and/or infringement search, study, analysis, evaluation or
opinion concerning any of the subject matter disclosed and/or claimed in the '194 patent.

### OBJECTIONS TO DOCUMENT REQUEST NO. 11:

MedPointe objects to this request as duplicative of other requests. MedPointe

further objects to this request as overly broad, unduly burdensome and calling for the production

of documents that are neither relevant to any claim or defense in this action nor reasonably

calculated to lead to the discovery of admissible evidence. MedPointe further objects to this

request to the extent that it calls for the production of documents that are protected by the

attorney-client privilege, attorney work product doctrine and/or common interest privilege.

MedPointe further objects to this request to the extent it seeks documents outside Sterne

Kessler's possession, custody or control.

## DOCUMENT REQUEST NO. 12:

All documents concerning or relating to the receipt and/or transfer of any files
relating to the '194 patent.

### OBJECTIONS TO DOCUMENT REQUEST NO. 12:

MedPointe objects to this request as duplicative of other requests. MedPointe

further objects to this request as overly broad, unduly burdensome and calling for the production

of documents that are neither relevant to any claim or defense in this action nor reasonably

calculated to lead to the discovery of admissible evidence. MedPointe further objects to this

request to the extent that it calls for the production of documents that are protected by the

14

attorney-client privilege, attorney work product doctrine and/or common interest privilege.

MedPointe further objects to this request to the extent it seeks documents outside Sterne

Kessler's possession, custody or control.

_____

Frederick L. Cottrell, III (#2555)
Jameson A. L. Tweedie (#4927)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
(302) 651-7700
cottrell@rlf.com
tweedie@rlf.com
*Attorneys for Plaintiff*
*MedPointe Healthcare Inc.*


*Of Counsel:*

John M. Desmarais
Peter J. Armenio
Anne S. Toker
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022
(212) 446-4800


Dated:  February 16, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2007, the foregoing document was served by hand on the following person:

> Richard L. Horowitz, Esq.
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza 6th Floor
> 1313 N. Market Street
> P.O. Box 951
> Wilmington, DE  19899

I hereby certify that on February 16, 2007, the foregoing document was also sent to the following counsel by Electronic Mail:

> A. Sidney Katz, Esq.
> Robert B. Breisblatt, Esq.
> Steven E. Feldman, Esq.
> Stephen P. Benson, Esq.
> WELSH & KATZ, LTD.
> 120 S. Riverside Plaza, 22nd Floor
> Chicago, IL  60606
> askatz@welshkatz.com
> rbbreisblatt@welshkatz.com
> sefeldman@welshkatz.com
> sbenson@welshkatz.com

I further hereby certify that on February 16, 2007, the foregoing document was also sent by first-class mail to:

> Sterne, Kessler, Goldstein & Fox P.L.L.C.
> c/o Registered Agent Denise Smith-Graye
> 1100 New York Avenue, NW
> Washington, D.C. 20005

> Jameson A. L. Tweedie (#4927)
> RICHARDS, LAYTON & FINGER P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, DE  19899
> (302) 651-7700