IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDPOINTE HEALTHCARE INC., <br><br> Plaintiff, <br><br> vs. <br><br> APOTEX INC. and APOTEX CORP., <br><br> Defendants. | Civil Action No. 06-164-SLR |

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff MedPointe Healthcare Inc. ("MedPointe"), by and through its counsel, will take the deposition upon oral examination of Defendant Apotex Corp. regarding the subject matter set forth in the attached Schedule A.

This deposition will begin at 9:00 a.m. on April 24, 2007 at the offices of Kirkland & Ellis LLP, 153 East 53rd Street, New York, New York 10022, pursuant to Federal Rule Of Civil Procedure 30(b)(6). This deposition upon oral examination will be conducted before an officer authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue from day to day until completed with such adjournments as to time and place as may be necessary. The testimony at the deposition will be recorded by stenographic and videographic means.

MedPointe serves this Notice without waiver of any objections it may have to deficiencies in Apotex Corp.'s document production and other discovery responses concerning

the subject matter of the instant Notice and reserves the right to continue this deposition as necessary in light of any subsequent document production by Apotex Corp.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Apotex Corp. shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf as to each of the topics set forth in the attached Schedule A. MedPointe requests that Apotex Corp. provide counsel for MedPointe with the identity and curriculum vitae of each of the individual(s) who will testify regarding each topic at least four days in advance of the deposition.

You are invited to attend and cross-examine the witness(es).

_____
Frederick L. Cottrell, III (#2555)
Jameson A.L. Tweedie (#4927)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
tweedie@rlf.com

*Attorneys for Plaintiff*
*MedPointe Healthcare Inc.*

*Of Counsel:*

John M. Desmarais
Peter J. Armenio
Anne S. Toker
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Dated: April 3, 2007

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2007, the foregoing document was served by hand delivery on the following person:

> Richard L. Horowitz, Esq.
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza 6th Floor
> 1313 N. Market Street
> P.O. Box 951
> Wilmington, DE 19899

I hereby certify that on April 3, 2007, the foregoing document was also sent to the following counsel by Electronic Mail:

> A. Sidney Katz, Esq.
> Robert B. Breisblatt, Esq.
> Steven E. Feldman, Esq.
> Stephen P. Benson, Esq.
> WELSH & KATZ, LTD.
> 120 S. Riverside Plaza, 22nd Floor
> Chicago, IL  60606
> askatz@welshkatz.com
> rbbreisblatt@welshkatz.com
> sefeldman@welshkatz.com
> sbenson@welshkatz.com

_____
Jameson A.L. Tweedie (#4927)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

## SCHEDULE A

### Definitions and Instructions

1.  The definitions set forth in Plaintiff's First Set of Requests For The Production Of Documents And Things To Defendants are hereby incorporated by reference.

### Topics of Examination

1.  The components of the Generic Product, including active ingredients, excipients and impurities.

2.  To the extent not covered by Topic 1, the components of the azelastine hydrochloride used in the Generic Product, including active ingredients, excipients and impurities.

3.  The synthesis of the azelastine hydrochloride to be used in the Generic Product, including the reactants, reactions and products at each step of the manufacturing process, and the synthesis flowpath, and the identity of all individuals, whether employees of Apotex Corp. or third parties, having a role in the research, development or testing of such synthesis.

4.  Any acquisition of Astelin® brand nasal spray by Apotex Corp.

5.  All testing of Astelin® brand nasal spray by Apotex Corp.

6.  All use of Astelin® brand nasal spray by Apotex Corp. in designing the Generic Product.

7.  All manufacture and/or other acquisition of azelastine hydrochloride by or on behalf of Apotex Corp.

8.  The research and development of the Generic Product, and the identity of all individuals, whether employees of Apotex Corp. or third parties, having a role in the research, development or testing of the Generic Product.

9. Any effort by or on behalf of Apotex Corp. to develop a novel, non-generic treatment for allergy-related or vasomotor-related conditions and accompanying symptoms, including the research and development of any novel, non-generic treatment for allergy-related or vasomotor-related conditions and accompanying symptoms, and the identity of all individuals, whether employees of Apotex Corp. or third parties, having a role in the research, development or testing of any such novel, non-generic treatment for allergy-related or vasomotor-related conditions and accompanying symptoms.

10. The rationale underlying the decision to file ANDA 77-954.

11. The content and regulatory approval status of ANDA 77-954, and any amendment thereto.

12. Any contact or communication that Apotex Corp. or their agents have had with any current or former employee of MedPointe regarding azelastine hydrochloride nasal spray or their work at MedPointe.

13. Each and every contribution and/or input that Apotex Corp., or any employee or agent of Apotex Corp., has made to the preparation, decision to file, filing and/or prosecution of ANDA 77-954, including: (a) any tests, analyses, studies or evaluations to generate data for inclusion in ANDA 77-954; (b) any information relating to regulatory procedures and strategies in the FDA relating to ANDA 77-954; (c) any information comprising, relating to or contained in the 21 U.S.C. § 355(j)(2)(A)(vii)(IV) certification submitted in connection with ANDA 77-954; and (d) any information comprising, relating to or contained in the statements of factual and legal basis for invalidity and/or noninfringement included with the notice of this certification.

14. Documents and things concerning the foregoing topics.

15. Persons knowledgeable about the foregoing topics.