IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDPOINTE HEALTHCARE INC., )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>APOTEX INC. and APOTEX CORP., )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 06-164-SLR |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR A LETTER OF REQUEST FOR DR. HELMUT HETTCHE

*Of Counsel:*

John M. Desmarais
Peter J. Armenio
Anne S. Toker
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022
(212) 446-4800

Frederick L. Cottrell, III (#2555)
Jameson A.L. Tweedie (#4927)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
(302) 651-7700
cottrell@rlf.com
tweedie@rlf.com

*Attorneys for Plaintiff*
*MedPointe Healthcare Inc.*

Dated: April 23, 2007

RLF1-3142182-1

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CONTENTS | i |
| INTRODUCTION | 1 |
| NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS | 1 |
| SUMMARY OF THE ARGUMENT | 2 |
| ARGUMENT | 2 |
| CONCLUSION | 4 |

## INTRODUCTION

Plaintiff MedPointe Healthcare Inc. ("MedPointe") brought this suit to prevent Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex") from marketing a generic copy of its Astelin® Nasal Spray product prior to expiration of United States Patent No. 5,164,194 ("the '194 patent"). The '194 patent issued on November 17, 1992 to Asta Pharma AG as assignee. Since August 16, 2002, MedPointe has been, and continues to be, the sole owner of the '194 patent and the sole owner of the right to sue and to recover for any infringement of that patent. MedPointe's '194 patent and related exclusivities are, at present, set to expire on May 1, 2011.

## NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS

Defendant Apotex sought to depose various third party witnesses residing in Germany, including Dr. Helmut Hettche, the sole inventor of the '194 patent, in American-style depositions pursuant to the Federal Rules of Civil Procedure. The witnesses, including Dr. Hettche, however, did not agree to be deposed in American-style depositions but agreed to be deposed pursuant to the Hague Convention. In a January 26, 2007 order, the Court ruled that the Hague Convention was a more appropriate procedure for depositions of these witnesses. (D.I. 48).

Apotex now moves the Court for issuance of a Letter of Request to the designated German Central Authority to have Dr. Hettche appear and answer questions under the rules of the Hague Convention. (D.I. 71).

## SUMMARY OF THE ARGUMENT

The Court should deny Apotex's motion for the following reasons:

1. The language of Apotex's proposed Letter of Request is not sufficiently clear and uncomplicated to permit accurate translation;

2. MedPointe has not been given an opportunity to review Apotex's German translation of the Letter of Request;

3. The Letter of Request designates only a single representative of MedPointe while designating two representatives of Apotex;

4. The questionnaire for Dr. Hettche includes improper questions, including questions: (a) calling for Dr. Hettche to reveal the content of one or more documents that MedPointe has withheld and logged as protected by the attorney-client privilege, (b) otherwise inviting Dr. Hettche to reveal privileged information, and (c) calling for legal conclusions and expert testimony;

5. Apotex's document request is not narrowly drafted or limited to specific documents;

6. To the extent that the Letter of Request seeks direct questioning of Dr. Hettche by Apotex's representatives, it would violate German law; and

7. The Letter of Request permits only one attorney representing Dr. Hettche to be present while permitting Apotex more than one attorney.

## ARGUMENT

MedPointe objects generally that the language of Apotex's proposed Letter of Request is not sufficiently clear and uncomplicated to permit accurate translation. MedPointe

further objects that it has not been given an opportunity to review Apotex's German translation of the proposed Letter of Request.

MedPointe further objects to Items 6, 10, 11, and 13 of Apotex's proposed Letter of Request (attached as Ex. A to D.I. 71) for the reasons set forth below.

**Item 6:**

MedPointe objects to the designation of only one representative of MedPointe, while two Apotex representatives are designated, and asks the Court to permit MedPointe to designate additional representatives.

**Item 10:**

Item 10 refers to a questionnaire attached as Ex. 1 to Apotex's proposed Letter of Request (attached as Ex. A to the motion). MedPointe objects to the scope of discovery sought by Apotex in the questionnaire.

MedPointe objects to questions that call for legal conclusions, and/or expert testimony and/or invite Dr. Hettche to reveal privileged information. In particular, question FF2 improperly asks Dr. Hettche to reveal the content of one or more documents that MedPointe has withheld and logged as protected by the attorney-client privilege. The question asks Dr. Hettche explicitly "what did you say" in this document or documents.

