IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDPOINTE HEALTHCARE INC., | ) |
| | ) |
| Plaintiff, | ) C.A. No. 06-164 (SLR) |
| | ) |
| v. | ) |
| | ) |
| APOTEX INC. and APOTEX CORP., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT APOTEX INC.'S AND APOTEX CORP.'S
NOTICE OF DEPOSITION OF MEDPOINTE HEALTHCARE INC.
PURSUANT TO FED. R. CIV. P. 30(B)(6)**

PLEASE TAKE NOTICE that on May 7, 2007 at 9:00 a.m. (EST) at the offices of Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 N. Market Street, P.O. Box 951, Wilmington, Delaware 19801, Defendants Apotex Inc. and Apotex Corp. ("Apotex") will, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, take the deposition of MedPointe Healthcare Inc. ("MedPointe") before a notary public or other officer authorized by law to administer an oath. The deposition shall be taken by stenographic and sound-and-visual means and shall continue from day-to-day, legal holidays excepted, until adjourned by counsel for Apotex or completed.

MedPointe shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf with respect to the Topics of Examination attached as Exhibit A.

You are invited to attend and cross-examine.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Sidney Katz<br>Robert B. Breisblatt<br>James P. White<br>Hartwell P. Morse, III<br>Steven E. Feldman<br>Craig M. Kuchii<br>Stephen P. Benson<br>WELSH & KATZ, LTD.<br>120 S. Riverside Plaza, 22nd Floor<br>Chicago, IL  60606<br>Tel:   (312) 655-1500<br>Fax:  (312) 655-0008<br><br>Dated:  April 26, 2007<br>791854 / 30136 | By: */s/ Kenneth L. Dorsney*<br>    Richard L. Horwitz (No. 2246)<br>    Kenneth L. Dorsney (No. 3726)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    P.O. Box 951<br>    Wilmington, DE 19801<br>    (302) 984-6000<br>    *rhorwitz@potteranderson.com*<br>    *kdorsney@potteranderson.com*<br><br>*Counsel for Defendants Apotex Inc. and Apotex Corp.* |

## **EXHIBIT A**

## **TOPICS OF EXAMINATION**

1. The document retention or document destruction policies that have been in force or effect at any time since the formation of MedPointe Healthcare Inc. (or any predecessor or successor of MedPointe Healthcare Inc. including, but not limited to, MedPointe Inc. and MedPointe Pharmaceuticals).

2. The indexing, cataloguing, retention, storage or destruction of the files of Carter-Wallace, Inc. relating to azelastine or azelastine-containing medicines or solutions obtained by MedPointe Healthcare, Inc. (or any predecessor or successor of MedPointe Healthcare Inc. including, but not limited to, MedPointe Inc. and MedPointe Pharmaceuticals) in connection with the purchase of the healthcare business of Carter-Wallace, Inc.

3. The indexing, cataloguing, retention, storage or destruction of the files of Carter-Wallace, Inc. in connection with any relocation of the offices of MedPointe Healthcare Inc. (or any predecessor or successor of MedPointe Healthcare Inc. including, but not limited to, MedPointe Inc. and MedPointe Pharmaceuticals).

4. The indexing, cataloguing, retention, storage or destruction of the files of Dr. Naresh Chand, a former employee of Carter-Wallace, Inc., and the efforts undertaken to locate these files in connection with this action as they relate to azelastine or azelastine-containing medicines or solutions.

5. The indexing, cataloguing, retention, storage or destruction of the files of Dr. R.D. Sofia, a former employee of Carter-Wallace, Inc., and the efforts undertaken to

locate these files in connection with this action as they relate to azelastine or azelastine-containing medicines or solutions.

6. All facts upon which MedPointe Healthcare Inc. will rely as supporting the secondary consideration of unexpected results achieved with the medicaments disclosed in U.S. Patent No. 5,164,194.

7. All facts upon which MedPointe Healthcare Inc. will rely as supporting the secondary consideration of failure of others to invent the medicaments disclosed in U.S. Patent No. 5,164,194.

8. All facts upon which MedPointe Healthcare Inc. will rely as supporting the secondary consideration of commercial success of the medicaments disclosed in U.S. Patent No. 5,164,194.

9. The preparation and source of the information summarized in the document entitled "Astelin Net Sales" produced as AS0006777 – AS0006779.

10. All facts upon which MedPointe Healthcare Inc. will rely as supporting the secondary consideration of praise by others of the medicaments disclosed in U.S. Patent No. 5,164,194.

