# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDPOINTE HEALTHCARE INC., ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Civil Action No. 06-164-SLR |
| ) | |
| APOTEX INC. and APOTEX CORP., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS'
## MOTION FOR ISSUANCE OF LETTERS OF REQUEST FOR
## DR. HELMUT HETTCHE, DR. JÜRGEN ENGEL AND DR. ISTVAN SZELENYI

*Of Counsel:*

John M. Desmarais
Peter J. Armenio
Anne S. Toker
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Frederick L. Cottrell, III (#2555)
Jameson A.L. Tweedie (#4927)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
tweedie@rlf.com

Dated: May 24, 2007

*Attorneys for Plaintiff*
*MedPointe Healthcare Inc.*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION .....................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF
FACTS ......................................................................................................................1

SUMMARY OF THE ARGUMENT .........................................................................5

ARGUMENT .............................................................................................................5

CONCLUSION ..........................................................................................................7

RLF1-3155758-1

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Freeman v. Minnesota Min. and Mfg. Co.*,
    1986 WL 9480 (D. Del. Aug. 15, 1986) ................................................................. 4

*Medtronic, Inc. v. Guidant Corp.*,
    2004 WL 883394 (D. Del. Apr. 21, 2004) .............................................................. 4

**Rules**

Fed. R. Civ. P. 30(b)(6) ................................................................................................. 5

## INTRODUCTION

Plaintiff MedPointe Healthcare Inc. ("MedPointe") brought this suit to prevent Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex") from marketing a generic copy of its Astelin® Nasal Spray product prior to expiration of United States Patent No. 5,164,194 ("the '194 patent"). The '194 patent issued on November 17, 1992 to Asta Pharma AG as assignee. Since August 16, 2002, MedPointe has been, and continues to be, the sole owner of the '194 patent and the sole owner of the right to sue and to recover for any infringement of that patent. MedPointe's '194 patent and related exclusivities are, at present, set to expire on May 1, 2011.

## NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS

Defendant Apotex previously sought to depose various third-party witnesses residing in Germany, including Dr. Helmut Hettche, Dr. Jürgen Engel and Dr. Istvan Szelenyi, in American-style depositions pursuant to the Federal Rules of Civil Procedure. The witnesses, however, did not agree to be deposed in American-style depositions but agreed to be deposed pursuant to the Hague Convention. In a January 26, 2007 Order, the Court ruled that the Hague Convention was a more appropriate procedure for the deposition of these witnesses. (D.I. 48).

Apotex previously moved the Court to issue a Letter of Request to the designated German Central Authority to have Dr. Hettche appear and answer questions under the rules of the Hague Convention (D.I. 71), which MedPointe opposed (D.I. 72). Both Apotex's motion and MedPointe's opposition were withdrawn by agreement of the parties. MedPointe and Apotex resolved a number of their differences in two subsequent meet-and-confer conferences, the first on May 2, 2007 and the second on May 10, 2007.

- 1 -

At the May 2 meet and confer, MedPointe indicated that it would withdraw its objections to all elements of Apotex's Letters of Request that could be meaningfully addressed during the Hague proceeding in Germany. In particular, Medpointe informed Apotex that it would withdraw its objections to questions regarding privileged information if, during the Hague proceeding, a lawyer could instruct the witness not to answer on the grounds of a privilege objection. The parties agreed to consult their respective German counsel on this and other issues and to participate in another meet and confer on May 10. During the May 10 meet and confer, MedPointe informed Apotex that it had learned from its German counsel that, because Germany does not recognize an attorney-client privilege of the kind recognized under U.S. law, a lawyer would not be able to instruct the witness not to answer on the grounds of privilege. On the other hand, MedPointe's German counsel stated that a lawyer would be able to instruct a witness not to answer on the grounds that the question called for a legal opinion or expert opinion.

