19

Beispiel 4:

Augentropen mit 0,05 % Azelastinhydrochlorid.

140 g Polyvinylalkohol (Handelsname zum Beispiel: Mowiol
26 - 88 / Hoechst AG, Frankfurt 80) werden in 4 Liter
kaltes Wasser für Injektionszwecke eingerührt, die
Suspension auf 90°C erwärmt und 45 Minuten bei dieser
Temperatur belassen. Die erhaltene Lösung wird mit
folgenden Lösungen gemischt: 5 g Azelastinhydrochlorid
in 1 Liter Wasser für Injektionszwecke, 0,2 g
Phenylquecksilbernitrat in 2 Liter Wasser für
Injektionszwecke, 70 g Natriumchlorid in 1 Liter Wasser
für Injektionszwecke.

Die Mischung wird durch Zusatz von 0,1 N Natronlauge für
einen pH-Wert von 6,8 eingestellt, mit einer Lösung von
15 g Natriumdihydrogenphosphat.2 $H_2O$
und 21 g Dinatriumhydrogenphosphat.2 $H_2O$ in 1 Liter
Wasser für Injektionszwecke vermischt und mit Wasser für
Injektionszwecke auf 10 Liter aufgefüllt.

Nach sorgfältigem Mischen wird die Lösung durch ein
Membranfilter der Porenweite 0,2 µm mit Glasfaservor-
filter filtriert und nach Verwerfen eines Vorlaufs von
500 ml unter aseptischen Bedingungen in sterile Augen-
tropfenflaschen abgefüllt.

MP0048

20

Azelastin enthaltende Arzneimittel zur Anwendung in der
Nase und/oder am Auge

Zusammenfassung:

Arzneimittel zur nasalen Anwendung oder zur Anwendung am
Auge, welches als Wirkstoff Azelastin enthält, wobei das
Azelastin auch in Form eines physiologisch verträglichen
Salzes vorliegen kann.

MP0049

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/268,772 | 11/09/88 | HETTCHE | H | 69931B7217PH |

CUSHMAN, DARBY & CUSHMAN
ELEVENTH FLOOR
1615 L STREET, N.W.
WASHINGTON, DC  20036

| EXAMINER |
|---|
| PRATER, P |

| ART UNIT | PAPER NUMBER |
|---|---|
| 158 | 2 |

06/23/89

☑ This application has been examined.    ☐ Responsive to communication filed on _____    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), ___ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.  35 U.S.C. 133

**Part I**    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☑ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II**    SUMMARY OF ACTION:

1. ☑ Claims ___1-18___ are pending in the application.

Of the above, claims ___ are withdrawn from consideration.

2. ☐ Claims ___ have been cancelled.

3. ☐ Claims ___ are allowed.

4. ☑ Claims ___1-18___ are rejected.

5. ☐ Claims ___ are objected to.

6. ☐ Claims ___ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____, has been ☐ approved. ☐ disapproved (see explanation).

12. ☑ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☑ been received ☐ not been received
☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**MP0050**

Serial No. 268,772

Art Unit 158

-2-

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Subject matter developed by another person, which qualifies as prior art only under subsection (f) and (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

Claims 1-18 are rejected under 35 U.S.C. 103 as being unpatentable over Engel et al in view of Barnes, Ashkenaz, Mendl, or Arp.

Azelastine is a phthalazinone derivative similar in structure to formulas I and II of Engel et al. Engel et al (col. 8, line 4) indicates that his compositions perform in a manner comparable to that of Azelastine. The compositions of Engel et al are antiallergic and are useful in fighting asthma, as are azelastine. The criticality of the percentages and ranges disclosed in claims 2-5 and 18 is not readily apparent to the examiner and should be supported by the submission of comparative data.

Engel et al discloses in col. 8, lines 39-42 that his composition may be applied to the skin and mucous

MP0051

Serial No. 268,772

Art Unit 158

-3-

membranes (presumably including the eye and nose as applicant indicates in claims 1 and 12 azelastine) may be used. The medicament may be in solution. Engel et al discloses (col. 8, line 25) that the solution may be either oily or aqueous. Applicant makes similar disclosures in claims 6, 7 and 10. The solvents of claim 8 are not specifically mentioned in Engel et al. Aerosols are disclosed in col. 8, line 23 of Engel et al. Spraying is disclosed in claim 9 of applicant. Powders are disclosed in col. 8, line 23. Applicant makes similar disclosures in claims 11 and 18.

Barnes discloses droppers for dispensing solutions. Applicant discloses the use of an eye dropper as a dispenser in claim 13.

Ashkenaz discloses a pump sprayer which may be used as applicant discloses in claim 14.

Mendl discloses an atomizer which functions in a manner similar to that disclosed in claims 15 and 16.

Arp discloses a tube for dispensing ointment as disclosed in col. 17.

Claims 13-17 involve using novel compounds in known methods of dispensing. They are rendered obvious by In re Durden, 763 F.2d 1406 (Fed. Cir. 1985).

The motivation to combine Engel et al with Barnes, Ashkenaz, Mendl or Arp stems from the fact that Engel et

MP0052

Serial No. 268,772

Art Unit 158

–4–

al discloses a medicament and Barnes, etc. disclose means of dispensing this medicament. It would therefore have been obvious to one of ordinary skill in the art of treating bronchial problems that azelastine may be dispensed in the conventional manner disclosed in claims 13-17.

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Thomas et al, Vogelsang and Ehbrecht are disclosed as further examples of phthalazinones and dispensing means.

Any inquiry concerning this communication should be directed to Prater at telephone number 703-557-6525.

Prater:jaw

6/15/89

6/22/89

THURMAN K. PAGE
PRIMARY EXAMINER
ART UNIT 158

MP0053

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) MH | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 07/268 772 | GROUP ART UNIT 158 | ATTACHMENT TO PAPER NUMBER 2 |
|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) Hettche | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 4 7 6 9 3 6 9 | 9/88 | THOMAS ET AL. | 514 | 234,5 | |
| | B | 4 7 0 4 3 8 7 | 11/87 | ENGEL ET AL. | 514 | 212 | |
| | C | 3 8 1 3 3 8 4 | 5/74 | VOGELSANG | 546 | 133 | |
| | D | 2 9 9 5 3 0 8 | 8/61 | ASHKENAZ | 239 | 302 | |
| | E | 2 1 3 6 9 4 0 | 11/38 | ENGBRECHT | 222 | 394 | |
| | F | 2 4 5 7 0 2 4 | 12/48 | ARP | 340 | 108 | |
| | G | 2 1 1 9 6 4 3 | 6/38 | MENDL | 222 | 394 | |
| | H | 1 5 8 5 6 4 | 1/75 | BARNES | 141 | 24 | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | MP0054 |
| U | |

| EXAMINER P. Prater | DATE 6/7/89 | |
|---|---|---|

JC

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

430.00 11 7 C P 158

MAIL ROOM
DEC 26 1989
PAT. & TRADE MARK OFF.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

PATENT

3 paw
1-12-90

In re PATENT Application of

Helmut HETTCHE

Serial No. 07/268,772

Filed: November 9, 1988

For: AZELASTINE – CONTAINING MEDICAMENTS

Group Art Unit: 158

Examiner: P. Prater

December 26, 1989

* * * * *

Hon. Commissioner of Patents
and Trademarks
Washington, D.C. 20231

Dear Sir:

RECEIVED

JAN 10 1989

GROUP 150

The applicant respectfully requests reconsideration of
the rejection of claims 1-18 in the Office Action dated
June 23, 1989.

The basis of the rejection is that the Examiner consid-
ers the claimed method, composition and articles to be <u>prima
facie</u> obvious from the disclosure of Engel et al patent
4,704,387 in view of four secondary references. Engel et al
discloses compounds whose structures are similar to that of
the presently claimed azelastine, differing in the R group.
In the Engel patent, R is benzyl, phenethyl, methoxyethyl or
allyl, whereas, in the present invention, the corresponding
group is methyl. Barnes, Ashkenaz, Mendl and Arp are cited
in connection with dependent claims 13-17, but are not un-
derstood to add to the relevance of Engel et al to ap-
plicant's method claims.

While the process of applicant's claims 1-12 may be
<u>prima facie</u> obvious, that process is not obvious because it
produces an <u>unobvious</u> result. Applicants have conducted
comparative experiment which demonstrate this advantage.
Regrettably, the results of these experiments have come to

140  01/05/90  07268772                    1 117      430.00 CK

MP0055

Helmut HETTCHE
Serial No. 07/268,772
Page 2

hand only a few days ago, and so there has not been suffi-
cient time to obtain a declaration. Therefore, the data is
presented below. We will submit a declaration as soon as it
can be obtained, after the Christmas holiday season.

The experiments are based on the fact that an allergic
reaction in the eyes or the nose results from the liberation
of histamine from mast cells as a result of the action of an
antigen. The liberated histamine causes rhinitis symptoms.

The effectiveness of azelastine in preventing these
symptoms in the eyes and the nose can be determined by
measuring its effectiveness in preventing the liberation of
histamine from sensitized rat peritoneal mast cells. The
mast cells are incubated first with a test substance and
then challenged with antigen. The amount of histamine
released is measured, and this is compared with the total
potential release of histamine. The amount of inhibition of
histamine release is calculated for each test substance.