MedPointe asserts the following additional objections to the questionnaire:

1. MedPointe objects to all questions that call for legal conclusions, including questions D1, D4-D7, E1-7, E9, E12-14, F10-12, H4, H8, H9, and N1, V2-3, Y17;

2. MedPointe objects to all questions that call for expert testimony, including questions E10, F3, G5-6, G8, G13, H8-9, I17, I20, N2-3, R1, S1-3, T1, U2, V2-5, X1, Y14, Y17, DD1, EE10, LL1, NN1

- 3 -

       3.      MedPointe objects to all other questions that invite Dr. Hettche to reveal privileged information, including questions D1, D4-D7, E1-7, E9, E12-14, F7-8, H7, N1-3, P1-4, Q1-6, R1, V1-5, X1, AA2-3, CC1, DD6, DD10-12, DD14-20, DD24-31, DD33, EE4-6, EE8, EE10, FF1-5, LL3-4.

**Item 11:**

MedPointe objects to Apotex's request for "[a]ny and all documents in the possession, custody or control of [Dr.] Hettche relating to the development or conception of azelastine containing medicaments." This document request is not narrowly drafted or limited to specific documents.

**Item 13:**

To the extent that Item 13 seeks to have Apotex's representatives directly question Dr. Hettche, MedPointe objects on the grounds that such direct questioning would constitute a violation of German law. (*See* Amtsanmaßung § 132) (translation attached hereto as Exhibit A).

MedPointe objects to the restriction in subsection (4) of Item 13 that only one attorney representing Dr. Hettche may be present. Because Apotex is not restricting itself to a single attorney, Dr. Hettche should not be subject to this limitation.

**CONCLUSION**

For all these reasons, MedPointe respectfully requests that the Court deny Apotex's Motion For Issuance Of A Letter Of Request For Dr. Helmut Hettche.

*Of Counsel:*

John M. Desmarais
Peter J. Armenio
Anne S. Toker
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022
(212) 446-4800

Frederick L. Cottrell, III (#2555)
Jameson A.L. Tweedie (#4927)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
(302) 651-7700
cottrell@rlf.com
tweedie@rlf.com

*Attorneys for Plaintiff
MedPointe Healthcare In*

Dated: April 23, 2007

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will send notification of such filing, and hand delivered to the following:

>Richard L. Horwitz
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, 6th Floor
>1313 N. Market Street
>Wilmington, DE 19801

I hereby certify that on April 23, 2007, I sent the foregoing document by Federal Express, next business day delivery, to the following non-registered participants:

>A. Sidney Katz
>Robert B. Breisblatt
>Steven E. Feldman
>Stephen P. Benson
>WELSH & KATZ, LTD.
>120 South Riverside Plaza, 22nd Floor
>Chicago, IL 60606
>askatz@welshkatz.com
>rbbreisblatt@welshkatz.com
>sefeldman@welshkatz.com
>sbenson@welshkatz.com

/s/ Jameson A. L. Tweedie
Jameson A. L. Tweedie (#4927)
tweedie@rlf.com

RLF1-3142182-1

# EXHIBIT A

**GEOTEXT**
Translations, Inc.

STATE OF NEW YORK       )
                        )  ss
                        )
COUNTY OF NEW YORK      )

### CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from German into English of the attached excerpt from the German Criminal Code, Section 132 Usurpation of Office.

*V. Burda*

Valbona Burda, Project Manager
Geotext Translations, Inc.

Sworn to and subscribed before me
this 22 day of April, 2007

EMERSON HOFF
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HO6152437
Qualified in Kings County
My Commission Expires September 11, 2010

New York  259 West 30th Street, 17th Floor, New York, NY 10001, U S A  tel 212 631 7432  fax 212 631 7778
San Francisco  220 Montgomery Street, 3rd Floor, San Francisco, CA 94104, U S A  tel 415 576 9500  fax 415 520 0525
London  107-111 Fleet Street, London EC4A 2AB, United Kingdom  tel +44 (0)20 7936 9002  fax +44 (0)20 7990 9909
Hong Kong  20th Floor, Central Tower, 28 Queen's Road, Central, Hong Kong  tel +852 2159 9143  fax +852 3010 0082
translations@geotext.com  |  www.geotext.com

**German Criminal Code, Section 132 Usurpation of Office**

Whoever without authorization engages in the exercise of a public office or undertakes an act which may only be undertaken with the authority of a public office, shall be punished with imprisonment for not more than two years or a fine.

StGB § 132 Amtsanmaßung

Wer unbefugt sich mit der Ausübung eines öffentlichen Amtes befaßt oder eine Handlung vornimmt, welche nur kraft eines öffentlichen Amtes vorgenommen werden darf, wird mit Freiheitsstrafe bis zu zwei Jahren oder mit Geldstrafe bestraft.