11. All facts upon which MedPointe Healthcare Inc. will rely as supporting the secondary consideration of copying of the medicaments disclosed in U.S. Patent No. 5,164,194.

12. All facts upon which MedPointe Healthcare Inc. will rely as supporting the secondary consideration of long-felt but unsolved need for the medicaments disclosed in U.S. Patent No. 5,164,194.

13.  All facts upon which MedPointe Healthcare Inc. will rely as supporting the secondary consideration of licensing of U.S. Patent No. 5,164,194.

14.  All facts upon which MedPointe Healthcare Inc. will rely as supporting the secondary consideration of industry acceptance of the medicaments disclosed in U.S. Patent No. 5,164,194.

15.  All facts upon which MedPointe Healthcare Inc. will rely as supporting the secondary consideration of teaching away from the medicaments disclosed in U.S. Patent No. 5,164,194.

16.  All facts upon which MedPointe Healthcare Inc. will rely as supporting the inventorship of the subject matter of U.S. Patent No. 5,164,194 by Helmut Hettche.

17.  The marketing and promotion of Astelin nasal spray by MedPointe Healthcare Inc. (or any predecessor or successor of MedPointe Healthcare Inc. including, but not limited to, MedPointe Inc. and MedPointe Pharmaceuticals) including the organization and size of the sales force at any time since its formation and the agreements with Innovex and Sepracor Inc. as they relate to the marketing and promotion of Astelin nasal spray.

18.  The identification of the physical assets, business units, products and employees obtained by MedPointe Healthcare Inc. (or any predecessor or successor of MedPointe Healthcare Inc. including, but not limited to, MedPointe Inc. and MedPointe Pharmaceuticals) in the purchase of the healthcare business of Carter-Wallace, Inc. including the identification of the assets and products obtained from Wallace Pharmaceuticals and Wampole Laboratories.

19. The negotiation and acquisition of the exclusive U.S. and Canadian rights to U.S. Patent No. 5,164,194 and Astelin nasal spray including the payment terms for the acquisition of these rights.

20. The decision to acquire the rights to Optivar including the terms of the agreement for the acquisition of the rights to Optivar.

21. The amount paid by MedPointe Healthcare Inc. to Sepracor Inc. as part of the phase out of the Astelin co-promotion agreement that represents a one-time residual payment in recognition of Sepracor Inc.'s contribution to building brand awareness of Astelin as announced in the MedPointe News Release dated April 30, 2004.

22. The identification and terms of any and all agreements entered into by MedPointe Healthcare Inc. (or any predecessor or successor of MedPointe Healthcare Inc. including, but not limited to, MedPointe Inc. and MedPointe Pharmaceuticals) relating to U.S. Patent No. 5,164,194 and/or Astelin nasal spray.

23. The purchase price and terms of the long-term supply agreement for azelastine between MedPointe Healthcare Inc. (or any predecessor or successor of MedPointe Healthcare Inc. including, but not limited to, MedPointe Inc. and MedPointe Pharmaceuticals) and Viatris GmbH & Co. KG.

24. Prior to the January 24, 2006 Paragraph IV Notice Letter, all facts evidencing any communications between employees or agents of Apotex Inc and/or Apotex Corp. with former employees of Carter-Wallace, Inc or MedPointe Healthcare Inc. (or any predecessor or successor of MedPointe Healthcare Inc. including, but not limited to, MedPointe Inc. and MedPointe Pharmaceuticals) regarding azelastine.

25. The retention of former Carter Wallace, Inc. employees by MedPointe Healthcare Inc. (or any predecessor or successor of MedPointe Healthcare Inc. including, but not limited to, MedPointe Inc. and MedPointe Pharmaceuticals) after the acquisition of Carter-Wallace, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Kenneth L. Dorsney, hereby certify that on April 26, 2007, the attached document was hand delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Frederick L. Cottrell, III
Jameson A. L. Tweedie
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

I hereby certify that on April 26, 2007, I have Electronically Mailed the foregoing document(s) to the following non-registered participants:

John M. Desmarais
Peter J. Armenio
Anne S. Toker
Gerald J. Flattmann, Jr.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
jdesmarais@kirkland.com
parmenio@kirkland.com
atoker@kirkland.com
gflattmann@kirkland.com

/s/ Kenneth L. Dornsey
Richard L. Horwitz
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

700765