Based on this understanding of German law, MedPointe informed Apotex that it would withdraw its objections to questions calling for a legal or expert opinion on the grounds that those objections could be successfully asserted during the German proceeding. MedPointe, however, did not withdraw its objections to questions calling for disclosure of privileged information because the witness could not be instructed not to answer such questions during the Hague proceeding in Germany.

To handle the privilege issue, MedPointe proposed that Apotex submit to MedPointe a revised draft of its questions eliminating or rewording those that explicitly call for privileged information, which MedPointe would review and either agree to or propose additional changes. Apotex refused, asserting numerous unreasonable grounds for its refusal, including that the German witnesses would somehow be able to determine themselves what information was

- 2 -

privileged and what was not, and that MedPointe should provide detailed explanations of the bases for its objections. Apotex's refusal to work with MedPointe to modify or delete the remaining objectionable questions is unreasonable.

Apotex's current motion misrepresents its submissions to the Court and MedPointe's objections. Apotex states in its motion that MedPointe objected to questions LL3-LL4 in its proposed questionnaire for Dr. Hettche and that these questions relate to his library and books (*see* Apotex Motion p. 4). However, in the questionnaire that Apotex previously filed with this Court (D.I. 71) and to which MedPointe objected (D.I. 72), questions LL3-LL4 are as follows:

> 3.    Please generally describe your involvement in assisting Asta Pharma AG in obtaining German '681 patent?
>
> 4.    Please generally describe your involvement in assisting Asta Pharma AG in obtaining U.S. '194 patent?

In fact, Apotex's own submission attaches this version of the questionnaire as Exhibit D.

MedPointe notes in addition that Apotex's previous motion for Letters of Request for Dr. Hettche (D.I. 71) included questions asking Dr. Hettche to discuss the substance of documents that MedPointe had withheld and logged as privileged. Apotex ultimately withdrew these questions, after MedPointe objected to two different versions of the Letters of Request, one of which was filed with the Court, containing these improper questions.

Numerous additional questions in the current motion evidence a similar, if less egregious, disrespect for the attorney-client privilege, and should be withdrawn. These questions include numerous questions regarding the preparation of the declarations of Dr. Szelenyi submitted during prosecution of U.S. Patent No. 5,164,194 ("the '194 patent") (*see, e.g*, questions

- 3 -

for Dr. Hettche DD6-8, DD10-12, DD14-20, DD24-31, DD33). These declarations were submitted in an attempt to overcome a rejection by the Patent Office and the drafts and other preparatory materials for them are privileged. *See, e.g.*, *Medtronic, Inc. v. Guidant Corp.*, 2004 WL 883394 (D. Del. Apr. 21, 2004) (holding that privilege was not waived where the inventor did not disclose specific privileged communications in his reissue declaration and the patent office never put the referenced communications in issue); *Freeman v. Minnesota Min. & Mfg Co.*, 1986 WL 9480 (D. Del. Aug. 15, 1986) (holding that privilege was not waived where the contents of privileged letters were not an issue before the patent office).

During the May 3, 2007 conference, Apotex stated to the Court that it would challenge the assertion of the privilege for these documents only if Dr. Szelenyi were not an employee of Asta Pharma AG, the original assignee of the patent at the time the declarations were made. Based on this statement, Dr. Szelenyi's employment at the relevant time was double-checked and MedPointe confirmed to Apotex that Dr. Szelenyi was an employee of Asta Pharma AG at that time. (Exs. A and B). In its current motion, however, Apotex seeks to obtain indirectly the information it cannot obtain directly, by attempting to induce a German witness to reveal attorney-client privileged information. These tactics are improper and such questions should be withdrawn. Questions directed to Dr. Engel regarding the preparation of the declaration of Dr. Achterrath-Tuckermann are similarly objectionable and should be withdrawn.

In addition to improper questions seeking privileged information, Apotex's proposed questionnaires include questions that misstate and distort the documents of record in the action. All such questions should be withdrawn.[1]

---

[1] MedPointe notes that during a recent deposition of an English-speaking Apotex Rule 30(b)(6) witness, Apotex's counsel objected to questions involving the phrase "commercial success" on
(Continued...)