In the case of azelastine, the inhibition was 47.1%
whereas, in the case of the compound of Example 1 of the
cited Engel patent, the inhibition was only 24.4%.

Thus, azelastine was about twice as effective as the
compound of Example 1 of the Engel patent. This result is
surprising and unexpected.

For this reason, it is submitted that the claimed pro-
cess is unobvious.

In regard to claims 13-17, the Examiner cites In re
Durden 763 F.2d 1406 (Fed.Cir. 1985), but that case is not
thought to be relevant to the present case. In Durden, the
court dealt with the obviousness of a process of making a
novel compound, using a starting material which had not pre-
viously been used for that process. The process itself was

Helmut HETTCHE
Serial No. 07/268,772
Page 3

known. The court held that the process was obvious, but it
cautioned against using its decision as precedent in other
situations:

> We reiterate another principle followed
> in obviousness issue cases, which is to
> decide each case on the basis of its own
> particular fact situation. What we or
> our predecessors may have said in dis-
> cussing different fact situations is not
> to be taken as having universal applica-
> tion.

The present case involves, in the case of claims 13-17,
various forms of apparatus for dispensing azelastine into
nasal or eye tissues. This is a different fact situation
from the Durden case. For the reason given in the quoted
passage, we submit that Durden does not deal with the
patentability of this type of claim.

Furthermore, in Durden, the Court distinguished the
fact situation from that in In re Kuehl, 475 F.2d 658
(C.C.P.A. 1973) where the result of the process was not
foreseeable. In the present case, where there is evidence
of a surprising result, it is submitted that the holding of
Durden is not applicable, for the same reason as that which
distinguished Durden from Kuehl.

The Kuehl case is much more relevant to the present
case than Durden. The question in Kuehl was whether it was
obvious to use a new zeolite in a catalytic process which
had been used previously with other zeolites. The Court
held that prior cases, relating to the obviousness of using
a known process of making a new substance, were not relevant
to that question. Further, the Court held that it was ap-
propriate to consider the surprising result which was
achieved with the new zeolite:

> We note that in the present case the
> novel catalyst, ZK-22, is not merely it-
> self reduced but itself catalyzes the

**MP0057**

Helmut HETTCHE
Serial No. 07/268,772
Page 4

hydrocarbon charge in the claimed pro-
cess, a result that was not predictable
until appellant had made his invention.

In the present case, the claimed articles produce a
result which was not foreseeable from the teachings of the
prior art, and, therefore, it is submitted that the articles
of claims 13-17 are patentable.

Favorable reconsideration and allowance are respectful-
ly requested.

The applicants have informed us that the following
documents have been cited in counterparts of the present ap-
plication:

German Application:

Published German Patent Application DE-OS 21 64 058,
corresponding to U.S. Patent 3,813,384

Arzneimittel, Fortschritte 1972-1985, Pages 936 and 939
(1977)

Org.-Chem. drugs and their symptoms, Vol. III,m No.
6496 (1987)

European Application:

German Patent Application 3 530 793, corresponding to
U.S. Patent 4,704,387.

Copies of these documents are attached.

Respectfully submitted,

CUSHMAN, DARBY & CUSHMAN

By _Lawrence A. Hymo_

Lawrence A. Hymo

Reg. No. 19,057

MP0058



PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re PATENT APPLICATION of Helmut HETTCHE

Serial No. 07/268,772

Filed: November 9, 1988

Title:  AZELASTINE - CONTAINING MEDICAMENTS

Group Art Unit 158

Examiner P. Prater

Ref. No. 69931/87 217 PH
Our Account No. 03-3975
Our Order No. 326/69931

Date: December 26, 1989

Hon. Commissioner of Patents
and Trademarks
Washington, D.C. 20231

Dear Sir:

## RESPONSE/AMENDMENT/LETTER

This is a response/amendment/letter in the above-identified application and includes the herewith attachment of same date and subject which is incorporated hereinto by reference and the signature below is to be treated as the signature to the attachment in the absence of a signature thereto.

Fee requirements (if any) have been calculated as shown below.

### CLAIMS AS AMENDED

| | Claims remaining after amendment | | Highest Number previously paid for | Present Extra | | | Additional Fee |
|---|---|---|---|---|---|---|---|
| Total Effective Claims | 18 | minus | 20 | = 0 | X $12.00 = | $ | 0.00 |
| Independent Claims | 7 | minus | 7 | ≈ 0 | X $34.00 = | $ | 0.00 |

If amendment enters *proper* multiple dependent claim(s) into this application for *first* time, add $110.00 (per application)                                          $    0.00

If *Terminal Disclaimer* enclosed, add Rule 20(d) Official fee ($56):                    $    0.00

Petition is hereby made to extend the original due date of September 23, 1989, to cover the date this response is filed for which the requisite fee is enclosed (1 month $56; 2 months $170; 3 months $390):                                      $   430.00

Subtotal                                                                              $   430.00

*Less* any previous extension fee *paid* since above original due date                   $    0.00

Subtotal                                                                              $   430.00

If "small entity" verified statement filed [] previously, [] herewith, enter one-half (1/2) of subtotal and subtract                                                     $    0.00

TOTAL ADDITIONAL FEE ENCLOSED                                                          $   430.00

The Commissioner is hereby authorized to charge any fee specifically authorized hereafter, or any missing or insufficient fee(s) filed, or asserted to have been filed herewith or concerning any paper filed hereafter, and which may be required under Rules 16-18 (*missing or insufficiencies only*) now or hereafter relative to this application and the resulting Official Document under Rule 20, or credit any overpayment, to our Account/Order Nos. shown in the heading hereof, for which purpose a *duplicate* copy of this sheet is attached.  This statement does not authorize charge of the *issue* fee until/unless an issue fee transmittal sheet is filed.

1615 L Street N.W.
Washington, D.C. 20036
Tel: (202) 861-3000
Ref:

CUSHMAN, DARBY & CUSHMAN
By Atty: Lawrence A. Hymo
Reg. No. 19,057
Sig: Lawrence A. Hymo

**MP0059**

Form PTO-1449
(REV. 2-83)

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

**INFORMATION DISCLOSURE STATEMENT
BY APPLICANT**
(Use several sheets if necessary)

| ATTY. DOCKET NO. | | Sheet 1 of 1 |
|---|---|---|
| 69931/88 217 PH | | SERIAL NO. 07/268,772 |
| APPLICANT Helmut HETTCHE | | |
| FILING DATE November 9, 1988 | | GROUP 158 |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | 4 7 0 4 3 8 7 | 1987 | Engel | 514 | 212 | |
| | 3 8 1 3 3 8 4 | 1974 | Vogelsang et al | 546 | 133 | |
| | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| | Org.-Chem. drugs and their synonyms, Vol. III, No. 6496 (1987) |
| | Arzneimittel, Fortschritte 1972-1985, Pages 936 and 939 (1977) |

EXAMINER *P Prate*                    DATE CONSIDERED  6/27/90

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication.

**MP0060**



FEB 15 1990

#4

PATENT 2-15-90

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re PATENT Application of

Helmut HETTCHE

Serial No. 07/268,772                    Group Art Unit: 158

Filed: November 9, 1988                  Examiner: P Prater

For: AZELASTINE-CONTAINING MEDICAMENTS

February 12, 1990

\*   \*   \*   \*   \*

Hon. Commissioner of Patents
       and Trademarks
Washington, D.C. 20231

Dear Sir:

   Supplementing the response filed December 26, 1989, we enclose a declaration by Dr. Szelenyi which describes the experiments which were discussed in that response. The applicant submits that the information in the declaration supports the patentability of the claims, for the reasons given in that response.

                          Respectfully submitted,
                          CUSHMAN, DARBY & CUSHMAN

                          By_____
                             Lawrence A. Hymo
                             Reg. No. 19,057

1615 L Street N.W.
Washington, D.C. 20036

Telephone (202) 861-3000

Inhibition of a___rgic histamine release from ra___eritoneal mast cells

Materials and methods

Sensitization procedures and collection of peritoneal mast cells

Male Sprague-Dawley weighing between 300 and 500 g were sensitized by subcutan
injection of 15 mg whole egg white (Sigma Chemical) and killed Bordetella
pertussis organisms (5 x $10^{10}$). Four weeks later, mixed peritoneal cells (3 -
5 % mast cells) were harvested in Tris-Gel buffer (composition, mM: Tris, 25;
NaCl, 120; KCl, 5; and gelatin 0.01 %, pH 7.6) from peritoneal cavity of rats.
The cells were centrifuged and suspended in Tris-Gel CM buffer of the
following composition (mM): Tris, 25; NaCl, 120; KCl, 5; $CaCl_2$, 0.6; $MgCl_2$, 1;
and 0.01 % gelatin, pH 7.6
Predetermined concentrations of whole egg white (50 µg/ml) and phosphatidyl-
serine (PS, 10 µg/ml, known to enhance allergic histamine secretion) were
selected to examine the influence of the drug on allergic histamine release
from rat peritoneal mast cells in Tris-Gel CM buffer.