- 4 -

## SUMMARY OF THE ARGUMENT

The Court should deny Apotex's motions for the following reasons:

1.    Apotex's Letters of Request improperly call for information protected from disclosure by the attorney-client privilege.  Because under German law the lawyer defending the witnesses cannot instruct them not to answer questions on the grounds of attorney-client privilege, these questions should be withdrawn;

2.    The questionnaire of Dr. Szelenyi includes questions that mischaracterize the documents and deposition testimony in this case and appear to be attempts to mislead and/or confuse Dr. Szelenyi.  All such questions should be withdrawn;

3.    MedPointe has not been given an opportunity to review Apotex's German translation of the Letters of Request; and

4.    Apotex's Letters of Request include a provision that has this Court endorsing Apotex's request to ask follow-up questions not contained in the Apotex questionnaires, a provision that violates German law and procedure.

## ARGUMENT

MedPointe objects that it has not been given an opportunity to review Apotex's proposed German translation of the Letters of Request.  MedPointe also objects to the extent any provisions of Apotex's Letters of Request violate German law or procedure.

MedPointe further objects to items 10, 11 and 13.

---

the grounds that "the word commercial success has a legal meaning beyond this person's knowledge."  Apotex's objection reveals the inconsistency in its attempts to reassure MedPointe and this Court that numerous improper questions seeking not only to mislead foreign witnesses but also to invite them to reveal privileged information should be allowed in a forum where their counsel, and MedPointe's, unlike Apotex's at the Rule 30(b)(6) deposition of its own witness, will not be able to object meaningfully, if at all.

- 5 -

**Item 10**

Item 10 refers to the questionnaires attached as exhibits to Apotex's Letters of Request (attached as Exhibits A, B and C to the motion).

MedPointe objects to those Apotex questions that invite the German witnesses to reveal attorney-client privileged information, including:

A.    All questions that invite Dr. Hettche to reveal privileged information, including questions D1, D4-D7, E1-7, E9, E12-14, F7-8, H7, N1-3, P1-4, Q1-5, R1, V1-4, X1, AA3, DD6-8, DD10-12, DD14-20, DD24-31, DD33, EE4-6, EE8-10, FF1-2, and MM3-4;

B.    All questions that invite Dr. Engel to reveal privileged information, including questions D3, E1, H12-14, H20-22, I1, J2-7, K1, K4-8 (MedPointe notes that two questions are numbered "K8" – MedPointe objects to both as seeking privileged information), L1, N3, and O3; and

C.    All questions that invite Dr. Szelenyi to reveal privileged information, including questions C3-4, D4, D7-13, D17-38, D41, E4-19, E21, F1-3, and G2, H2, H4-9. I2, I4.

MedPointe objects to those questions that mischaracterize the documents and deposition testimony in this action, including Szelenyi questions E17-18, F2, and H9, and Engel questions J5 and J7.

**Item 11**

MedPointe objects to Apotex's document requests to the extent they are not limited to non-privileged documents.

- 6 -

**Item 13**

To the extent that Item 13 seeks this Court's endorsement of Apotex's representatives asking follow-up questions (through either an Apotex representative or the German Judge) that are not contained in the Apotex questionnaires submitted with its Letters of Request, MedPointe objects that such follow-up questions are inconsistent with German law and procedure.

## CONCLUSION

For all these reasons, MedPointe respectfully requests that the Court deny Apotex's Motion For Issuance Of Letters Of Request For Dr. Helmut Hettche, Dr. Jürgen Engel and Dr. Istvan Szelenyi as submitted and require Apotex to amend its proposed Letters of Request as set forth herein.