Inhibition of histamine release by drug

Reaction mixtures containing 2 x $10^6$ peritoneal cells (3-5 % mast cells) were
preincubated in presence of the drug in polypropylene tubes at 37°C for 15
min. After antigen challenge (final concentration = 50 µg/ml), the cell
suspensions were incubated for an additional 30 min at 37°C and then
centrifuged at 2000 rpm for 5 min at 4°C. Histamine in the supernatant was
measured by the fluormetric method from Shore et al. (1959), [Kopie ist beigefügt].
Histamine release, corrected for the spontaneous release, was expressed as a
percentage of the total cell content. Total histamine from a separate,
duplicate cell suspension was released by boiling for 10 min. Histamine
release induced by whole egg white was assayed in the presence and absence of
drug.

MP0062



RECEIVED.

FEB 15 1990

GROUP 150    PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re PATENT Application of

Helmut HETTCHE

Serial No. 07/268,772              Group Art Unit: 158

Filed: November 9, 1988            Examiner: P. Prater

For: AZELASTINE - CONTAINING MEDICAMENTS

DECLARATION UNDER 37 CFR 1.132

Hon. Commissioner of Patents
        and Trademarks
Washington, D.C. 20231

Dear Sir:

    I, Istvan Szelenyi, declare and state as follows:

1.   I am a physician, and my training and experience have
made me familiar with the effect of substances in
treatment of the effects of allergins on nasal and eye
tissues.  Experiments have been conducted under my su-
pervision to determine the effects of compounds dis-
closed in the above-identified application and the
cited U.S. Patent 4,704,387.

2.   The experiments are based on the fact that an allergic
reaction in the eyes or the nose results from the
liberation of histamine from mast cells as a result of
the action of an antigen.  The liberated histamine
causes rhinitis symptoms.

3.   The effectiveness of azelastine in preventing these
symptoms in the eyes and the nose can be determined by
measuring its effectiveness in preventing the libera-
tion of histamine from sensitized rat peritoneal mast
cells.  The sensitivity of the cells is achieved
through treatment with ovalbumin.  The mast cells are
incubated first with a test substance and then chal-
lenged with antigen.  The amount of histamine released

Helmut HETTCHE
Serial No. 07/268,772
Page 2

is measured, and this is compared with the total poten-
tial release of histamine.  The amount of inhibition of
histamine release is calculated for each test sub-
stance.  The test procedure is described in the at-
tached Appendix A.

4.    In the case of azelastine, the inhibition of liberation
of histamine was 47.1% whereas, in the case of the com-
pound of Example 1 of the cited Engel patent, the in-
hibition was only 24.4%.

5.    Thus, azelastine was about twice as effective as the
compound of Example 1 of the Engel patent.

I further declare that all statements made herein of my
own knowledge are true and that all statements made on in-
formation and belief are believed to be true and further
that these statements were made with the knowledge that
willful false statements and the like so made are punishable
by fine or imprisonment, or both, under Section 1001 of
Title 18 of the United States Code and that such willful
false statements may jeopardize the validity of the applica-
tion or any patent issuing thereon.

07/23/90                    Istvan Szelenyi

IN THE UNI STATES PATENT AND TRADEM K OFFICE

PATENT
APPLICATION

n re PATENT APPLICATION of
nventor(s): HETTCHE

ppln No.: 0 7 /268,772

series code † ‡ serial n

RECEIVED
FEB 12 1990
GROUP 150

Group Art Unit     158

Examiner   P. Prater

iled:   November 9, 198

itle:   AZELASTINE-CONTAINING
        MEDICAMENTS

Atty. Dkt.  69931     / 87 217 PH
                              M# / Client Ref.
(Our Deposit Account No. 03-3975)
(Our Order No.   326      /69931
                              C# /    M#

ion. Commissioner of Patents and Trademarks
ashington, D.C.   20231

Date:  February 12, 1990

15X

ir:                    SUPPLEMENTAL RESPONSE

                       ~~PRELIMINARY AMENDMENT/LETTER~~

    This is a response/amendment/letter in the above-identified application and includes the
erewith attachment of same date and subject which is incorporated hereinto by reference and the
ignature below is to be treated as the signature to the attachment in absence of a signature
hereto.

* * * * * * * * * * * *
* Query: is appeal *
* deadline now? If  *
* so, file Notice of *
* Appeal separately *
* * * * * * * * * * * *

FEE REQUIREMENTS FOR CLAIMS AS AMENDED

| | Claims remaining after amendment | Highest number previously paid for | Present Extra | Additional Fee |
|---|---|---|---|---|
| Total Effective Claims | * _____ | minus ** _____ = _____ | X $12.00 = | $ -0- |
| Independent Claims | * _____ | minus *** _____ = _____ | X $36.00 = | $ _____ |

· If amendment enters proper multiple dependent claim(s) into this
    application for first time - - - - - - - - - - add $120.00 + _____
· Original due date:  [ ] None;  [ ] (date)
· Petition is hereby made to extend the original due date to cover the
    date this response is filed for which the requisite fee is attached
    (1 month $62; 2 months $180; 3 months $430): - - - - - - - - - - + _____
· If Terminal Disclaimer attached, add Rule 20(d) Official fee ($62) - - - - - + _____
                                                    Subtotal $ -0-
· If "small entity" verified statement filed [ ] previously, [ ] herewith,
    enter one-half (1/2) of subtotal - - - - - - - - - - and subtract - _____
                                                    Subtotal $ _____
0. Enter any previous extension fee paid since above original due date (item 4)
                                                    and subtract - _____
1.                                                  Subtotal $ _____
2. *If the entry in this space is less than entry in the next space, the "Present Extra" result is "0".
3. **If the "Highest number previously paid for" in this space is less than 20, write "20" in this space.
4. ***If the "Highest number previously paid for" in this space is less than 3, write "3" in this space.
                                      TOTAL FEE ATTACHED $ -0-

CHARGE STATEMENT: The Commissioner is hereby authorized to charge any fee specifically authorized hereafter, or any missing or insufficient fee(s) filed,
r asserted to be filed, or which should have been filed herewith or concerning any paper filed hereafter, and which may be required under Rules 16-18 (missing
· insufficiencies only) now or hereafter relative to this application and the resulting Official Document under Rule 20, or credit any overpayment, to our
ccount/Order Nos. shown in the heading hereof, for which purpose a duplicate copy of this sheet is attached.

his CHARGE STATEMENT does not authorize charge of the issue fee until/unless an issue fee
ransmittal sheet is filed.

615 L Street N.W.          CUSHMAN, DARBY & CUSHMAN
leventh Floor             By Atty: Lawrence A. Hymo          Reg. No.  19,057
ashington, D.C. 20036-5601
el: 861-3000              Sig: _____          Tel.: 861- 3015
tty/Sec:  LAH/dah

DC-120  6/89(PC)  NOTE:  File this cover sheet in duplicate with post card receipt (CDC-103)
                         and attachments

MP0065



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/268,772 | 11/09/88 | HETTCHE | H | 6993187217PH |

CUSHMAN, DARBY & CUSHMAN
ELEVENTH FLOOR
1615 L STREET, N.W.
WASHINGTON, DC  20036

| EXAMINER |
|---|
| PRATER, P. |

| ART UNIT | PAPER NUMBER |
|---|---|
| 158 | |

03/26/90

☐ This application has been examined   ☑ Responsive to communication filed on 12/26/89   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.   35 U.S.C. 133

**Part I**   **THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II**   **SUMMARY OF ACTION**

1. ☑ Claims ___1 – 18___ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims ___1 – 18___ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____, has been ☐ approved. ☐ disapproved (see explanation).

12. ☑ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☑ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

MP0066

Serial No. 268,772                                   -2-

Art Unit 158

The following is a quotation of 35 U.S.C. 103 which
forms the basis for all obviousness rejections set forth
in this Office action:

> A patent may not be obtained though the invention
> is not identically disclosed or described as set
> forth in section 102 of this title, if the
> differences between the subject matter sought to be
> patented and the prior art are such that the
> subject matter as a whole would have been obvious
> at the time the invention was made to a person
> having ordinary skill in the art to which said
> subject matter pertains. Patentability shall not
> be negatived by the manner in which the invention
> was made.

> Subject matter developed by another person, which
> qualifies as prior art only under subsection (f)
> and (g) of section 102 of this title, shall not
> preclude patentability under this section where the
> subject matter and the claimed invention were, at
> the time the invention was made, owned by the same
> person or subject to an obligation of assignment to
> the same person.

Claims 1-18 are rejected under 35 U.S.C. 103 as

being unpatentable over Engel et al.

The declaration supplied by the applicant, citing

as unexpected the effectiveness of azelastine as

compared with the preparation of Example 1 of Engel et

al, is incomplete. The applicant claims several

concentrations of azelastine in pharmaceutical

preparations but does not indicate what concentration

was used in the comparison studies. Only the terms

"drug" and azelastine in general were used.

Barnes, Ashkenaz, Mendl and Arp are hereby withdrawn

as references.

Applicant's arguments filed 2/12/90 have been fully

considered but they are not deemed to be persuasive.