*Of Counsel:*

John M. Desmarais
Peter J. Armenio
Anne S. Toker
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022
(212) 446-4800

Frederick L. Cottrell, III (#2555)
Jameson A.L. Tweedie (#4927)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
(302) 651-7700
cottrell@rlf.com
tweedie@rlf.com

Dated:  May 24, 2007

*Attorneys for Plaintiff*
*MedPointe Healthcare Inc.*

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will send notification of such filing, and hand delivered to the following:

>Richard L. Horwitz
>Potter Anderson & Corroon LLP
>Hercules Plaza, 6th Floor
>1313 N. Market Street
>Wilmington, DE  19801

I hereby certify that on May 24, 2007, I sent the foregoing document by Federal Express, next business day delivery, to the following non-registered participant:

>A. Sidney Katz
>Robert B. Breisblatt
>Steven E. Feldman
>Stephen P. Benson
>Welsh & Katz, Ltd.
>120 South Riverside Plaza, 22nd Floor
>Chicago, IL  60606
>askatz@welshkatz.com
>rbbreisblatt@welshkatz.com
>sefeldman@welshkatz.com
>sbenson@welshkatz.com

>Jameson A. L. Tweedie (#4927)
>tweedie@rlf.com

# EXHIBIT A

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

To Call Writer Directly:
212-446-4726
mgulliford@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

Dir Fax: 212 446-4900

April 2, 2007

Hartwell P. Morse, III, Esq.
120 South Riverside Plaza
22nd Floor
Chicago, Illinois 60606

Re:    *MedPointe Healthcare Inc. v. Apotex Inc. and Apotex Corp.,*
       Civil Action No. 06-164-SLR (D. Del.)

Dear Hartwell:

I write in response to your March 2, March 7, and March 16, 2007 letters.

In your March 7, 2007 letter, you challenge certain entries on the "Meda Privilege Log" involving Dr. Istvan Szelenyi, arguing that the attorney-client privilege either does not apply or was somehow waived. Your argument that Dr. Szelenyi is a "third party" is incorrect because, at the relevant time, Dr. Szelenyi was an employee of Asta Pharma AG. Your argument regarding waiver is similarly unfounded. We ask that you immediately forward to us any case law that you believe supports your contentions, in advance of any meet-and-confer.

Your March 7, 2007 letter refers to various entries involving Dr. Hettche's annotations or notes that you claim are insufficient because they do not identify a recipient. Neither Rule 26(b)(5) nor any relevant precedent, however, requires identification of a recipient on a privilege log when none is identified on the document. *See, e.g., Tulip Computers Int'l B.V. v. Dell Computer Corp.,* 210 F.R.D. 100, 105 (D. Del. 2002). If you are aware of any relevant precedent to the contrary, please provide it to us immediately.

In the spirit of cooperation, we have revised certain entries on the "Meda Privilege Log" to provide additional information and enclose a "First Revised Meda Privilege Log" on which these revised entries have been highlighted. Also in the spirit of cooperation, we enclose a document titled "Supplemental Information to Meda Privilege Log" in response to your requests.

In addition, we have determined that a communication between Dr. Hettche and Dr. Engel should be removed from the log and produced. Enclosed with this letter, please find

Chicago        Hong Kong        London        Los Angeles        Munich        San Francisco        Washington, D.C.

Hartwell P. Morse, III, Esq.
April 2, 2007
Page 2


MedPointe's "First Revised Meda Privilege Log" reflecting this change.  MedPointe will
produce this communication.