MP0067

Serial No. 268,772                                        -3-

Art Unit 158

 

 

THIS ACTION IS MADE FINAL. Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a). The practice of automatically extending the shortened statutory period an additional month upon the filing of a timely first response to a final rejection has been discontinued by the Office. See 1021 TMOG 35.

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE (3) MONTHS FROM THE DATE OF THIS ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO (2) MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE (3) MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 CFR 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX (6) MONTHS FROM THE DATE OF THIS FINAL ACTION.

P. Prater:jaw

(703) 557-6525

03/15/90

ELLIS P. ROBINSON
SUPERVISORY PATENT EXAMINER
ART UNIT 158

MP0068

PATENT # 6

*(handwritten: 6-22-90)*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re PATENT Application of

Helmut HETTCHE

Serial No. 07/268,772                    Group Art Unit: 158

Filed: November 9, 1988                  Examiner: P Prater

For: AZELASTINE-CONTAINING MEDICAMENTS

* * * * *

I, Istvan Szelenyi, declare and state that I am the person whose declaration was submitted on February 12, 1990 in connection with the above patent application. I further declare and state that, in the experiments described in my previous declaration, the same amounts of the respective medicines were used, i.e., azelastine and the compound disclosed in Example 1 of U.S. Patent 4,704,387. In each case, the amount used was 10 $\mu$Mol/liter of mucus in the nasal cavity which was treated.

The concentration of the active component in the solution which was sprayed, in each case, was 0.01%, and 0.1 ml was sprayed in each case. In each case, the nasal cavity contained about 2.5 ml mucus. Assuming a molecular weight of about 400, it can be computed that the concentration of the active component in the nasal cavity was, as mentioned above, 10 $\mu$Mol/liter.

I further declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

Helmut HETTCHE
Serial No. 07/268,772
Page 2

06/01/90

Istvan Szelenyi

MP0070



PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re PATENT Application of

Helmut HETTCHE

Serial No. 07/268,772

Filed: November 9, 1988

For: AZELASTINE - CONTAINING MEDICAMENTS

Group Art Unit: 158

Examiner: P. Prater

June 18, 1990

\*  \*  \*  \*  \*

Hon. Commissioner of Patents
   and Trademarks
Washington, D.C. 20231

Dear Sir:

Responsive to the Office Action of March 26, 1990, the applicant respectfully requests reconsideration.

The Examiner has based his rejection on the lack of information in the previous declaration on the amounts of medication used in the experiments reported in the declaration. A new declaration has been prepared, signed by Dr. Szelenyi who also signed the previous declaration, and that declaration is attached. In the new declaration, Dr. Szelenyi describes the amounts of medication which he used in the previous experiments. Therefore, this declaration is thought to provide the information which the Examiner indicated was needed.

A full discussion of the distinctions between the present invention and the prior art is given in the amendment dated December 26, 1989. Applicant requests that the Examiner refer to that response for the reasons why the invention overcomes the prima facie case of obviousness which the Examiner felt was established by the prior art.

Helmut HETTCHE
Serial No. 07/268,772
Page 2

Favorable reconsideration and allowance are respectful-

ly requested.

Respectfully submitted,
CUSHMAN, DARBY & CUSHMAN

By _____
    Lawrence A. Hymo
    Reg. No. 19,057

1615 L Street N.W.
Washington, D.C. 20036

Telephone (202) 861-3000

MP0072

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

PATENT
APPLICATION

a re PATENT APPLICATION of
nventor(s):  HETTCHE

ppln No.: 0 7 / 268,772
series code ↑ ↑ serial No.

iled: November 9, 1988

itle: AZELASTINE – CONTAINING MEDICAMENTS

on. Commissioner of Patents and Trademarks
ashington, D.C.  20231

ir:

Group Art Unit_____158_____

Examiner____P. Prater_____

Atty. Dkt.  _69931_ / 87 217 PH
                        M# / Client Ref.
(Our Deposit Account No. 03-3975)
(Our Order No. __326__ / __69931__
                        C#   /   M#
Date: June 18, 1990
RESPONSE UNDER 37 CFR 1.116
EXPEDITED PROCEDURE
EXAMINING GROUP 158

RESPONSE/AMENDMENT/LETTER

This is a response/amendment/letter in the above-identified application and includes the
erewith attachment of same date and subject which is incorporated hereinto by reference and the
ignature below is to be treated as the signature to the attachment in absence of a signature
hereto.

\* \* \* \* \* \* \* \* \* \* \* \*
\* Query: is appeal \*
\* deadline now? If \*
\* so, file Notice of \*
\* Appeal separately \*
\* \* \* \* \* \* \* \* \* \* \* \*

FEE REQUIREMENTS FOR CLAIMS AS AMENDED

|  | Claims remaining after amendment | | Highest number previously paid for | | Present Extra | | Additional Fee |
|---|---|---|---|---|---|---|---|
| Total Effective Claims | \* 18 | minus | \*\* 20 | = | 0 | X $12.00 = | $ -0- |
| Independent Claims | \* 7 | minus | \*\*\* 7 | = | 0 | X $36.00 = | $ -0- |

If amendment enters proper multiple dependent claim(s) into this
application for first time(leave blank if this is a reissue appln)add $120.00 + _____

Original due date:  [ ] None;   [ X ] (date) June 26, 1990
Petition is hereby made to extend the original due date to cover the
date this response is filed for which the requisite fee is attached
(1 month $62; 2 months $180; 3 months $430): - - - - - - - - - - - - - +_____
If Terminal Disclaimer attached, add Rule 20(d) Official fee ($62) - - +_____
                                                                    Subtotal $_____
If "small entity" verified statement filed [ ] previously, [ ] herewith,
    enter one-half (1/2) of subtotal - - - - - - - - - - and subtract -_____
                                                                    Subtotal $_____
). Enter any previous extension fee paid since above original due date (item 4)
                                                          and subtract -_____
l.                                                   TOTAL FEE ATTACHED $ -0-
- \*if the entry in this space is less than entry in the next space, the "Present Extra" result is "0".
- \*\*if the "Highest number previously paid for" in this space is less than 20, write "20" in this space.
- \*\*\*if the "Highest number previously paid for" in this space is less than 3, write "3" in this space.

HARGE STATEMENT: The Commissioner is hereby authorized to charge any fee specifically authorized hereafter, or any missing or insufficient fee(s) filed,
sserted to be filed, or which should have been filed herewith or concerning any paper filed hereafter, and which may be required under Rules 16-18 (missing
insufficiencies only) now or hereafter relative to this application and the resulting Official Document under Rule 20, or credit any overpayment, to our
count/Order Nos. shown in the heading hereof, for which purpose a duplicate copy of this sheet is attached.

nis CHARGE STATEMENT does not authorize charge of the issue fee until/unless an issue fee
ransmittal sheet is filed.

i15 L Street N.W.
.eventh Floor
ishington, D.C. 20036-5601
l.: 861-3000
:ty/Sec: LAH/deb
)C-120  4/90(PC)

CUSHMAN, DARBY & CUSHMAN
By Atty: Lawrence A. Hymo      Reg. No. _19,057_

Sig: _____           Tel.: 861- _3015_

NOTE: File this cover sheet in duplicate with post card receipt (CDC-103)
      and attachments



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/268,772 | 11/09/88 | HETTCHE | | 6993107217PH |

CUSHMAN, DARBY & CUSHMAN
ELEVENTH FLOOR
1615 L STREET, N.W.
WASHINGTON, DC  20036

| EXAMINER |  |
|---|---|
| PRATER,P | |
| ART UNIT | PAPER NUMBER |
| 152 | 8 |

DATE MAILED:

*Below is a communication from the EXAMINER in charge of this application*     06/29/90

*COMMISSIONER OF PATENTS AND TRADEMARKS*

## ADVISORY ACTION

☑ THE PERIOD FOR RESPONSE:

☐ is extended to run _____ from the date of the Final Rejection

☐ continues to run _____ from the date of the Final Rejection

☑ expires three months from the date of the final rejection or as of the mailing date of this Advisory Action, whichever is later. In no event however, will the statutory period for response expire later than six months from the date of the final rejection.

Any extension of time must be obtained by filing a petition under 37 CFR 1.136(a), the proposed response and the appropriate fee. The date on which the response, the petition, and the fee have been filed is the date of the response and also the date for the purposes of determining the period of extension and the corresponding amount of the fee. Any extension fee pursuant to 37 CFR 1.17 will be calculated from the date that the shortened statutory period for response expires as set forth above.

☐ Appellant's Brief is due in accordance with 37 CFR 1.192(a).

☐ Applicant's response to the final rejection, filed _____, has been considered with the following affect, but it is not deemed to place the application in condition for allowance:

1. ☐ The proposed amendments to the claim and/or specification will not be entered and the final rejection stands because:

   a. ☐ There is no convincing showing under 37 CFR 1.116(b) why the proposed amendment is necessary and was not earlier presented.

   b. ☐ They raise new issues that would require further consideration and/or search. (See Note).

   c. ☐ They raise the issue of new matter. (See Note).

   d. ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal.

   e. ☐ They present additional claims without cancelling a corresponding number of finally rejected claims.