        We reiterate that the "Revised Apotex Privilege Log," produced on March 16,
2007, fails to conform to the requirements of Fed. R. Civ. P. 26 in a number of different respects.
First, your revised log contains a number of entries that do not contain, reflect, or relate to legal
advice and, at least in the case of entry #211, also do not involve any legal personnel.  Please
immediately produce these documents.  (*See, e.g.,* Apotex Privilege Log at Beg. Bates ## 36, 60,
84, 108, 136, 140, 143, 210, 211, and 212.)  Second, Apotex continues to claim work-product
protection for a number of communications despite the absence of any indication that the
documents were prepared for the purpose of litigation.  (*See, e.g.,* Apotex Privilege Log at Beg.
Bates ## 36, 60, 84, 135, 136, 140, 143 and 144).  Third, the manner in which the log records
e-mail conversations does not permit us to ascertain the applicability of the attorney-client
privilege.  Every e-mail communication in the e-mail thread is logged under one entry, with one
description.  Thus, a number of e-mail communications between non-lawyers are marked as
privileged because later communications in the e-mail thread involve legal personnel.  Please
revise the "Revised Apotex Privilege Log" to provide a separate privilege log entry and
description for each communication in the e-mail chain.  Fourth, we cannot assess Apotex's
privilege claim regarding the communication bearing Beg. Bates. # 152 because no author is
provided.  Please immediately provide the author of this document.  If you do not intend to
correct these deficiencies, either through production of the relevant documents or appropriate
revisions to the log, please advise when you are available for a meet-and-confer.

                        Sincerely,

                        Michael J. Gulliford



Enclosures

# EXHIBIT B

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

To Call Writer Directly:
212-446-4726
mgulliford@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

Dir. Fax: 212 446-4900

May 4, 2007

**BY FEDERAL EXPRESS AND E-MAIL**

Hartwell P. Morse III, Esq.
Welsh & Katz, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606-3912

Re:    *MedPointe Healthcare Inc. v. Apotex Inc. and Apotex Corp.,*
       Civil Action No. 06-164-SLR (D. Del.)

Dear Hartwell,

Enclosed for production please find a CD containing documents bearing production numbers SK 0000001 – SK 0001215, produced by Sterne, Kessler, Goldstein & Fox, P.L.L.C ("Sterne Kessler"), pursuant to MedPointe's Objections to Apotex's Subpoena For Documents From Sterne, Kessler, Goldstein & Fox, P.L.L.C, served February 16, 2007 (D.I. 55-2). Certain of these documents have been designated Confidential-Subject To Protective Order under the Stipulated Protective Order entered in this action. The CD has also been designated Confidential-Subject to Protective Order. Please limit disclosure of these documents and the CD as required by the Stipulated Protective Order.

Enclosed for production please also find a CD containing a license agreement bearing production numbers AS 0007908 – AS 0007950, which was intended to have been produced at AS 0007089 – AS 70007123. Also on this CD is a document bearing production numbers CB 0000377 – CB 0000380, which was inadvertently logged on the Carella Byrne Privilege Log. Both of these documents, as well as the CD, have been designated Confidential - Subject to Protective Order - Outside Counsel Eyes Only. Please limit disclosure of these documents and the CD as required by the Stipulated Protective Order.

Please also find enclosed MedPointe's Sterne Kessler Privilege Log, Carella Byrne Privilege Log, and Second Revised Meda Privilege Log. The Second Revised Meda Log has been updated to reflect the removal of three documents from the First Revised Meda Privilege Log that were produced to Apotex on April 25, 2007. Each Privilege Log has been designated Confidential - Subject to Protective Order. For purposes of the Privilege Logs, please note that Gary Evans was the Vice President of Field Sales Operations at Carter-Wallace and Istvan Szelenyi was the Laboratory Head of Pharmacology at Asta Pharma.

Chicago        Hong Kong        London        Los Angeles        Munich        San Francisco        Washington, D.C.

Hartwell P. Morse III, Esq.
May 4, 2007
Page 2


        During our April 20, 2007 meet-and-confer, I reiterated our position that the
Apotex documents bearing Beg. Doc #s 210 and 211, which do not involve legal personnel and
do not reflect or relate to legal advice, are improperly logged as privileged on the Apotex
Privilege Log.  Although you represented that you would review the documents and follow up
with me regarding your findings, you have not done so.  Please immediately produce these
documents.

                                        Sincerely,

                                        Michael J. Gulliford


Enclosures

cc:     Stephen P. Benson (via E-mail)