   NOTE: _____
_____
_____

2. ☐ Newly proposed or amended claims _____ would be allowed if submitted in a separately filed amendment cancelling the non-allowable claims.

3. ☐ Upon the filing of an appeal, the proposed amendment ☐ will be ☐ will not be, entered and the status of the claims in this application would be as follows:

   Allowed claims: _____

   Claims objected to: _____

   Claims rejected: _____

**MP0074**

   However:

   a. ☐ The rejection of claims _____ on references is deemed to be overcome by applicant's response.

   b. ☐ The rejection of claims _____ on non-reference grounds only is deemed to be overcome by applicant's response.

4. ☑ The affidavit, exhibit or request for reconsideration has been considered but does not overcome the rejection.

5. ☐ The affidavit or exhibit will not be considered because applicant has not shown good and sufficient reasons why it was not earlier presented.

☐ The proposed drawing correction ☐ has ☐ has not been approved by the examiner.

☑ Other *The combined declarations are not commensurate in scope with the claims. No basis is provided for assumption of molecular weight of 1400. Containers (cle, 13-17 are not novel. Cls 1 and 12 appear to be a Markush although it is not believed a Markush was intended. Cls 2-4 do not provide acceptable ranges of physiologically active salts. Cls 15 and 18 are indefinite.*

*Purnell Prater*



62.00 115. 60. 158

15C

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re PATENT APPLICATION of
Inventor(s): HETTCHE, H.

( Our Deposit Account No. 03-3975
( Our Order No. 326  / 69931
        C# / (Old) M#

Appln. No. 0 7 /268,772 RECEIVED
series code†  †serial no.

Group Art Unit: 158

Filed: Nov. 9, 1988      JUL 20 1990

Examiner: F. Prater

Title: AZELASTINE CONTAINING GROUP 150
MEDICAMENTS

Date: July 12, 1990

PETITION FOR EXTENSION OF TIME FOR COPENDENCY*

Honorable Commissioner of Patents and Trademarks
Washington, D.C.  20231

Sir:

1.      Applicant hereby petitions to extend the life of this application to and through at least the above date so as to copend with a continuing application for which extension the requisite fee is ($62 1 mo.; $180 2 mos.; $430 3 mos.; $680 4 mos.):                 $ 62 .00

2.  If "small entity" verified statement filed [ ] herewith, [ ] previously, enter one-half (1/2) of above and————————————subtract —      .00

3.                                                                           Subtotal $ 62 .00

4.  Enter any previous extension fee paid since last Action and————subtract —      .00

5.                        CHECK ATTACHED FOR FEE OF   $ 62 .00

        Please charge any missing or insufficient fee re this petition to our Deposit Account/Order Nos. shown in the heading hereof for which purpose a duplicate copy of this sheet is attached.

        Respectfully submitted,

        CUSHMAN, DARBY & CUSHMAN
        Atty: Lawrence A. Hymo            Reg. No. 19,057

Atty/Sec: LAH/dah
1615 L Street, N.W.     By _____      Tel.: 861- 3015
Eleventh Floor
Washington, D.C.  20036-5601
Tel.: 861-3000          *NOTE: This paper must be headed in the parent application of and filed in duplicate separately from Rule 60,62, continuation, division or CIP papers, with separate postcard.

100 TL 07/19/90 07268772              1 115    62.00 CK

CDC-111  4/89

MP0075

PATENT APPLICATION SERIAL NO. 07 551644

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

070 LH 07/18/90 07551644                    1 101      514.00 CK 62748/87-217

PTO-1556
(5/87)

**MP0076**

514.022 101 A

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

REQUEST FOR FILE WRAPPER CONTINUING APPLICATION UNDER 37 CFR 1.62 Page 1 of 4
(RULE 62)
For Design or Utility Applications

PATENT
APPLICATION

07 551644    BOX FWC

10/a

**MAILED JUL 12 1990 PAT. & TRADEMARK OFC**

The Hon. Commissioner of Patents
and Trademarks
Washington, D.C. 20231

Sir:

This is a RULE 62 Request for filing a

Prior Application:
Group Art Unit: ___158___
Examiner: _P. Prater_
Atty. Dkt.: _62748_ /87 217 PH
new M# / Client Ref.
(Our Deposit Account No. 03-3975
(Our Order No. _326_ /62748
C# / new M#

Date: _July 12, 1990_

[ ]    divisional

[x]    continuation (any restriction/election in parent [ ] is [ ] is not carried over)

[ ]    continuation-in-part without new Declaration (Rule 53(d))  [ ] without fee

[ ]    continuation-in-part with new Declaration attached hereto

application under Rule 62 of prior copending parent Application No. 0 7/268,772

filed on _Nov. 9, 1988_ , entitled _AZELASTINE CONTAINING MEDICAMENTS_
series code† †serial no.

by the following named inventor(s) who is/are [ X ] the same as,  [ ] less than all of
(see Item 17), [ ] more than (for CIP only), those named in that parent application:

1. Inventor/ _Helmut_      _Hettche_      _German_
   First      Middle Initial    Family Name      Citizenship
   Residence (City) _Dietzenbach_   (State/Foreign Country) _Germany_
   Post Office Address _Martinstrasse 23, D-6057 Dietzenbach_
   (include Zip Code) _Federal Republic of Germany_

2. Inventor _____
   First      Middle Initial    Family Name      Citizenship
   Residence (City) _____
   (State/Foreign Country)
   Post Office Address _____
   (include Zip Code) _____

3. Inventor _____
   First      Middle Initial    Family Name      Citizenship
   Residence (City) _____
   (State/Foreign Country)
   Post Office Address _____
   (include Zip Code) _____

NOTE: FOR ADDITIONAL INVENTORS, check box [ ] and attach sheet with same
information for each inventor starting with inventor No. 4 and number new page 1A.

1. [ ] The Examiner's attention is directed to both the second paragraph of guideline
(2) in MPEP 609 and to the last paragraph of MPEP 2001.06(b) and to the submission
in the prior application of the Information Disclosure Statement and document
copies filed on _____

CDC-110    10/89 (1)

MP0077

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**PATENT APPLICATION**

REQUEST FOR FILE WRAPPER CONTINUING APPLICATION UNDER 37 CFR 1.62 Page 1 of 4
(RULE 62)
For Design or Utility Applications

**BOX FWC**

07 551644

The Hon. Commissioner of Patents
and Trademarks
Washington, D.C. 20231

Sir:

This is a **RULE 62** Request for filing a

Prior Application:
Group Art Unit: __158__
Examiner: __P. Prater__
Atty. Dkt.: __62748__ / __87 217 PH__
                new M# / Client Ref.
(Our Deposit Account No. 03-3975
(Our Order No. __326__ __/62748__
                              C# / new M#

Date: __July 12, 1990__

[  ]  divisional

[ x ]  continuation (any restriction/election in parent [ ] is [ ] is not  carried over)

[  ]  continuation-in-part _without_ new Declaration (Rule 53(d))  [  ] without fee

[  ]  continuation-in-part with new Declaration attached hereto

application under Rule 62 of prior copending parent Application No. 0 7/268,772  ,
                                                                    series code† †serial no.
filed on __Nov. 9, 1988__ , entitled __AZELASTINE CONTAINING MEDICAMENTS__

by the following named inventor(s) who is/are [ X ] the same as,    [  ] less than all of
(see Item 17),   [  ] more than (for CIP only), those named in that parent application:

1.  Inventor __Helmut__ _____ __Hettche__ _____ __German__
            First    Middle Initial    Family Name        Citizenship

    Residence (City)__Dietzenbach__   (State/Foreign Country) __Germany__

    Post Office Address __Martinstrasse 23, D-6057 Dietzenbach__

       (include Zip Code) __Federal Republic of Germany__

2.  Inventor_____
            First    Middle Initial    Family Name        Citizenship

    Residence (City)_____   (State/Foreign Country)_____

    Post Office Address_____

       (include Zip Code)_____

3.  Inventor_____
            First    Middle Initial    Family Name        Citizenship

    Residence (City)_____   (State/Foreign Country)_____

    Post Office Address_____

       (include Zip Code)_____

NOTE:   FOR ADDITIONAL INVENTORS, check box [  ] and attach sheet with same
information for each inventor starting with inventor No. 4 and number new page 1A.

1.  [ ]  The Examiner's attention is directed to both the second paragraph of guideline
        (2) in MPEP 609 and to the last paragraph of MPEP 2001.06(b) and to the submission
        in the prior application of the Information Disclosure Statement and document
        copies filed on _____

CPC-110    10/89 (1)

MP0078

2.  Requirement of __ e 62: The above identified prior app __ ion in which no payment of the issue fee, aban. __ ent, or termination of proceedings __ occurred, is hereby expressly abandoned as of the filing date of this new application. Please use all the contents of the prior application file wrapper, including the drawings, as the basic papers for the new application. (Note: 37 CFR 1.60 (Rule 60) may be used for applications where the prior application is not to be abandoned and must be used if issue fee already paid in parent.)

3.  [x] Priority is claimed under 35 U.S.C. 119/365 based on filing in __Germany__
    of :                                                    (country)

| Application No. | Filing Date | Application No. | Filing Date |
|---|---|---|---|
| 1. P3738681.6 | Nov. 13, 1987 | 4. _____ | _____ |
| 2. _____ | _____ | 5. _____ | _____ |
| 3. _____ | _____ | 6. _____ | _____ |

    a.  [ ] _____ (No.) Certified copy/copies attached.
    b.  [X] Certified copy/copies previously filed on __Nov. 9, 1988__ in prior
            U.S. Application No. __07/268,772__ filed __Nov. 9, 1988__ .
    c.  [ ] Certified copy/copies filed during International stage of PCT/__/__
    d.  [ ] Priority is also claimed from PCT/__/__ filed _____

4.  [x] The prior application is assigned of record to __Asta Pharma AG__
        _____

5.  [ ] Attached is an Assignment to _____

6.  [x] The power of attorney in the prior application is to __Cushman, Darby &__
        __Cushman, Lawrence A. Hymo, Reg. No. 19,057__
                                      (Name, Reg. No.)
        the address of whom is as in item 8.

7.  [ ] Recognize as associate attorney _____

        (Name and Reg. No.; Address as in item 8 unless otherwise indicated)

8.  Address all future communications to Cushman, Darby & Cushman, Eleventh Floor, 1615 L Street, N.W., Washington, D.C. 20036-5601.

9.  Amend the specification by inserting before the first line the sentence: This is a [ ]
    [ ] continuation-in-part (CIP)    [X] continuation    [ ] division
    of Application No. 07/268,772 , filed Nov. 9, 1988 __, which__
    was abandoned upon the filing hereof

10. [ ] _____ (No.) Verified Statement(s) establishing "small entity" status under Rules 9 and
            27
    a.  [ ] filed in above prior application (and hence applicable hereto)
    b.  [ ] attached.

11. Petition to extend the life of the above prior application to at least the date hereof
    NOTE:  One box [X]   is being concurrently filed in that prior application (use Form
                         CDC-111).
           must be [ ]   was previously filed in that prior application (check length of
                         prior extension).
           X'd [ ]       is not necessary for copendency (double check before X'ing this
                         box).

MP0079

Page 3 of 4

12. **Requireme:  Rule 62:** It is understood that seer.   under 35 U.S.C. 122 is hereby waived to the extent that if information or access is available to any one of the applications in the file wrapper of a 37 CFR 1.62 application, be it either this application or a prior application in the same file wrapper, the Patent and Trademark Office may provide similar information or access to all the other applications in the same file wrapper.

13. [ ] Please enter the amendment previously filed on _____ but unentered in the above prior application.

14. [ ] Attached: ____ sheet(s) per set of drawing of Fig(s)_____:
    [ ] 1 set informal;       [ ] formal of size: [ ] A4   [ ] 13"   [ ] 14"

15. [ ] **PRELIMINARY AMENDMENT** to be entered before fee calculation (Do not make amendments here except cancellation of whole claims or multiple dependencies for purpose of reducing the filing fee per MPEP §§ 506 and 607; do not cancel all claims.):

16. [ ] Attached is a Rule 103(a) Petition to Suspend Action

17. Petition is hereby made requesting deletion as inventor(s) of the following who is/are not inventor(s) of the invention being claimed in this Rule 62 application:
    1. _____    2. _____
    3. _____    4. _____

18. [ ] This Rule 62 application is a continuation-in-part which discloses and claims additional matter.
    a. [ ] New Declaration is attached.
    b. [ ] This application is also filed under Rule 53(d) (without a Declaration) and hence filing fee is not enclosed.

### FILING FEE

**THE FOLLOWING FILING FEE IS BASED ON THE CLAIMS EXISTING IN THE PRIOR APPLICATION AS AMENDED AT 13 AND 15 ABOVE**

19. Basic Filing Fee (enter $370.00 unless Design Appln. in which case enter $150.00)  $ 370.00

20. Total Effective Claims  18  minus 20 =  * 0    x  $12.00  = - - - - - - - - - +  -0-

21. Independent Claims      7  minus 3 =  * 4    x  $36.00  = - - - - - - - - - + 144.00
    *if answer is zero or less, enter "0"

22. If any proper (ignore improper) multiple dependent claim is present, add $120.00  + _____

23.                                                      Subtotal  $ 514.00

24. If "small entity" status box 10 above is X'd, enter half (1/2) of subtotal and subtract - _____

25.                                              TOTAL FILING FEE  $ 514.00

26. If "assignment" box 5 above is X'd, - - - - - - - - - - - -add recording fee ($8.00)  + _____

27. If "petition" box 16 above is X'd, - - - - - - - - - - - -add petition fee ($120.00) + _____

28.                                              FEE ATTACHED  $ 514.00

CDC-110  10/89 (1)

29. [ ]  Preliminary Amendment **attached** (to be entered **after** signing Serial No.).

30. [ ]  The following PRELIMINARY AMENDMENT is to be entered **after** assigning Serial No.:

31. [ ]  Attached:

32.
### ADDITIONAL FEE CALCULATION FOR PRELIMINARY AMENDMENT PER BOXES 29/30

| | Claims remaining after amendment | Highest number previously paid for | Present Extra | | Additional Fee |
|---|---|---|---|---|---|
| 33. Total Effective Claims | *_____ minus | **_____ | = _____ | x $12.00 = | $_____ |
| 34. Independent Claims | *_____ minus | ***_____ | = _____ | x $36.00 = | +_____ |

35. If amendment enters proper multiple dependent claim(s) into this application for <u>first time</u>, add $120.00 (per application) - - - - - - - - - - - - - - + _____

36.                                                                     Subtotal  $_____

37. If "small entity" box 10 above is X'd, enter half (1/2) of subtotal - - - and <u>subtract</u> - _____

38.                                                           ADDITIONAL FEE  $_____

39.                                    plus FEE from item 26 on page 3  +_514.00_

40.                                                TOTAL FEE ATTACHED  $ 514.00

41. *If the entry in this space is less than entry in the next space, the "Present Extra" result is "0".

42. **If the "Highest number previously paid for" (see item 20) is less than 20, write "20" in this space.

43. ***If the "Highest number previously paid for" (see item 21) is less than 3, write "3" in this space.

44. The Commissioner is hereby authorized to charge any fee specifically authorized hereafter, or any missing or insufficient fee(s) filed or asserted to be filed or which should have been filed herewith or with any paper filed hereafter, and which may be required under Rules 16-18 (missing or insufficient fee only) now or hereafter relative to this application and the resulting Official document under Rule 20, or credit any overpayment, to our deposit Account/Order Nos. shown in the heading hereof for which purpose a duplicate copy of this sheet is attached. This statement <u>does not authorize</u> charge of the <u>issue</u> fee until/unless an issue fee transmittal form is filed.

1615 L Street N.W.               CUSHMAN, DARBY & CUSHMAN
Eleventh Floor                   By Atty:  Lawrence A. Hymo_____   Reg. No. 19,057_
Washington, D.C. 20036-5601
Tel: 861-3000
Atty/Sec: LAH/dah                Sig: _____   Tel.: 861- 3015_

NOTE: File this Request in <u>duplicate</u> with 2 post card receipts (CDC-103) & attachments if any.

CDC-110    10/89 (1)

MP0081



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/551,644 | 07/12/90 | HETTCHE | H    62748/87217P |

| EXAMINER |
|---|
| PICCONE,L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 152 | 11 |

CUSHMAN, DARBY & CUSHMAN
ELEVENTH FLOOR
1615 L STREET, N.W.
WASHINGTON, DC 20036-5601

DATE MAILED:           01/25/91

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined    ☐ Responsive to communication filed on _____    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), ___ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims _1 - 18_ _____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _1 - 18_ _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____. has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☒ Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has ☒ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**MP0082**

EXAMINER'S ACTION

PTOL-326 (Rev 9-89)

Serial No. 551,644                              -2-

Art Unit   152

15.

    Claims 1-4, 11, 12, 15 and 18 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

    Claim 1 use improper Markush language. Claim 1 should read....a member <u>selected from</u> the group.... Claims 2-4 refer to %'s of azelastine but do not indicate the applicability to the physcologically acceptable salts. Claim 12 has the same language as claim 1. The phrase "predetermined amount in claim 15 is indefinite. Claim 18 is improper and indefinite. What are conventional pharmaceutical carrier substances?

16.

    Claims 11 and 18 are rejected under 35 U.S.C. § 112, first paragraph, as the disclosure is enabling only for claims limited to those that are in the form of solutions, suspensions, oilments, creams, gels and dosage aerosols as disclosed on page 5 lines 15-16 of the specification. See M.P.E.P. §§ 706.03(n) and 706.03(z).

17.

    The following is a quotation of the appropriate paragraphs of 35 U.S.C. § 102 that form the basis for the rejections under this section made in this Office action:

    A person shall be entitled to a patent unless --
    (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the

MP0083

Serial No. 551,644                                          -3-

Art Unit   152


date of application for patent in the United States.

18.

Claims 1, 6, 7, 9, 10, 11 and 12 are rejected under 35
U.S.C. § 102(b) as being anticipated by Vogelsang U.S. Patent
3,813,384.

Vogelsang teaches the use of substituted benzyl phthalazone
derivities (column 1 line 15) as antihistamines (column 1 line
35). Azelastine is a species of the generic substituted benzyl
phthalazone at column 1 line 60 when $R_1$ = chloro, $R_2$ = H P=O and
y is a 7 member ring with an amine group with a methyl group as
one of its substituted groups. Azelastin is the compound of
Example 38 (column 10 line 30). 

Vogelsang discloses the use of azelastine in a
pharmaceutical preparation that can be administered in usual
embodiments such as tablets, dragers, drops ointments and creams.
(Column 6 line 66). Column 6 line 21 disclose the aerosol use of
a substituted benzyl phthalazone derivative. Thus claims 1, 6,
7, 9, 10, 11 and 12 are met.

19.

The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

A patent may not be obtained though the invention is not
identically disclosed or described as set forth in section
102 of this title, if the differences between the subject
matter sought to be patented and the prior art are such that
the subject matter as a whole would have been obvious at the
time the invention was made to a person having ordinary

Serial No. 551,644                              -4-

Art Unit  152

skill in the art to which said subject matter pertains.
Patentability shall not be negatived by the manner in which
the invention was made.

Subject matter developed by another person, which qualifies
as prior art only under subsection (f) or (g) of section 102
of this title, shall not preclude patentability under this
section where the subject matter and the claimed invention
were, at the time the invention was made, owned by the same
person or subject to an obligation of assignment to the same
person.

20.

Claims 2, 3, 4 rejected under 35 U.S.C. § 103 as being

unpatentable over Vogelsang teaches Azelastine in a composition

for direct administration to the nose of eye (column 1 line 57,

column 6 line 65) thus meeting claims 1 and 12. Vogelsang

teaches at column 7 line 2 that the recommended dosage of

substituted benzyl phthalazone derivative is .4 to 4 mg per day

for human patients. Claims 2, 3 and 4 would have been obvious

because the proportion or amount of each ingredient is a result

effective parameter dependant upon the desired medicinal effect.

It would have been obvious to adjust the amount of each

ingredient to optimize the effect. In the absence of new and

unexpected results which differ in kind and nature it would have

been obvious to vary the amount or proportion of each ingredient.

The declarations submitted on February 12, 1990 and June 18,

19990 are unconvincing as to new and unexpected results in that

they do not agree with the scope of the claims. All of the

claims in the subject application fall within a range of from

MP0085

Serial No. 551,644                    -5-

Art Unit  152

.0005 to 2% of azelastine by weight.  To be of any use the
declarations must show that an amount of Azelastine at the low
end, highend and mid-range, all gave unexpected results.

At column 11 line 27 Vogelsang discloses the addition of
binders, preservatives, fillers etc.  Claims 5, 8 and 18 would
have been obvious because Vogelsang teaches the addition of other
compounds to his composition so that his composition can be put
into the different embodiments of pharmaceutical preparations
(such as drop, ointments and creams column 6 line 69) and because
no criticality is shown with respect to the ingredients mentioned
in claim #8.

21.

Claims 13-17 are rejected under 35 U.S.C. § 103 as being
unpatentable over Vogelsang U.S. 3,813,384 in light of Barnes
U.S. 158,564, Ashkenaz U.S. 2,995,308, Mendl U.S. 119,643 and Arp
U.S. 2,457,024.

Vogelsang discloses Azelastine as an antihistamine.
Vogelsang does not disclose the use of an eyedropper, a pump
sprayer, an atomizer or a tube for dispensing ointment.  Barnes
discloses droppers for dispensing solutions.  Applicant discloses
the use of an eye dropper as a dispenser in claim 13.

Askenaz discloses a pump sprayer which may be used as
applicant discloses in claim 14.

Mendl discloses an atomizer which functions in a manner

MP0086

Serial No. 551,644                                                -6-

Art Unit  152


similar to that disclosed in claims 15 and 16.

Arp discloses a tube for dispensing ointment as disclosed in
col. 17.

Claims 13-17 would have been obvious because they involve
dispensing a known medication in a conventional manner.

Engel and Thomas et. al. are disclosed as further examples
of phthalazinones and dispensing means. Negwer is disclosed as
teaching Azelastine as a antihistamine medicament.

22.

Any inquiry concerning this communication or earlier
communications from the examiner should be directed to Louis A.
Piccone whose telephone number is (703) 308-2351.

Any inquiry of a general nature or relating to the status of
this application should be directed to the Group receptionist
whose telephone number is (703) 308-2351.


Piccone/lds
January 22, 1991
(703) 308-2351

THURMAN PAGE
PRIMARY EXAMINER
ART UNIT 152


**MP0087**

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP–APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3–78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 551 644 | GROUP ART UNIT 152 | ATTACHMENT TO PAPER NUMBER | 11 |
|---|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) Hettche | | | |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| ✗ | A | 3 8 1 3 3 8 4 | 5/28/74 | Vogelsang et. al. | 546 | 133 | |
| ✗ | B | 2 9 9 5 3 0 8 | 8/8/61 | Ashkenes | 239 | 302 | |
| ✗ | C | 1 5 8 5 6 4 | 1/12/1925 | Barnes | 141 | 24 | |
| ✗ | D | 2 1 1 9 6 4 3 | 6/7/38 | Mendl | 222 | 394 | |
| ✗ | E | 4 7 6 9 3 6 9 | 9/6/88 | Thomas et al. | 514 | 234.5 | |
| ✗ | F | 4 7 0 4 3 8 7 | 11/3/87 | Engel et. al. | 514 | 212 | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

**OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | | |
|---|---|---|
| ✗ | R | Negwer, Organic-Chemicals drugs and their synonyms, Volume II, (1987) Page 1145 |
| | S | |
| | T | |
| | U | |

MP0088

| EXAMINER Louis A. Piccone | DATE Dec. 18, 1990 | |
|---|---|---|

\* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

PATENT APPLICATION

re PATENT APPLICATION of
nventor(s): HETTCHE, Helmut

pln No.: 0 7 / 551,644 †
eries code † † serial no.

led: July 12, 1990

tle: AZELASTINE-CONTAINING MEDICAMENTS

Group Art Unit    152

Examiner    L. Piccone

Atty. Dkt.    62748    / 87-217 PH
                    M#    / Client Ref.
(Our Deposit Account No. 03-3975)
(Our Order No.    326    / 62748
                                        C#  /   M#

Date:    June 17, 1991

n. Commissioner of Patents and Trademarks
shington, D.C.  20231

r:

**RESPONSE/AMENDMENT/LETTER**

This is a response/amendment/letter in the above-identified application and includes the
rewith attachment of same date and subject which is incorporated hereinto by reference and the
ignature below is to be treated as the signature to the attachment in absence of a signature
hereto.

**FEE REQUIREMENTS FOR CLAIMS AS AMENDED**

RECEIVED

JUN 24 1991

GROUP 150

| 1. "Small Entity"<br>statement(s) filed<br>[ ] previously<br>[ ] herewith(____(No.)) | Claims<br>remaining<br>after<br>amendment | Highest<br>number<br>previously<br>paid for | Present<br>Extra | Additional<br>Fee |

Large/Small Entity

Total Effective Claims    *  18    minus  **  20    = _____    X  $20/$10  =  $ _____
Independent Claims    ,  *   7    minus  *** 7    = _____    X  $60/$30  =  $ _____
If amendment enters proper multiple dependent claim(s) into this
application for first time(leave blank if this is a reissue appln)add $200/$100    + _____
Original due date:  [ ] None;    [ x] (date) April 25, 1991
Petition is hereby made to extend the original due date to cover the
date this response is filed for which the requisite fee is attached
(Large/Small Entity: 1 month $100/$50; 2 months $300/$150; 3 months $730/$365):  + 300.00
If Terminal Disclaimer attached, add Rule 20(d) Official fee ($100/$50)- - - - -  +
                                                                                        Subtotal  $ 300.00
Enter any previous extension fee paid since above original due date (item 5)
).                                                                          and subtract    - _____
                                                                    TOTAL FEE ATTACHED    $ 300.00
.  *If the entry in this space is less than entry in the next space, the "Present Extra" result is "0".
.  **If the "Highest number previously paid for" in this space is less than 20, write "20" in this space.
.  ***If the "Highest number previously paid for" in this space is less than 3, write "3" in this space.

HARGE STATEMENT: The Commissioner is hereby authorized to charge any fee specifically authorized hereafter, or any missing or insufficient fee(s) filed,
asserted to be filed, or which should have been filed herewith or concerning any paper filed hereafter, and which may be required under Rules 16-18 (missing
insufficiencies only) now or hereafter relative to this application and the resulting Official Document under Rule 20, or credit any overpayment, to our
count/Order Nos. shown in the heading hereof, for which purpose a duplicate copy of this sheet is attached.

his CHARGE STATEMENT does not authorize charge of the issue fee until/unless an issue fee
ransmittal sheet is filed.

060 MC 06/21/91 07551644                    1 117        30.00 OK  Is appeal deadline
060 MC 06/21/91 07551644                    1 117       270.00    now?  If so, file Notice
                                                                    of Appeal separately.

515 L Street N.W.              CUSHMAN, DARBY & CUSHMAN
leventh Floor                  By Atty: Lawrence A. Hymo            Reg. No.  19,057
shington, D.C. 20036-5601                                          Fax: (202) 822-0944
l: (202) 861-3000              Sig: _____                       Tel.: (202) 861-3015
tty/Sec: LAH/mey

DC-120  4/91  NOTE:  File this cover sheet in duplicate with post card receipt (CDC-103)
                    and attachments

MP0089

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re PATENT Application of

Helmut HETTCHE

Serial No. 07/551,644                Group Art Unit: 152

Filed: July 12, 1990                 Examiner: L. Piccone

For: AZELASTINE-CONTAINING MEDICAMENTS

6-27-91
Linda B.

June 17, 1991

\* \* \* \* \*

RECEIVED

JUN 24 1991

GROUP 150

Hon. Commissioner of Patents
       and Trademarks
Washington, D.C. 20231

Dear Sir:

Responsive to the Office Action dated January 25, 1991, please amend the above-identified application as follows:

IN THE CLAIMS:

Rewrite claims 1-4 and 12 as follows:

1. (amended) A method for the treatment of irritation or disorders of the nose and eye which comprises applying directly to nasal tissues or to the conjunctival sac of the eye a medicament which contains a member [of] selected from the group consisting of azelastine and its physiologically acceptable salts.

2. (amended) A method as set forth in claim 1 in which the medicament contains 0.0005 to 2% (weight/weight) of azelastine or an amount of a physiologically acceptable salt of azelastine which contains 0.0005 to 2% (weight/weight) azelastine.

3. (amended) A method as set forth in claim 2 in which the medicament contains 0.001 to 1% (weight/weight) of azelastine or an amount of a physiologically acceptable salt of azelastine which contains 0.001 to 1% (weight/weight) azelastine.



**MP0090**

Helmut HETTCHE
Serial No. 07/551,644
Page 2

4    (amended) A method as set forth in claim 1 in which the medicament contains 0.003 to 0.5% (weight/weight) of azelastine or an amount of a physiologically acceptable salt of azelastine which contains 0.003 to 0.5% (weight/weight) azelastine.

12.   (amended) A method for the treatment of a patient suffering from allergy-related, or vasomotor or rhino-related colds or symptoms which comprises applying directly to the patient's nasal tissues or to the conjunctival sac of the patient's eye a medicament which contains a member [of] selected from the group consisting of azelastine and its physiologically acceptable salts.

## REMARKS

The applicant respectfully requests reconsideration.

The claims have been amended in several respects to deal with the rejections under 35 U.S.C. 112. Thus, for example, the language introducing the Markush groups in claims 1 and 12 has been changed to the form suggested by the Examiner. In claims 2-4, the amounts of the physiologically acceptable salts has been described. This amendment is based on the disclosure on page 5, lines 6-8 from the bottom.

However, applicants submit that the phrase "predetermined amount" in claim 15 is not indefinite. The precise amount which is released when the atomizing container is actuated, of course, depends on two factors. First, it depends on the concentration of azelastine in the liquid in the aerosol container. Secondly, it depends on the amount of liquid which is released when the aerosol container is actuated. The two factors are selected so that the patient receives the dosage which is desired. The word

Helmut HETTCHE
Serial No. 07/551,644
Page 3

"predetermined" in this case does not imply any particular amount of liquid. Rather, it indicates that the aerosol container is one which releases a fairly precise amount each time it is actuated, so that the patient receives a desired amount.

In claim 18, it is thought that the conventional pharmaceutical carrier substances are known and need not be defined precisely. In this case, the active ingredient, azelastine, is put up in a powder. The kinds of inert components which are used to produce a pharmaceutical powder are known. While the terminology is broad, it is submitted that it is not indefinite.

Applicants respectfully traverse the rejection of claims 11 and 18 as lacking an enabling disclosure. The specification clearly teaches that it is possible to put up the claimed medicines in pharmaceutical powders. The concentration of active ingredient in the powders is disclosed at page 5, last three lines. The particle size is disclosed at page 10, lines 14-16. It is submitted that this provides sufficient information for a person skilled in the art to make the claimed compositions in the form of powders.

Applicant respectfully requests reconsideration of the rejection of claims 1, 6, 7, 9, 10, 11 and 12 as anticipated under 35 U.S.C. 102 over Vogelsang. These claims recite that azelastine is applied "directly to nasal tissues or to the conjunctival sac of the eye", and this process step is not disclosed in Vogelsang.

In discussing this ground of rejection on page 3 of the Office Action, the Examiner has not cited any portion of the reference which teaches this step. The comment that Vogelsang discloses the use of azelastine in a pharmaceutical

MP0092

Helmut HETTCHE
Serial No. 07/551,644
Page 4

preparation that can be administered in usual embodiments such as tablets, etc. does not support an assertion that the reference discloses the specific form of administration claimed in this application, within the context of 35 U.S.C. 102. That provision of the patent statute is quite specific in requiring that the reference actually disclose the process which is claimed. A similar comment can be made with regard to the Examiner's contention that aerosol administration is disclosed in the reference, with the further comment that the reference does not disclose aerosol administration of azelastine (see discussion below).

The following are some of the legal authorities which define the scope of 35 U.S.C. 102.

Ex parte Meyer, 213 USPQ 588, 590

To anticipate a claimed invention, all limitations in the claims must be found in the reference since the claims measure the invention....Moreover, a rejection under 35 U.S.C. 102(e) necessarily implies that the invention is not new, i.e., that there is no difference between what is claimed and what is disclosed in the prior art. (Emphasis added.)

Ex parte Stubbs, 149 USPQ 641

Claims 7 and 8 are rejected as unpatentable over Jones et al. It is stated in the answer that this rejection is under 35 USC 102. However, it is apparent from the Examiner's position as to these claims that the rejection can only be under 35 U.S.C. 103 because the claims include a limitation that is not shown in the reference.

In re Kalm, 154 USPQ 10

A rejection under 35 U.S.C. 102(e)...necessarily implies that the invention sought to be patented has been described...that there are no differences between what is claimed and what is disclosed....

The reference simply does not disclose the step of administering azelastine "directly to nasal tissues or to the

MP0093

Helmut HETTCHE
Serial No. 07/551,644
Page 5

conjunctival sac of the eye". Therefore, this ground of rejection is thought to be inappropriate.

Applicant also requests reconsideration of the rejection of the claims under 35 U.S.C. 103. Contrary to the Examiner's contention, it is submitted that Vogelsang does not disclose administering azelastine "directly to nasal tissues or to the conjunctival sac of the eye". The passages cited by the Examiner do not establish the contrary.

Column 1, line 57 discloses a category of active ingredients which include azelastine, and, as the Examiner has said, azelastine is specifically exemplified in the patent. However, this particular passage does not say anything about the mode of administration.

Column 6, line 65 which the Examiner has cited discloses various dosage forms, but, again, there is no disclosure of direct administration to nasal or eye tissues. While treatment of disorders of the skin and mucus membranes are mentioned, direct administration to nasal tissues and the conjunctival sac of the eye are not mentioned.

The Examiner has also referred to the disclosure of an aerosol, but applicant submits that the Examiner has misunderstood this disclosure. The reference does not teach putting up azelastine in an aerosol. The aerosol is used to administer histamine in a guinea-pig test. The Examiner has referred to Column 6, line 21 which is the heading for Table I. It refers to Histaminolytical activity in the histamine aerosol test on guinea-pigs. This test is described in Column 5, lines 49-63. In that test, the guinea pigs inhale an aerosol of histamine. The test compounds, such as azelastine, are administered "subcutaneously or orally" (column 5, line 58). Therefore, the disclosure of

Helmut HETTCHE
Serial No. 07/551,644
Page 6

aerosols in this reference is wholly unrelated to the use of aerosols in connection with the present invention.

The invention provides numerous advantages associated with other forms of administration. These are discussed on pages 1 and 2 of the present application. The Examiner has pointed to the declarations submitted previously, but of course these are concerned with a comparison with a different reference. These declarations show that azelastine is more effective than other active agents disclosed in the Engel reference which was cited previously. However, since the Vogelsang reference actually discloses azelastine, it raises entirely different issues.

The only routes of administration actually disclosed in Vogelsang are subcutaeous (parenteral) and oral. There is no evidence that azelastine would be effective when applied directly to nasal tissues or to the eye. The advantages of the present invention relate to a different mode of administration, but there is no suggestion of them in this reference. This is reinforced by Examples 43-46 which relate to dosage units, i.e., tablets, dragees, suppositories and injection ampoules.

Finally, applicants request reconsideration of claims 13-17. The Examiner has shown that the various appliances covered by those claims are known and that they have been used to administer medications. There can be no doubt that these appliances are not broadly new as a way to administer medications. However, it is submitted that it would not have been obvious to put up azelastine in these kinds of appliances, because it was not obvious to administer azelastine to parts of the body for which these types of appliances are suited.

MP0095