Helmut HETTCHE
Serial No. 07/551,644
Page 7

For these reasons, it is submitted that the present invention is patentable, and that all informalities in the claims have been corrected. Favorable reconsideration of the claims and allowance are respectfully requested.

Respectfully submitted,
CUSHMAN, DARBY & CUSHMAN

By _____
Lawrence A. Nymo
Reg. No. 19,057

1615 L Street N.W.
Washington, D.C. 20036

Telephone (202) 861-3000



**UNITED STA / DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/551,644 | 07/12/90 | HETTCHE | H    62748/87217P |

| EXAMINER |
|---|
| PICCONE, L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 152 | 14 |

CUSHMAN, DARBY & CUSHMAN
ELEVENTH FLOOR
1615 L STREET, N.W.
WASHINGTON, DC 20036-5601

DATE MAILED:        09/12/91

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined  ☒ Responsive to communication filed on  6/17/91  ☒ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.          2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.               4. ☐ Notice of Informal Patent Application, Form  PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims _____1 - 13_____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _____1 - 13_____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
    are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____. has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

MP0097

Serial No. 551,644

Art Unit  152

-2-

15.

The examiner acknowledges receipt of the amendment filed June 19, 1991.

16.

Applicant's arguments with respect to claims 1-17 are have been considered but are deemed to be moot in view of the new grounds of rejection.

17.

The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

18.

Claims 1-12 and 18 are rejected under 35 U.S.C. § 103 as being unpatentable over Vogelsang U.S. 3,813,384 in view of art admitted in the specification.

Vogelsang teaches azelastine in a composition that can be

Serial No. 551,644                                              -3-

Art Unit    152

administered in drops, ointments or other "usual embodiments"
that are used to administer azelastine (column 6, lines 65-70).
Vogelsang teaches the administration of azelastine in amounts of
from 0.4 to 4 mg (column 7, line 2). Also vogelsang shows the
addition of numerous pharmaceutical Adjuvants (column 43 lines
5-15). It would have been obvious to administer, the azelastine
compositions of vogelsang directly to the nasal tissues or
conjunctival sac to meet claims 1-4, 6-7, 9-12 because these are
the areas to which medicament drops are normally applied. Claims
5, 8 and 18 would have been obvious because it is admitted in the
specification that the claimed preseruahres are well known in the
art and vogelsang discloses the use of adjuvant, in his
compositions.

19.

   Claims 13-17 are rejected under 35 U.S.C. § 103 as being
unpatentable over Vogelsang U.S. 3,813,384 in view of art
admitted in the specification as applied to claims 13-17 above,
and further in view of in light of Barnes U.S. 158,564, Ashkenaz
U.S. 2,995,308, Mendl U.S. 119,643 and Arp U.S. 2,457,024

   Vogelsang discloses azelastine as an antihistamine.
Vogelsand does not disclose the use of an eyedropper, a pump
sprayer, an atomizer or a tube for dispensing ointment. Barnes
discloses droppers for dispensing solutions. Applicant discloses
the we of an eye dropper as a dispenser in claim 13.

MP0099

Serial No. 551,644                                        -4-

Art Unit    152.

Askenaz discloses a pump sprayer which may be used as applicant does in claim 14.

Mendl discloses an atomizer which functions in a manner similar to that disclosed on claims 15 and 16.

Arp discloses a tube for dispensing ointment as disclosed in column 17.

Claims 13-17 would have been obvious because they involve dispensing a known medication in a conventional manner.

No claim is allowed.

20.

Applicant's amendment necessitated the new grounds of rejection. Accordingly, THIS ACTION IS MADE FINAL. See M.P.E.P. § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

MP0100

Serial No. 551,644

Art Unit    152

-5-

21.

    Any inquiry concerning this communication should be directed to Louis A. Piccone at telephone number (703)-308-4431.

Piccone/mh
September 10, 1991
9-6-91

MP0101

BUX AF 3500 - 116 - 9162



PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE 15/Ext ²

AmD7C

1/23/92

In re PATENT Application of

Helmut HETTCHE

Serial No. 07/551,664

Group Art Unit: 152

Filed: July 12, 1990

Examiner: L. Piccone

For: AZELASTINE-CONTAINING MEDICAMENTS

RECEIVED

January 15, 1992

JAN 2 2 1992

GROUP 150

*  *  *  *  *

Hon. Commissioner of Patents
and Trademarks
Washington, D.C. 20231

Dear Sir:

Responsive to the Office Action of September 12, 1991, please amend the above-identified application as follows:

IN THE CLAIMS:

Cancel claims 13-17.

REMARKS

The applicant respectfully requests reconsideration.

The claims stand rejected as obvious from the disclosure of the cited Vogelsang, et al. patent in view of the art admitted in the specification. The claims relate to administration of azelastine directly into nasal and eye tissues.

It is not clear what aspects of the art admitted in the specification is the basis of the examiner's reference, but the introductory passage on page 1 simply mentions to the fact that azelastine has anti-allergic and anti-histamine properties. However, this information does not imply a mode of administration, although, as shown below, the customary mode of administration for such medications is systemic (e.g., oral or injection). Further, as the cited Vogelsang patent refers to the fact that its compounds are used for

060 MC 01/17/92 07551644                    1·116      350.00 CK

MP0102

Helmut HETTCHE
Serial No. 07/551,664
Page 2

the treatment of histamine induced disturbances (see Abstract, Column 1) and allergies (Column 6, line 72), it is not seen where the above cited passage adds anything to the disclosure of the Vogelsang patent. The Examiner has referred on page 3 of the Office Action to the use of "preseruahres" (sic) in this connection, but this comment is not understood. Therefore, it is the disclosure of the Vogelsang patent which is the focus of the following remarks.

In his discussion of this patent, on page 3 of the Office Action, the Examiner has referred to column 43 lines 5-15 of Vogelsang, but this comment also is not understood. There is no column 43 in this patent.

The only information in the Vogelsang patent on mode of administration is in the paragraph bridging columns 6 and 7, viz.

> The compounds according to the present invention are used as active ingredients in pharmaceutical preparations and may be administered in <u>usual embodiments such as tablets, dragees, capsules, suppositories, drops, ointments, creams as well as injection solutions</u>. They are in particular used for the treatment of the various forms of allergies. Thus, they have been used successfully in humans in the treatment of asthma bronchiale, for the treatment of various disorders of the skin and mucous membranes hay fever and rhinitis vasmotorica. In general, they are administered in such treatments in a dosage of 0.4 to 4 mg. per day and human patient. The symptoms of the above allergic diseases may be effectively reduced upon a single dose for up to 24 hours. The effectiveness of the components of the present invention in humans which is produced very rapidly and over a prolonged period of time in comparison to other antihistamines, may be particularly well shown in the reduction of the size of an artificially produced lesion by means of a histamine liberator according to L. Kerp, H. Kasimiar, P.N. Tie, Med. Welt 17 NF 2794 (1966). The

Helmut HETTCHE
Serial No. 07/551,664
Page 3

compounds according to the present in-
vention may be used as such or in com-
bination with other active ingredients
as they are usual in antihistaminic
preparations.

The portion which has been underlined appears to be the
sole basis for the rejection, and more particularly the dis-
closure that the compounds "may be administered
in...drops..."  To this, the Examiner has added the follow-
ing comment:

It would have been obvious to administer
the azelastine composition of Vogelsang
directly to the nasal tissues or con-
junctival sac...because these are the
areas to which medicament drops are
normally applied."

However, the Examiner has indulged in a leap of logic
which is not supported by the reference in making this com-
ment.  The reference does not say that drops are ad-
ministered to the patient.  It merely says that the com-
pounds may be administered in drops.  Thus, a medicine drop-
per is a well known device for measuring liquids.  See for
example page 1329 in the attached extract from The United
States Pharmacopoeia which describes the use of a medicine
dropper and its ability to deliver a measured quantity of
liquid, with various degrees of precision.  But there is no
indication of where the drops are to be delivered.  For ex-
ample, a medicine dropper is used as a means of delivering a
measured quantity of a concentrated liquid to water which is
to be swallowed or used as a mouthwash.

The Examiner has cited no reference to support his con-
tention that "the nasal tissues or conjuctival sac...are the
areas to which medicament drops are normally applied."  How-
ever, such a sweeping statement, which provides the sole
link between the Vogelsang patent and the present invention,
should be supported by a reference.

MP0104

Helmut HETTCHE
Serial No. 07/551,664
Page 4

Referring again to the attached extract from *The United States Pharmacopoeia*, it will be noted that various modes of administration are discussed. Compositions which are intended to be administered to the nose are referred to as "Nasal Solutions" and compounds which are administered to the eye are referred to as "Ophthalmic Solutions", see pages 1655 and 1338. On the other form, among the forms of medicine which are described, the word "drops" does not appear as a form of material to be administered to the eyes or nasal passages.

Similarly, the words "ointment" and "cremes" are used in the reference, and these are mentioned in the attached copy of an extract from Remington's *Pharmaceutical Sciences*. See pages 1594 and 1616. However, there is no indication of direct application to nasal passages and eyes.

Finally, there is attached a copy of an extract from *Drug Facts and Comparisons*. While numerous antihistamines are mentioned, and modes of administration are described, there is no suggestion of direct application to the eyes and nasal passages. Dosage forms such as capsules, tablets, injections, suppositories, elixirs and syrups are described, but none for direct application to the eyes and nasal passages.

Therefore, the only link between the present invention and the cited Vogelsang reference is the Examiner's interpretation of the word "drops" in this patent, and the Examiner's unsubstantiated comment that "the nasal tissues or conjunctival sac...are the areas to which medicament drops are normally applied." However, as indicated above, such a sweeping statement, providing the sole link between the reference and the present invention and the cited patent,

Helmut HETTCHE
Serial No. 07/551,664
Page 5

ought to be supported by a reference. Since none has been
cited, it is submitted that the claims should be allowed.

Further, applicant submits that the Examiner should
consider the decision in the case of Ex parte Keith, 154
USPQ 320, which held:

> Asserted inherency must be a necessary
> result and not merely a possible result.
> Ex parte Vander Wal et al., 705 O.G. 5,
> 1956 USPQ 11, 109 USPQ 119, and deci-
> sions cited therein.

Here, the Examiner reasons that the only possible mean-
ing of the reference to "drops" in the reference is that
they are to be applied directly to the eyes and nasal pas-
sages. However, the Examiner has not shown, by citation of
a reference, or in any other way, that this is the only pos-
sible meaning of the word "drops." Rather, a medicine drop-
per is simply a device for measuring a liquid. While drop-
pers are used to administer liquid medications to eyes and
nasal passages, this does not mean that this mode of admin-
istration is the "necessary" and only "possible" inference
to be drawn from the reference to "drops" in the cited
patent.

For these reasons, it is submitted that the claims are
patentable and that they should be allowed.

Respectfully submitted,
CUSHMAN, DARBY & CUSHMAN

By _____
Lawrence A. Hymo
Reg. No. 19,057

1615 L Street N.W.
Washington, D.C. 20036

Telephone (202) 861-3000

MP0106

IN THE UNITED S... ...ES PATENT AND TRADEMARK C...TCE

Cores. and Mail

**PATENT APPLICATION**

... re PATENT APPLICATION of
...ventor(s): HETTCHE, Helmut

...in No.: 0 7 / 551,644
...rial code    † serial no.

...ed July ..., 1990

...tle: AZELASTINE-CONTAINING MEDICAMENTS

**BOX AF**

Group Art Unit    152

Examiner  L. Piccone

Atty. Dkt.  .  62748  /  87-217 PH
                   M#  /  Client Ref.
(Our Deposit Account No. 03-3975)
(Our Order No.  326  /  62748
                      C# /     M#

...on. Commissioner of Patents and Trademarks
...ashington, D.C.  20231

...ir:

Date:    January 15, 1992
Response Under 37 CFR 1.116   RECEIVED
Expedited Procedure
Examining Group   152           JAN 22 1992

**RESPONSE/AMENDMENT/LETTER**                          GROUP 150

This is a response/amendment/letter in the above-identified application and includes the ...erewith attachment of same date and subject which is incorporated hereinto by reference and the ...ignature below is to be treated as the signature to the attachment in absence of a signature ...hereto.

**PATENT APPLICATION**

**FEE REQUIREMENTS FOR CLAIMS AS AMENDED**

| 1. "Small Entity" statement(s) filed [ ,] previously [✓] herewith(____ (No.)) | Claims remaining after amendment | Highest number previously paid for | Present Extra | | Additional Fee |
|---|---|---|---|---|---|
| | | | | Large/Small Entity | |
| Total Effective Claims  * 18  minus ** 20 | | = _____ | | X  $20/$10 = | $ _____ |
| Independent Claims  * 7  minus *** 7 | | = _____ | | X  $72/$36 = | $ _____ |

If amendment enters proper multiple dependent claim(s) into this
application for first time(leave blank if this is a reissue appln)add $220/$110  + _____
Original due date:  [ . ] None;    [ x ] (date) December 12, 1991
Petition is hereby made to extend the original due date to cover the
date this response is filed for which the requisite fee is attached.
(Large/Small Entity: 1 month $110/$55; 2 months $350/$175; 3 months $810/$405):-  + 350.00
If Terminal Disclaimer attached, add Rule 20(d) Official fee ($110/$55)-- - - -  + _____
Enter any previous extension fee paid since above original due date (item 5)    Subtotal  $350.00
).                                                                        and subtract
*If the entry in this space is less than entry in the next space, the "Present Extra" result is "0".    TOTAL FEE ATTACHED
**If the "Highest number previously paid for" in this space is less than 20, write "20" in this space.    $  350.00
***If the "Highest number previously paid for" in this space is less than 3, write "3" in this space.

CHARGE STATEMENT: The Commissioner is hereby authorized to charge any fee specifically authorized hereafter, or any missing or insufficient fee(s) filed,
asserted to be filed, or which should have been filed herewith or concerning any paper filed hereafter, and which may be required under Rules 16-18 (missing
...insufficiencies only) or hereafter relative to this application and the resulting Official Document under Rule 20, or credit any overpayment, to our
...count/Order Nos. shown in the heading hereof, for which purpose a duplicate copy of this sheet is attached.
...is CHARGE STATEMENT does not authorize charge of the issue fee until/unless an issue fee
...ransmittal sheet is filed.

...515 L Street N.W.
...leventh Floor
...ashington, D.C. 20036-5601
...el: (202) 861-3000
...tty/Sec: LAH/mey

CUSHMAN, DARBY & CUSHMAN
By Atty:  Lawrence A. Hymo

Sig:  _____

| Query:  Is appeal deadline now?  If so, file Notice of Appeal separately. |

Reg. No.  19,057
Fax:  (202) 822-0944
Tel.:  (202) 861-3015

...OC-120  4/91  NOTE:  File this cover sheet in duplicate with post card receipt (CDC-103)
                  and attachments



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/551,644 | 07/12/90 | HETTCHE         H | 62748/872170 |

CUSHMAN, DARBY & CUSHMAN
ELEVENTH FLOOR
1615 L STREET, N.W.
WASHINGTON, DC 20036-5601

| EXAMINER | |
|---|---|
| PICCONE,L | |
| ART UNIT | PAPER NUMBER |
| 1502 | 16 |

DATE MAILED:
**01/30/92**

*Below is a communication from the EXAMINER in charge of this application*

COMMISSIONER OF PATENTS AND TRADEMARKS

## ADVISORY ACTION

☒ THE PERIOD FOR RESPONSE:

a) ☒ is extended to run _____ or continues to run **5 Months** from the date of the final rejection

b) ☐ expires three months from the date of the final rejection or as of the mailing date of this Advisory Action, whichever is later. In no event however, will the statutory period for the response expire later than six months from the date of the final rejection.

Any extension of time must be obtained by filing a petition under 37 CFR 1.136(a), the proposed response and the appropriate fee. The date on which the response, the petition , and the fee have been filed is the date of the response and also the date for the purposes of determining the period of extension and the corresponding amount of the fee. Any extension fee pursuant to 37 CFR 1.17 will be calculated from the date of the originally set shortened statutory period for response or as set forth in b) above.

☐ Appellant's Brief is due in accordance with 37 CFR 1.192(a).

☒ Applicant's response to the final rejection, filed ___1/15/92___ has been considered with the following effect, but it is not deemed to place the application in condition for allowance.

1. ☒ The proposed amendments to the claim and/or specification will not be entered and the final rejection stands because:

    a. ☒ There is no convincing showing under 37 CFR 1.116(b) why the proposed amendment is necessary and was not earlier presented.

    b. ☐ They raise new issues that would require further consideration and/or search.  (See Note).

    c. ☐ They raise the issue of new matter. (See Note).

    d. ☐ They  are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal.

    e. ☐ They present additional claims without cancelling a corresponding number of finally rejected claims.

    NOTE: _____
_____
_____
_____
_____

2. ☐ Newly  proposed or amended claims_____ would be allowed if submitted in a separately filed amendment cancelling the non-allowable claims.

3. ☒ Upon the filing an appeal, the proposed amendment ☒ will be entered ☐ will not be entered and the status of the claims will be as follows:

    Claims allowed: _____
    Claims objected to: _____
    Claims rejected: _1-62_____

    However;

    ☐ Applicant's response has overcome the following rejection(s): _____

4. ☐ The affidavit, exhibit or request for reconsideration has been considered but does not overcome the rejection because _____
_____

5. ☐ The affidavit or exhibit will not be considered because applicant has not shown good and sufficient reasons why it was not  earlier presented.

☐ The proposed drawing correction ☐ has ☐ has not been approved by the examiner.

☐ Other

THURMAN K. PAGE
SUPERVISORY PATENT EXAMINER
ART UNIT 152

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Re:  Appeal to The Board of Patent Appeals and Interferences

PATENT APPLICATION

In re PATENT APPLICATION of
Inventor(s): HETTCHE, Helmut
Appln. No.:  0 7 /  551,644
   series code ↑    ↑ serial no.

Filed: November 12, 1991

Title:  AZELASTINE-CONTAINING MEDICAMENTS

Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231
Sir:

Group Art Unit: 152
Examiner:  L. Piccone

(Our Deposit Account No. 03-3975
(Our Order No.  326 / 62748
           C#   /   M#
Atty. Dkt.  62748  / 87-217 PH
           M#   /  Client Ref.
Date:  February 12, 1992

1. [ X ] **NOTICE OF APPEAL:** Applicant hereby appeals to the Board of Patent Appeals and Interferences from the decision (not Advisory Action) dated _September 12, 1991_ twice/finally rejecting claims _1 - 18_ of the Examiner

2. [ ] **BRIEF** on appeal in this application is attached **in triplicate.**

3. [ ] An **ORAL HEARING** is respectfully requested under Rule 194 (due one month after Examiner's Answer or three months after filing a reply to new ground rejection in Examiner's Answer. Neither due date is extendable).

4. [ ] Reply Brief (_only to new point(s) of argument_, Rule 193(b)) is attached **in triplicate.**

5. [ ] Reply Brief (on _new ground(s) of rejection_, Rule 193(b)) is attached **in triplicate.**

6. [ ] *Small entity* verified statement filed:  [ ] herewith.  [ ] previously.

7. **FEE CALCULATION:**

    **Fees**

| | Large/Small Entity | |
|---|---|---|
| If box 1 above is X'd, | enter $260/$130* | $ 260.00 |
| If box 2 above is X'd, | enter $260/$130* | $ |
| If box 3 above is X'd, | enter $260/$130* | $ |
| If box 4 or 5 above is X'd, | enter $220/$110* | $ |
| | enter -0- (no fee) | $ |

8. Original due date: _December 12, 1991_

9. **Petition is hereby made to extend the _original_ due date to cover the date of this paper and any enclosure for which the requisite fee is (Large/Small Entity:  1 month $110/$55; 2 months $350/$175; 3 months $810/$405; 4 months $1,280/$640) +_ 350.00_

10.                                     **Subtotal** $ 610.00

11. Enter amount of extension fee _paid_ [ ] previously since above _original_ due date (item 8) [ X ] with concurrently filed amendment- - - - - - - - - - - - - - - and subtract _350.00_

12.                             **TOTAL FEE** $ 260.00

13. [ ]  Fee Attached

14. [ ]  *Fee **NOT** required since paid in prior appeal in which the Board of Patent Appeals and Interferences did not render a decision on the merits.

**CHARGE STATEMENT:** The Commissioner is hereby authorized to charge any fee specifically authorized hereafter, or any missing or insufficient fee(s) filed, or asserted to be filed, or which should have been filed herewith or concerning any paper filed hereafter, and which may be required under Rules 16-18 (missing or insufficient fee only) now or hereafter relative to this application and the resulting Official document sheet is attached. **THIS CHARGE STATEMENT does not authorize** charge of the issue fee until/unless an issue fee transmittal form is filed.

1615 L Street, N.W.
Eleventh Floor
Washington, D.C. 20036-5601
Tel: (202) 861-3000
Atty/Sec: LAH/mey

CUSHMAN, DARBY & CUSHMAN

By Atty: _Lawrence A. Hymo_      Reg. No. _19,057_

Sig: _____

Fax: (202) 822-0944
Tel.: (202) 861-3015

100 DH 02/20/92 07551644

1 119    260.00 CK

CDC-126  12/91

PATENT APPLICATION

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re PATENT Application of

Helmut HETTCHE, et al.

Serial No. 07/551,644                    Group Art Unit: 1502

Filed: July 12, 1990                     Examiner: L. Piccone

For: AZELASTINE-CONTAINING MEDICAMENTS

April 27, 1992    RECEIVED
                  APR 29 1992
* * * * * * *     GROUP 150

#78
D. Gassaway
4-30-92

Hon. Commissioner of Patents
        and Trademarks
Washington, D.C. 20231

Sir:

    In connection with the above application, we enclose,
for the Examiner's consideration, a copy of the Search Re-
port of the European Patent Office, in connection with a
counterpart of the present application.  We also enclose
copies of the two cited documents, German Patents
DE 2 164 058 and DE 3 530 793, as well as English language
counterparts, British Patent 1,377,231 and U.S. Patent
4,704,387.  The European Search Report identifies the parts
of the German citations which the searcher thought were
pertinent.  ("Seite" means "page", "Zeile" means "line",
"Beispiel" means "Example").

Respectfully submitted,
CUSHMAN, DARBY & CUSHMAN

By_____
   Lawrence A. Hymo
   Reg. No. 19,057

1615 L Street N.W.
Washington, D.C. 20036

Tel. (202) 861-3015

MP0110

DATE: __April 27, 1992__                                          Sheet 1 __ of 1 __

Form PTO-1449
(REV. 2-83)  Cadillaw Version          U.S. Department of Commerce
                                       Patent and Trademark Office

## INFORMATION DISCLOSURE STATEMENT
## BY APPLICANT
(Use several sheets if necessary)

| ATTY. DOCKET NO. | GROUP ART UNIT |
|---|---|
| 62748 / 87 217 PH<br>MF / Client Ref. | 1502 |
| APPLICANT (Inventor(s)) | EXAMINER |
| HETTCHE, et al. | L. Piccone |
| APPLN. NO.<br>0 7/551,644 | FILING DATE<br>July 12, 1990 |

RECEIVED

APR 2 9 1992

### U.S. PATENT DOCUMENTS

| *Examiner's Initials | Document Number | Date Mo/Yr | Name (Family Name of First Inventor) | Class | Subclass | Filing Date (if appropriate) |
|---|---|---|---|---|---|---|
| AR | 4 7 0 4 3 8 7 | 11787 | ENGEL et al. | 574 | 212 | 150 |
| BR | | | | | | |
| CR | | | | | | |
| DR | | | | | | |
| ER | | | | | | |
| FR | | | | | | |
| GR | | | | | | |
| HR | | | | | | |
| IR | | | | | | |
| JR | | | | | | |
| KR | | | | | | |
| LR | | | | | | |
| MR | | | | | | |

MAIL ROOM
47 APR
1992
PAT & TRADE MARK OFFICE

### FOREIGN PATENT DOCUMENTS

| | Document Number | Date Mo/Yr | Country | English Abstract Enclosed | No | Class | Subclass | Translation Readily Available Enclosed | No |
|---|---|---|---|---|---|---|---|---|---|
| Nil. NR | 2 1 6 4 0 5 8 | 7/1972 | Germany DEX | | X | 546 | 133 | | |
| Nil OR | 3 5 3 0 7 9 3 | 3/86 | Germany DEX | | X | 514 | 212 | | |
| N.R. PR | 1 3 7 7 2 3 1 | 1/1972 | England GBX | | X | | | | |
| QR | | | | | | | | | |
| RR | | | | | | | | | |
| SR | | | | | | | | | |

### OTHER DOCUMENTS (Including in this order Author, Title, Periodical Name, Date, Pertinent Pages, Etc.)

| 1. N.L. TR | European Search Report |
|---|---|
| UR | |
| VR | |

EXAMINER _Neil Lay_            DATE CONSIDERED  6/8/92

*EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
CDC-1449 2/90(PC)

*//0.00, 15    260,00  × "0.00  64 152*

PATENT APPLICATION

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re PATENT Application of

Helmut HETTCHE

Serial No. 07/551,664

Filed: July 12, 1992

For: AZELASTINE-CONTAINING
        MEDICAMENTS

RECEIVED

MAY 0 8 1992

GROUP 150

Group Art Unit: 152

Examiner: L. Piccone

*19/EXT ①*
*&*
*Brief*

April 28, 1992

*Della*
*5/11/92*

BRIEF FOR THE APPLICANT

Hon. Commissioner of Patents
             and Trademarks
Washington, D.C. 20231

Sir:

This is an appeal from the final rejection of claims
1-12 and 18.

STATUS OF CLAIMS

The application originally contained claims 1-18.
Claims 13-17 have been cancelled, leaving claims 1-12 and
18, which are presented in this appeal.

STATUS OF AMENDMENTS

An amendment was submitted after the final rejection,
cancelling claims 13-17. It has been entered.

SUMMARY OF THE INVENTION

The invention relates to a new use of azelastine, a
phthalazinone derivative having the formula:



120 WP 05/07/92 07551644    1 115    110.00 CK
120 WP 05/07/92 07551644    1 120    260.00 CK

MP0112

U.S. Application of Helmut HETTCHE
Serial No. 07/551,664
Page 2

Azelastine has been used in prophylactic treatment of asthma and for its anti-allergic and antihistamine properties.

The present invention is based on a surprising discovery that azelastine and its physiologically acceptable salts display advantageous and surprising effects when applied directly in the nose and/or to the conjunctival sac of the eye. This treatment produces elimination or marked relief in allergy-related rhinitis, the common cold, and vasomotor cold. Further, application directly in the nose has been found to have advantageous effects on the mucous membrane of the eye.

The invention is claimed in claim 1 as a method which comprises *applying* azelastine *directly to the nasal tissues or to the conjunctival sac of the eye.* Claims 2-8 relate to more preferred features of the pharmaceutical composition containing azelastine which is applied in accordance with the method of claim 1. Claims 9-11 relate to more preferred modes of application of the azelastine-containing composition. Claim 12 is similar to claim 1, in defining a method of treatment with azelastine. However, it defines the symptoms which are treated more specifically than in claim 1, i.e., "a patient suffering from allergy-related or vasomotor or rhino virus-related colds or symptoms."

Claim 18 relates to a novel composition containing azelastine which is useful for the present invention. More specifically, Claim 18 relates to a powder containing azelastine and an appropriate pharmaceutical solid carrier.

ISSUES

The Examiner has rejected claims 1-12 and 18 as obvious under 35 U.S.C. § 103 over Vogelsang, U.S. Patent 3,813,384 "in view of art admitted in the specification." The Examiner separately rejected claims 13-17. However, since those claims have been cancelled, it is assumed that the

MP0113

U.S. Application of Helmut HETTCHE
Serial No. 07/551,664
Page 3

grounds of rejection applied against those claims are no

longer at issue.

GROUPING OF CLAIMS

The Examiner has grouped claims 1-12 and 18 together.

However, applicants believe that claims 1-12 should be con-

sidered separately from claim 18.

ARGUMENT

Claims 1-12 and 18 stand rejected as obvious from the

disclosure of the cited Vogelsang, et al. patent in view of

"the art admitted in the specification." The claims relate

to administration of azelastine directly into nasal and eye

tissues.

It is not clear what aspects of the art admitted in the

specification is the basis of the examiner's reference, but

the introductory passage on page 1 simply mentions to the

fact that azelastine has anti-allergic and anti-histamine

properties. This information does not imply a mode of ad-

ministration, although, as shown below, the customary mode

of administration for such medications is systemic (e.g.,

oral or injection). Further, as the cited Vogelsang patent

refers to the fact that its compounds are used for the

treatment of histamine induced disturbances (see Abstract,

Column 1) and allergies (Column 6, line 72), it is not seen

where the above cited passage adds anything to the disclo-

sure of the Vogelsang patent. The Examiner has referred on

page 3 of the Office Action to the use of "preseruahres"

(sic) in this connection, but this comment is not under-

stood. Therefore, it is the disclosure of the Vogelsang

patent which is the focus of the following remarks.

In his discussion of this patent, on page 3 of the Fi-

nal Rejection, the Examiner has referred to column 43 lines

5-15 of Vogelsang, but this comment also is not understood.

There is no column 43 in this patent.

U.S. Application of Helmut HETTCHE
Serial No. 07/551,664
Page 4

The only information in the Vogelsang patent on mode of administration is in the paragraph bridging columns 6 and 7, viz.

> The compounds according to the present invention are used as active ingredients in pharmaceutical preparations and may be administered in *usual embodiments such as tablets, dragees, capsules, suppositories, drops, ointments, creams as well as injection solutions.* They are in particular used for the treatment of the various forms of allergies. Thus, they have been used successfully in humans in the treatment of asthma bronchiale, for the treatment of various disorders of the skin and mucous membranes hay fever and rhinitis vasmotorica. In general, they are administered in such treatments in a dosage of 0.4 to 4 mg. per day and human patient. The symptoms of the above allergic diseases may be effectively reduced upon a single dose for up to 24 hours. The effectiveness of the components of the present invention in humans which is produced very rapidly and over a prolonged period of time in comparison to other antihistamines, may be particularly well-shown in the reduction of the size of an artificially produced lesion by means of a histamine liberator according to L. Kerp, H. Kasimiar, P.N. Tie, Med. Welt 17 NF 2794 (1966). The compounds according to the present invention may be used as such or in combination with other active ingredients as they are usual in antihistaminic preparations.

The portion which has been shown in italics above appears to be the sole basis for the rejection, and more particularly the disclosure that the compounds "may be administered in...drops..." To this, the Examiner has added the following comment:

> It would have been obvious to administer the azelastine composition of Vogelsang directly to the nasal tissues or conjunctival sac...because these are the areas to which medicament drops are normally applied.

However, the Examiner has indulged in a leap of logic which is not supported by the reference in making this comment. The reference does not say that drops are administered to the patient. It merely says that the compounds may be administered in drops. Thus, a medicine dropper is a

U.S. Application of Helmut HETTCHE
Serial No. 07/551,664
Page 5

well known device for measuring liquids.  See for example
page 1329 in the attached extract from *The United States
Pharmacopoeia* which describes the use of a medicine dropper
and its ability to deliver a measured quantity of liquid,
with various degrees of precision.  But there is no indica-
tion of where the drops are to be delivered.  For example, a
medicine dropper is used as a means of delivering a measured
quantity of a concentrated liquid to water which is to be
swallowed or used as a mouthwash.

The Examiner has cited no reference to support his
contention that "the nasal tissues or conjunctival sac...are
the areas to which medicament drops are normally applied."
However, such a sweeping statement, which provides the sole
link between the Vogelsang patent and the present invention,
should be supported by a reference.

Referring again to the attached extract from *The United
States Pharmacopoeia*, it will be noted that various modes of
administration are discussed.  Compositions which are in-
tended to be administered to the nose are referred to as
"Nasal Solutions" and compounds which are administered to
the eye are referred to as "Ophthalmic Solutions", see pages
1655 and 1338.  On the other hand, among the forms of medi-
cine which are described, the word "drops" does not appear
as a form of material to be administered to the eyes or na-
sal passages.

Similarly, the words "ointment" and "cremes" are used
in the reference, and these are mentioned in the attached
copy of an extract from Remington's *Pharmaceutical Sciences*.
See pages 1594 and 1616.  However, there is no indication of
direct application to nasal passages and eyes.

Finally, there is attached a copy of an extract from
*Drug Facts and Comparisons*.  While numerous antihistamines
are mentioned, and modes of administration are described,
there is no suggestion of direct application to the eyes and

MP0116

U.S. Application of Helmut HETTCHE
Serial No. 07/551,664
Page 6

nasal passages. Dosage forms such as capsules, tablets, injections, suppositories, elixirs and syrups are described, but none for direct application to the eyes and nasal passages.

Therefore, the only link between the present invention and the cited Vogelsang reference is the Examiner's interpretation of the word "drops" in this patent, and the Examiner's unsubstantiated comment that "the nasal tissues or conjunctival sac...are the areas to which medicament drops are normally applied." However, as indicated above, such a sweeping statement, providing the sole link between the reference and the present invention and the cited patent, ought to be supported by a reference. Since none has been cited, it is submitted that the claims should be allowed.

Further, applicant requests that the Board consider the decision in the case of *Ex parte Keith*, 154 USPQ 320, which held:

> Asserted inherency must be a necessary result and not merely a possible result. Ex parte Vander Wal et al., 705 O.G. 5, 1956 USPQ 11, 109 USPQ 119, and decisions cited therein.

Here, the Examiner reasons that the only possible meaning of the reference to "drops" in the reference is that they are to be applied directly to the eyes and nasal passages. However, the Examiner has not shown, by citation of a reference, or in any other way, that this is the only possible meaning of the word "drops." Rather, a medicine dropper is simply a device for measuring a liquid. While droppers are used to administer liquid medications to eyes and nasal passages, this does not mean that this mode of administration is the "necessary" and only "possible" inference to be drawn from the reference to "drops" in the cited patent.

The foregoing comments are applicable to both claims 1-12 and claim 18. However, the following additional com-

U.S. Application of Helmut HETTCHE
Serial No. 07/551,664
Page 7

ments are thought to be appropriate specifically to claim
18.

Claim 18 relates to a powder containing azelastine and
a pharmaceutical carrier. Powders are not among the
materials mentioned in the cited Vogelsang patent, and so
this claim is clearly patentable.

CONCLUSION

For these reasons, it is submitted that the claims are
patentable and that they should be allowed.

Respectfully submitted,
CUSHMAN, DARBY & CUSHMAN

By_____
Lawrence A. Hymo
Reg. No. 19,057

1615 L Street N.W.
Washington, D.C. 20036

Tel. (202) 861-3015

MP0118

U.S. Application of Helmut HETTCHE
Serial No. 07/551,664
Page 8

APPENDIX

THE CLAIMS

1.      A method for the treatment of irritation or
disorders of the nose and eye which comprises applying di-
rectly to nasal tissues or to the conjunctival sac of the
eye a medicament which contains a member selected from the
group consisting of azelastine and its physiologically ac-
ceptable salts.

2.      A method as set forth in claim 1 in which the me-
dicament contains 0.0005 to 2% (weight/weight) of azelastine
or an amount of a physiologically acceptable salt of
azelastine which contains 0.0005 to 2% (weight/weight) aze-
lastine.

3.      A method as set forth in claim 2 in which the me-
dicament contains 0.001 to 1% (weight/weight) of azelastine
or an amount of a physiologically acceptable salt of
azelastine which contains 0.001 to 1% (weight/weight) aze-
lastine.

4.      A method as set forth in claim 1 in which the me-
dicament contains 0.003 to 0.5% (weight/weight) of azelas-
tine or an amount of a physiologically acceptable salt of
azelastine which contains 0.003 to 0.5% (weight/weight)
azelastine.

5.      A method as set forth in claim 1 in which the me-
dicament contains a pharmaceutically usable preservative in
an amount of 0.001 to 0.1%.

6.      A method as set forth in claim 1 in which the me-
dicament is a solution.

7       A method as set forth in claim 1 in which the me-
dicament is an aqueous solution.

8.      A method as set forth in claim 1 in which the me-
dicament is a solution which contains 0.001 to 0.05%
(weight/volume of solution) of
sodium-2-(ethylmercurithio)-benzoate or 0.001 to 0.1%

U.S. Application of Helmut HETTCHE
Serial No. 07/551,664
Page 9

(weight/volume of solution) of alkylbenzyldimethyl ammonium chloride.

9.      A method as set forth in claim 1 in which the medicament is applied by spraying.

10.      A method as set forth in claim 1 in which the medicament is applied as drops.

11.      A method as set forth in claim 1 in which the medicament is a powder.

12.      A method for the treatment of a patient suffering from allergy-related, or vasomotor or rhino-related colds or symptoms which comprises applying directly to the patient's nasal tissues or to the conjunctival sac of the patient's eye a medicament which contains a member selected from the group consisting of azelastine and its physiologically acceptable salts.

18.      Powder containing 0.0005 to 2% of azelastine or a physiologically acceptable salt of azelastine as active agent together with conventional pharmaceutical carrier substances.

MP0120

IN THE UNITE: STATES PATENT AND TRADEMA : OFFICE          PATENT
Re:   Appeal to The : rd of Patent Appeals and  :terferences     APPLICATION

In re PATENT APPLICATION of
Inventor(s): HETTCHE, Helmut
Appln. No.:  0 7  /  551,644                Group Art Unit: 152
        _____            Examiner: L. Piccone
        series code †   † serial no.

                                        (Our Deposit Account No. 03-3975         RECEIVED
Filed: November 12, 1991                (Our Order No.  326 / 62748
                                                C# /     M#              MAY 0 8 1992
Title:   AZELASTINE-CONTAINING MEDICAMENT        Atty. Dkt.  62748  / 87-217 PH  GROUP 150
                                                        M# /    Client Ref.
Hon. Commissioner of Patents and Trademarks      Date:    April 28, 1992
Washington, D.C. 20231
Sir:

1.  [  ]  NOTICE OF APPEAL:  Applicant hereby appeals to the Board of Patent Appeals and Interferences
          from the decision (not Advisory Action) dated  September 12, 1991 _____ of the Examiner
          twice/finally rejecting claims    1 - 18

2.  [ X ]  BRIEF on appeal in this application is attached In triplicate.

3.  [  ]  An ORAL HEARING is respectfully requested under Rule 194 (due one month after Examiner's
          Answer or three months after filing a reply to new ground rejection in Examiner's Answer.
          Neither due date is extendable.

4.  [  ]  Reply Brief (only to new point(s) of argument, Rule 193(b)) is attached In triplicate.

5.  [  ]  Reply Brief (on new ground(s) of rejection, Rule 193(b)) is attached In triplicate.

6.  [  ]  "Small entity" verified statement filed:   [  ] herewith.     [  ] previously.

7.      FEE CALCULATION:

        Fees
                                                            Large/Small Entity
        If box 1 above is X'd, - - - - - - - - - - - - - - - - - - - - - - - - enter $260/$130* $ _____
        If box 2 above is X'd, - - - - - - - - - - - - - - - - - - - - - - - - enter $260/$130* $  260.00 _____
        If box 3 above is X'd, - - - - - - - - - - - - - - - - - - - - - - - - enter $220/$110* $ _____
        If box 4 or 5 above is X'd, - - - - - - - - - - - - - - - - - - - - - - enter -0- (no fee) $ _____

8.  Original due date:    April 12, 1992 _____

9.  Petition is hereby made to extend the original due date to cover the date of
    this paper and any enclosure for which the requisite fee is (Large/Small
    Entity:  1 month $110/$55; 2 months $350/$175; 3 months $810/$405; 4 months $1,280/$640) +  110.00 _____

10.                                                          Subtotal $370.00

11. Enter amount of extension fee paid [  ] previously since above original
    due date (item 8) [  ] with concurrently filed amendment - - - - - - - - - - - - - - - and subtract_____

12.                                                          TOTAL FEE  $ 370.00

13. [ X ]  Fee Attached

14. [  ]  *Fee NOT required since paid in prior appeal in which the Board of Patent Appeals and Interferences did
          not render a decision on the merits.

CHARGE STATEMENT: The Commissioner is hereby authorized to charge any fee specifically authorized hereafter, or any missing or
insufficient fee(s) filed, or asserted to be filed, or which should have been filed herewith or concerning any paper filed hereafter, and which may
be required under Rules 16-18 (missing or insufficient fee only) now or hereafter relative to this application and the resulting Official document
under Rule 20, or credit any overpayment, to our Account/Order Nos. shown in the heading hereof for which purpose a duplicate copy of this
sheet is attached. This CHARGE STATEMENT does not authorize charge of the issue fee until/unless an issue fee
transmittal form is filed.

                                        CUSHMAN, DARBY & CUSHMAN
1615L Street, N.W.
Eleventh Floor                          By Atty:  Lawrence A. Hymo _____   Reg. No.  19,057 _____
Washington, D.C. 20036-5601
Tel: (202) 861-3000                     Sig: _____          Fax: (202) 822-0944
Atty/Sec: LAH/mey                                                           Tel.: (202) 861- 3015 ____

CDC-126  12/91



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/551,644 | 07/12/90 | HETTCHE | H | 62748/87217P |

EXAMINER
LEVY,N

| ART UNIT | PAPER NUMBER |
|---|---|
| 1502 | 20 /D |

CUSHMAN, DARBY & CUSHMAN
ELEVENTH FLOOR
1615 L STREET, N.W.
WASHINGTON, DC 20036-5601

DATE MAILED:    06/30/92

## NOTICE OF ALLOWABILITY

**PART I.**

1. ☒ This communication is responsive to _Brief, 4/28/92_
2. ☒ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.
3. ☒ The allowed claims are _1—12_
4. ☐ The drawings filed on _____ are acceptable.
5. ☒ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☒ been received. [...] not been received. [...] been filed in parent application Serial No._____, filed on _____
6. ☒ Note the attached Examiner's Amendment.
7. ☐ Note the attached Examiner Interview Summary Record, PTOL-413.
8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.
9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.
10. ☒ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

**PART II.**

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.
2. ☐ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.
   a. ☐ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. _____. CORRECTION IS REQUIRED.
   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.
   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.
   d. ☐ Formal drawings are now REQUIRED.

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

Attachments:
✓ Examiner's Amendment
— Examiner Interview Summary Record, PTOL-413
— Reasons for Allowance
— Notice of References Cited, PTO-892
✓ Information Disclosure Citation, PTO-1449

— Notice of Informal Application, PTO-152
— Notice re Patent Drawings, PTO-948
— Listing of Bonded Draftsmen
— Other _____

SHURMAN K. PAGE
SUPERVISORY PATENT EXAMINER
ART UNIT 152

**MP0122**

USCOMM-DC 89-3789

Serial No. 551,644                               -2-

Art Unit   1502

An Examiner's Amendment to the record appears below.  Should
the changes and/or additions be unacceptable to applicant, an
amendment may be filed as provided by 37 C.F.R. § 1.312.  To
ensure consideration of such an amendment, it MUST be submitted
no later than the payment of the Issue Fee.

Cancel claim 18.

Authorization for this Examiner's Amendment was given in a
telephone interview with attorney Hymo on 06/08/92.

Any inquiry concerning this communication should be directed
to Neil Levy at telephone number (703) 308-2351.

N. Levy:dl
June 25, 1992

SUPERVISORY PATENT EXAMINER
ART UNIT 152



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address: Box ISSUE FEE
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

*G.*

CUSHMAN, DARBY & CUSHMAN
ELEVENTH FLOOR
1615 L STREET, N.W.
WASHINGTON, DC 20036-5601

**NOTICE OF ALLOWANCE
AND ISSUE FEE DUE**

| Note attached communication from the Examiner
| This notice is issued in view of applicant's communication filed _____

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 07/551,644 | 07/12/90 | 012 | LEVY, N | 1502 | 06/30/92 |

First Named Applicant  HETTCHE,   HELMUT

TITLE OF VENTION  AZELASTINE CONTAINING MEDICAMENTS

| | ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|---|
| 1 | 62748/87217P | 424-489.000 | E21 | UTILITY | NO | $1130.00 | 09/30/92 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.

THE ISSUE FEE MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.  THIS STATUTORY PERIOD CANNOT BE EXTENDED.

**HOW TO RESPOND TO THIS NOTICE:**

Review the SMALL ENTITY Status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the Status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or
B. If the Status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:
A. Pay FEE DUE shown above, or
B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

Part B of this notice should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by a charge to deposit account, Part B should be completed and returned. If you are charging the ISSUE FEE to your deposit account, Part C of this notice should also be completed and returned.

All communications regarding this application must give series code (or filing date), serial number and batch number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees.**

PTOL-85 (REV 12-88)(OMB Clearance is pending)        PATENT AND TRADEMARK OFFICE COPY

**PART B - ISSUE FEE TRANSMITTAL**          1130-142

**MAILING INSTRUCTIONS:** This form should be used for transmitting the ISSUE FEE. Blocks 2 through 6 should be completed where appropriate.
All further correspondence including the Issue Fee Receipt, the Patent, advanced orders and notification of maintenance fees will be mailed to addressee entered in Block 1 unless you direct otherwise by: (a) specifying a new correspondence address in Block 3 below; or (b) providing the PTO with a separate "FEE ADDRESS" for maintenance fee notifications with the payment of Issue Fee or thereafter. **See reverse for Certificate of Mailing.**

| 1. CORRESPONDENCE ADDRESS | 2. INVENTOR(S) ADDRESS CHANGE (Complete only if there is a change) |
|---|---|
| CUSHMAN, DARBY & CUSHMAN<br>ELEVENTH FLOOR<br>1615 L STREET, N.W.<br>WASHINGTON, DC 20036-5601 | INVENTOR'S NAME<br>Street Address<br>City, State and ZIP Code<br>CO-INVENTOR'S NAME<br>Street Address<br>City, State and ZIP Code<br>☐ Check if additional changes are on reverse side |

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 07/551,644 | 07/12/90 | 012 | LEVY, N | 1502 | 06/30/92 |

First Named Applicant: HETTCHE, HELMUT

TITLE OF INVENTION: AZELASTINE CONTAINING MEDICAMENTS

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 62748/B7217P | 424-489.000 | E21 | UTILITY | NO | $1130.00 | 09/30/92 |

Further correspondence to be mailed to the following:

Cushman, Darby & Cushman
1100 New York Avenue
9th Floor
Washington, D.C.  20036

4. For printing on the patent front page, list the names of not more than 3 registered patent attorneys or agents OR alternatively, the name of a firm having as a member a registered attorney or agent. If no name is listed, no name will be printed.

1 Cushman, Darby & Cushman

2

3

060 MC 09/04/92 07551644
SC13268  09/03/92  07551644

DO NOT USE THIS SPACE
1 142 1,130.00 CK
03-3975  130 561  30.00CH

ASSIGNMENT DATA TO BE PRINTED ON THE PATENT (print or type)

1) NAME OF ASSIGNEE:
Asta Pharma AG

2) ADDRESS: (City & State or Country)
Germany

3) STATE OF INCORPORATION, IF ASSIGNEE IS A CORPORATION
Germany

☐ This application is NOT assigned.
☐ Assignment previously submitted to the Patent and Trademark Office.
☐ Assignment is being submitted under separate cover. Assignments should be directed to Box ASSIGNMENTS.

PLEASE NOTE: Unless an assignee is identified in Block 3, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

6a. The following fees are enclosed:
☒ Issue Fee  ☐ Advanced Order - # of Copies ___10___

6b. The following fees should be charged to:
DEPOSIT ACCOUNT NUMBER 03-3975
(Enclose Part C) Only if deficient or missing
☒ Issue Fee
☐ Advanced Order - # of Copies (Minimum of 10)
☐ Any Deficiencies in Enclosed Fees

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above.

(Signature of party in interest of record)

Lawrence A. Nymo 19,057    8/31/92

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

**TRANSMIT THIS FORM WITH FEE-CERTIFICATE OF MAILING ON REVERSE**



PTO UTILITY GRANT
Paper Number 2

The Commissioner of Patents
and Trademarks

*Has received an application for a patent
for a new and useful invention. The title
and description of the invention are en-
closed. The requirements of law have
been complied with, and it has been de-
termined that a patent on the invention
shall be granted under the law.*

*Therefore, this*

United States Patent

*Grants to the person or persons having
title to this patent the right to exclude
others from making, using or selling the
invention throughout the United States
of America for the term of seventeen
years from the date of this patent, sub-
ject to the payment of maintenance fees
as provided by law.*

*Acting Commissioner of Patents and Trademarks*

*Attest*

PTO-1584



 7560    #221502

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor : HETTCHE, HELMUT

Application No. : 07/551644

Filing Date : July 12, 1990

Title : AZELASTINE CONTAINING MEDICAMENTS

Office of Publications
Allowed : June 30, 1992

Art Unit : 1500

Date : August 31, 1992

## CHANGE OF ADDRESS NOTICE

Hon. Commissioner of Patents
and Trademarks
Washington, D.C.  20231

Sir:

Effective immediately, please change the correspondence address to:

Cushman, Darby & Cushman
Ninth Floor
1100 New York Avenue, N.W.
Washington, D.C.  20005-3918

Our telephone number remains the same: (202) 861-3000. An original, signed notice is on deposit with the PTO Office of Enrollment and Discipline.

Respectfully submitted,

CUSHMAN, DARBY & CUSHMAN

By _____
G. Lloyd Knight

Reg. No. : 17698
Fax No. : (202) 822-0944

326 / 62748

MP0127

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Patent of:          Helmut Hettche
Patent Number:            U.S. 5,164,194
Issued:                   November 17, 1992
Expires:                  November 17, 2009
FOR:                      AZELASTINE CONTAINING MEDICAMENTS

Box Pat. Ext.                                    **RECEIVED**
Commissioner of Patents and Trademarks
Washington, DC 20231                             DEC 1 8 1996

                    LETTER OF TRANSMITTAL OF        **PATENT EXTENSION**
          APPLICATION FOR EXTENSION OF PATENT TERM      **A/C PATENTS**

Dear Sir:

       Transmitted herewith is an application for extension of the
term of U.S. Patent No. 5,164,194 in accordance with the
provisions of 35 U.S.C. 156, a Power of Attorney and Declaration
in connection therewith and a duplicate copy of the papers,
certified as such.

       The filing fee of $1,090.00 required in accordance with 37
C.F.R. Section 120 should be charged to Deposit Account 03-0935.
The Commissioner is hereby authorized to charge any additional
fees or credit any overpayment to Deposit Account 03-0935.  Two
additional copies of this letter are enclosed.

                                    Respectfully submitted,

                                    _Kevin B. Clarke_
                                    Kevin B. Clarke, Esq.
                                    Attorney for Applicant
                                    Registration No. 22,647
                                    (212) 339-5207
                                    Carter-Wallace, Inc.
                                    1345 Avenue of the Americas
Date: _12-18-96_                    New York, New York 10105


                    CERTIFICATE OF MAILING

I hereby certify that this paper and the papers transmitted
herewith are being deposited on the date shown below with the
United States Postal Service with sufficient postage as First
Class Mail addressed to Box Pat. Ext. Commissioner of Patents and
Trademarks, Washington, DC 20231.

Date: _12-18-96_

                          Kevin B. Clarke, Esq.
                          Name of Person Mailing Paper

                          _Kevin B. Clarke_
                          Signature of Person Mailing Paper


**MP0128**

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

RECEIVED

DEC 1 8 1996

PATENT EXTENSION
A/C PATENTS

| In Re Patent of: | Helmut Hettche |
| Patent Number: | U.S. 5,164,194 |
| Issued: | November 17, 1992 |
| FOR: | AZELASTINE CONTAINING MEDICAMENTS |

Commissioner of Patents and Trademarks
Washington, DC 20231

POWER OF ATTORNEY

Dear Sir:

Asta Medica, AG (formerly known as Asta Pharma AG), located at Frankfurt AM Main, Germany represents that it is the assignee of the entire interest in and to Letters Patent of the United States No. 5,164,194, granted to Helmut Hettche by virtue of an assignment of such patent recorded December 26, 1989, Reel 5237, Frame 0353 and hereby appoints

Kevin B. Clarke, Esq.
Reg. No. 22,647
C/O Carter-Wallace, Inc.
1345 Avenue of the Americas
New York, NY, U.S.A. 10105

its attorney, to apply for an extension of the term of said patent, to make alternations and amendments therein, and transact all business in the United States Patent Office connected therewith, and request that all further correspondence be conducted with Kevin B. Clarke at the above address.

Respectfully submitted,

Asta Medica AG

By: _____
Title: _____
Date: _____

By: _____
Professor Juergen Engel
Title: _____
Date: _____

Dr. Klaus Rutz
V.P. Business Development
Dec. 12. 1996

MP0129

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

RECEIVED

DEC 18 1996

PATENT EXTENSION
A/C PATENTS

In Re Patent of:    Helmut Hettche

Patent Number:    U.S. 5,164,194

Issued:    November 17, 1992

FOR:    AZELASTINE CONTAINING MEDICAMENTS

Box Pat. Ext.
Commissioner of Patents and Trademarks
Washington, DC 20231

DECLARATION IN SUPPORT OF APPLICATION
FOR PATENT EXTENSION UNDER 37 C.F.R. 1.740(b)

Dear Sir:

We, Dr. Klaus Rutz and Professor Juergen Engel, agents of
the owner of record, Asta Medica, AG (formerly known as Asta
Pharma, AG), of U.S. Patent No. 5,164,194 residing at Frankfurt
AM Main Germany hereby declare as follows:

(1)  This declaration is submitted in support of owner's
Application for Extension of Patent Term for U.S. Patent No.
5,164,194, filed simultaneously herewith.

(2)  We are officials of the owner of record of U.S. Patent
5,164,194 and are authorized to act on behalf of said owner.

(3)  Wallace Laboratories, Division of Carter-Wallace, Inc.,
the holder of approved NDA No. 20-114 covering Wallace
Laboratories azelastine hydrochloride product known as Astelin®,
is a Licensee of owner under U.S. Patent 5,164,194.

(4)  We have reviewed and understand the contents of the
owner's Application for Extension of Patent term for U.S. Patent
5,164,194 being submitted herewith pursuant to 37 C.F.R. 1.740.

(5)  We believe that U.S. Patent 5,164,194 is subject to
extension pursuant to 37 C.F.R. 1.740 and believe that an
extension of the length claimed in the Application for Extension
of Patent Term for U.S. Patent 5,164,194 filed simultaneously
herewith is justified under 35 U.S.C. 156 and the applicable
requirements.

(6)   We believe that U.S. Patent 5,164,194 for which extension is being sought meets the conditions for extension of the term of a patent as set forth in 37 C.F.R. 1.720.

We further state that the above statements were made with the knowledge that willful false statements and the like are punishable by fine or imprisonment or both under Section 1001 of Title 18 of the United States Code and that any willful false statements may jeopardize the validity of U.S. Patent No. 5,164,194.

By: _____

Title: _Dr. Klaus Rutz_ _V.P. business development_

Date: _Dec. 12 1996_

Asta Medica AG

By: _____
        Professor Juergen Engel

Title: _____

Date: _____

2

MP0131

# UNITED STATES PATENT AND TRADEMARK OFFICE
## CERTIFICATE EXTENDING PATENT TERM
### UNDER 35 U.S.C. § 156

PATENT NO.         :    5,164,194

ISSUED             :    November 17, 1992

INVENTOR(S)        :    Helmut Hettche

PATENT OWNER       :    Asta Medica, AG

This is to certify that there has been presented to the

### COMMISSIONER OF PATENTS AND TRADEMARKS

an application under 35 U.S.C. § 156 for an extension of the patent term. Since it appears that the requirements of the law have been met, this certificate extends the term of the patent for the period of

### 349 days

from November 17, 2009, the original expiration date of the patent, subject to the payment of maintenance fees as provided by law, with all rights pertaining thereto as provided by 35 U.S.C. § 156(b).



I have caused the seal of the Patent and Trademark Office to be affixed this 27th day of February 1998.

Bruce A. Lehman
Assistant Secretary of Commerce and
Commissioner of Patents and

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

In Re Patent of:          Helmut Hettche                **RECEIVED**

Patent Number:            U.S. 5,164,194              DEC 18 1996

Issued:                   November 17, 1992          **PATENT EXTENSION**
                                                     **A/C PATENTS**
Expires:                  November 17, 2009

FOR:                      AZELASTINE CONTAINING MEDICAMENTS

Box Pat. Ext.
Commissioner of Patents and Trademarks
Washington, DC 20231

APPLICATION FOR EXTENSION OF PATENT TERM
UNDER 35 U.S.C. 156

Dear Sir:

Applicant, Asta Medica, AG (formerly known as Asta Pharma, AG), represents that by virtue of an assignment recorded on December 26, 1989, at Reel 5237, Frame 0353, it is the assignee of the entire interest in and to Letters Patent of the United States No. 5,164,194 granted to Helmut Hettche. The claims of U.S. Patent No. 5,164,194 cover methods for using azelastine hydrochloride.

Pursuant to a license agreement dated August 16, 1982, Applicant granted Carter-Wallace, Inc., through its Wallace Laboratories Division, the exclusive right, with the right to grant sublicenses, to make, have made, use and sell the product azelastine in the United States of America together with the right to apply for, obtain and/or maintain investigational new drug exemptions ("IND's"), new drug applications ("NDA's") or other government clearances or approvals to market azelastine.

Azelastine hydrochloride NDA No. 20-114 which covers methods of using Wallace Laboratories' azelastine hydrochloride known as Astelin (hereafter the Approved Product) was approved on November 1, 1996.

Applicant hereby submits this application for extension of patent term under 35 U.S.C. 156, providing the following information as required by 37 C.F.R. 1.740:

MP0133

(1)  The Approved Product has the following structure:



(2)  The Approved Product was subject to regulatory review under the Federal Food, Drug and Cosmetic Act (21 U.S.C. 355), Section 505.

(3)  Applicant's licensee received permission for the commercial marketing or use of the Approved Product under Section 505 of the Federal Food, Drug and Cosmetic Act (21 U.S.C. 355) on November 1, 1996.

(4)  This application for extension of patent term of United States Patent No. 5,164,194 under 35 U.S.C. 156 is being submitted within the sixty (60) day period permitted for submission, the last day for said submission being December 30, 1996.

(5)  The complete identification of the patent for which an extension is being sought is as follows:

Inventor:                     Helmut Hettche

Patent No.:                   U.S. 5,164,194

Issued:                       November 17, 1992

Expiration Date:              November 17, 2009

(6)  A copy of the patent for which an extension is being sought is attached herewith as "Attachment A."

(7)  A copy of the receipt for payment of the 4 year maintenance fee is attached herewith as "Attachment B."

(8)  No disclaimer, certificate of correction, re-examination certificate or other receipt of maintenance fee payment has been issued with respect to U.S. Patent No. 5,164,194.

(9)  U.S. Patent No. 5,164,194 claims methods for using the Approved Product, as identified in paragraph (1) hereinabove. More specifically, the methods are claimed in claims 1-9 and 12 of U.S. Patent No. 5,164,194 as follows:

(1)  A method for the treatment of irritation or disorders of the nose and eye which comprises applying directly to nasal tissues or to the conjunctival sac of the eyes a medicament which contains a member selected from the group consisting of azelastine and its physiologically acceptable salts.

(2)  A method as set forth in claim 1 in which the medicament contains 0.0005 to 2% (weight/weight) of azelastine or an amount of a physiologically acceptable salt of azelastine which contains 0.0005 to 2% (weight/weight) azelastine.

(3)  A method as set forth in claim 2 in which the medicament contains 0.001 to 1% (weight/weight) of azelastine or an amount of a physiologically acceptable salt of azelastine which contains 0.001 to 1% (weight/weight) azelastine.

(4)  A method as set forth in claim 1 in which the medicament contains 0.003 to 0.5% (weight/weight) of azelastine or an amount of a physiologically acceptable salt of azelastine which contains 0.003 to 0.5% (weight/weight) azelastine.

(5)  A method as set forth in claim 1 in which the medicament contains a pharmaceutically usable preservative in an amount of 0.001 to 0.1%.

(6)  A method as set forth in claim 1 in which the medicament is a solution.

(7)  A method as set forth in claim 1 in which the medicament is an aqueous solution.

(8)  A method as set forth in claim 1 in which the medicament is a solution which contains 0.001 to 0.05% (weight/volume of solution) of sodium-2-(ethylmercurithio)-benzoate or 0.001 to 0.1% (weight/volume of solution) of alkylbenzyldimethyl ammonium chloride.

(9)  A method as set forth in claim 1 in which the medicament is applied by spraying.

(12) A method for the treatment of a patient suffering from allergy-related, or vasomotor or rhino-related colds or symptoms which comprises applying directly to the patient's nasal tissues or to the conjunctival sac of the patient's eye a medicament which contains a member selected from the group consisting of azelastine and its physiologically acceptable salts.

3

MP0135

(10) The relevant dates and information pursuant to 35 U.S.C. 156(g) to enable the Secretary of Health and Human Services to determine the length of the applicable regulatory review period are as follows:

(a) U.S. Patent No. 5,164,194 was issued on November 17, 1992. U.S. Patent No. 5,164,194 is set to expire on November 17, 2009;

(b) IND for the Approved Product was filed by Wallace Laboratories on January 31, 1989, received and accorded IND No. 32,704 on February 6, 1989 and was effective on February 6, 1989;

(c) NDA for the Approved Product was submitted by Wallace Laboratories on March 26, 1991 (NDA No. 20-114); and

(d) NDA No. 20-114 for the Approved Product was approved on November 1, 1996.

(11) A brief description of the activities undertaken by the Applicant's licensee during the applicable regulatory review period with respect to the Approved Product and the significant dates applicable to such activities is attached herewith as "Attachment C."

(12) Applicant is of the opinion that U.S. Patent No. 5,164,194 is eligible for extension under 35 U.S.C. 156 because it satisfies the requirements for such extension as follows:

(a) 35 U.S.C. 156(a)
U.S. Patent No. 5,164,194 claims the method of using the Approved Product;

(b) 35 U.S.C. 156(a)(1)
The term of U.S. Patent No. 5,164,194 has not expired before submission of this application for extension;

(c) 35 U.S.C. 156(a)(2)
The term of U.S. Patent No. 5,164,194 has never been extended;

(d) 35 U.S.C. 156(a)(3)
The application for extension is submitted by the agent of the owner of record of U.S. Patent No. 5,164,194 in accordance with the requirements of 35 U.S.C. 156(d) and the guidelines of the U.S. Patent and Trademark Office;

(e) 35 U.S.C. 156(a)(4)
The Approved Product has been subject to regulatory review period before its commercial marketing or use;

4

(f)  35 U.S.C. 156 (a) (5) (A)
The permission for the commercial marketing or use of the Approved Product, after the regulatory review period is the first permitted commercial marketing or use of the product, under the provisions of the Federal Food, Drug and Cosmetic Act (21 U.S.C. 355) under which such regulatory review period occurred; and

(g)  35 U.S.C. 156 (c) (4)
No other patent has been extended for the same regulatory review period for the Approved Product.

(13) The length of extension of the term of United States Patent No. 5,164,194 claimed by applicant is 349 days. The maximum allowable under 35 U.S.C. 156 (c).(3) since the addition of 349 days to the patent term would yield a patent term of 14 years from the date of approval of the Approved Product. The regulatory review period exceeds 349 days as shown by the following:

(a)  The regulatory review period under 35 U.S.C. 156 (g) (1) (B) (i) and (ii) was from February 6, 1989 until November 1, 1996;

(b)  United States Patent No. 5,164,194 issued on November 17, 1992, which was 1,380 days after commencement of the regulatory review period;

(c)  The period of review "Testing Period" under 35 U.S.C. 156 (g) (1) (B) (i) was from February 6, 1989, until March 26, 1991, which is 779 days subject to the following limitation:

(1) deduction of 779 days which occurred on or before the issuance of United States Patent No. 5,164,194. Accordingly, zero days of regulatory review occurred during the "Testing Period".

(d)  The period of review "Application Period" under 35 U.S.C. 156 (g) (1) (B) (ii) was from March 26, 1991, until November 1, 1996, which is 2046 days subject to the following limitation:

(1) deduction of 601 days which occurred on or before the issuance of United States Patent No. 5,164,194. Accordingly, 1445 days of regulatory review occurred during the Application Period.

(e)  In the absence of the 14 year limitation imposed by 35 U.S.C. 156 (c) (3), noted above, the permissible period of extension of term of United States Patent No. 5,164,194 would have been 1445 days;

5

(f)   In compliance with 35 U.S.C. 156 (c)(3) the period remaining on the term of United States Patent No. 5,164,194 after approval of the Approved Product 4748 days which when added to the 349 day extension claimed by applicant 5097 days is not in excess of 14 years and will give United States Patent No. 5,164,194 an expiration date of November 1, 2010.

(14)  Applicant acknowledges a duty to disclose to the Commissioner of Patents and Trademarks and the Secretary of Health and Human Services any information which is material to any determination to be made relative to this application for extension.

(15)  The prescribed fee of $1090.00 for receiving and acting upon this application for extension is to be charged to Deposit Account 03-0935 as authorized in the accompanying letter which is submitted in duplicate.  The requisite Declaration, set forth in 37 C.F.R. 1.740(a)(17) and (b) is also attached hereto.

(16)  Inquiries and/or other correspondence relating to this application for patent term extension are to be directed to:

Kevin B. Clarke, Esq.
Carter-Wallace, Inc.
1345 Avenue of the Americas
New York, New York 10105

(17) A certified duplicate copy of the application papers is submitted herewith.

Respectfully submitted,

Kevin B. Clarke, Esq.
Attorney for Applicant
Registration No. 22,647
Carter-Wallace, Inc.
1345 Avenue of the Americas
New York, New York 10105
(212) 339-5207

6

TO WHOM IT MAY CONCERN:

RECEIVED

DEC 1 8 1996

PATENT EXTENSION
A/C PATENTS

## CERTIFICATE

I hereby certify that the attached Application for Extension of Term of U.S. Patent 5,164,194 together with attachments thereto, Declaration in Support of Application for Patent Extension and Power of Attorney are true and duplicate copies of the originals of said documents filed with the United States Patent Office on this date.

Kevin B. Clarke, Esq.

date: _12-18-96_

MP0139



UNITED STAT    DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D. C. 20231

*Attachment "B"*

75M7/0509

CUSHMAN, DARBY & CUSHMAN
1100 NEW YORK AVENUE, N.W.
NINTH FLOOR
WASHINGTON, DC 20005-3918

# MAINTENANCE FEE STATEMENT

The data shown below is from the records of the Patent and Trademark Office. If the maintenance fees and any necessary surcharges have been timely paid for the patents listed below, the notation "PAID" will appear in column 10, "status" below.

If a maintenance fee payment is defective, the reason is indicated by code in column 10, "status" below. An explanation of the codes appears on the reverse of the Maintenance Fee Statement. TIMELY CORRECTION IS REQUIRED IN ORDER TO AVOID EXPIRATION OF THE PATENT. NOTE 37 CFR 1.377. THE PAYMENT(S) WILL BE ENTERED UPON RECEIPT OF ACCEPTABLE CORRECTION. IF PAYMENT OR CORRECTION IS SUBMITTED DURING THE GRACE PERIOD, A SURCHARGE IS ALSO REQUIRED. NOTE 37 CFR 1.20(k) and (l).

If the statement of small entity status is defective the reason is indicated below in column 10 for the related patent number. THE STATEMENT OF SMALL ENTITY STATUS WILL BE ENTERED UPON RECEIPT OF ACCEPTABLE CORRECTION.

| LTM NBR | PATENT NUMBER | FEE CDE | FEE AMOUNT | SUR CHARGE | SERIAL NUMBER | PATENT DATE | FILE DATE | PAY YR | SML ENT | STA |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 5,164,194 | 183 | 990 | ---- | 07/551,644 | 11/17/92 | 07/12/90 | 04 | NO | PAID |

If the "status" column for a patent number listed above does not indicate "PAID" a code or an asterisk (*) will appear in the "status" column. Where an asterisk (*) appears, the codes are set out below by the related item number. An explanation of the codes indicated in the "status" column and as set out below

** GESAMTSEITEN 002 **

ATTACHMENT "C"

Dates and brief descriptions of activities undertaken by Wallace Laboratories during the applicable regulatory review period for azelastine hydrochloride.

## IND 32,704

| | |
|---|---|
| January 31, 1989 | IND for azelastine hydrochloride solution for intranasal use mailed to FDA by Wallace Laboratories. |
| February 6, 1989 | IND received by FDA and assigned IND No. 32,704. |
| March 20, 1989 | Wallace Laboratories letter responds to FDA telephone request for information concerning intranasal toxicity study in the rat. |
| May 22, 1989 | FDA request for information concerning chemistry, manufacturing and control subjects and animal toxicology issues. |
| July 24, 1989 | Wallace Laboratories submission in response to FDA request for information dated May 22, 1989. |
| August 4, 1989 | Wallace Laboratories submission providing corrections to data submitted on March 20, 1989. |
| August 16, 1989 | Clinical protocol 258 to assess safety, efficacy and duration of effect of several dosages of azelastine nasal spray and clinical investigator documentation submitted by Wallace Laboratories. |
| September 14, 1989 | Clinical protocol 258 amendment to include additional investigator submitted by Wallace Laboratories. |
| November 22, 1989 | Wallace Laboratories letter requesting a pre-NDA meeting. |
| December 21, 1989 | Clinical protocol 272 to assess safety and efficacy of azelastine nasal spray and clinical investigator documentation submitted by Wallace Laboratories. |
| January 22, 1990 | Wallace Laboratories submitted an updated Investigational Drug Brochure. |
| January 25, 1990 | Wallace Laboratories acknowledged scheduling of a pre-NDA meeting and submitted information addressing format and content of integrated efficacy and safety data, individual clinical study information, case report tabulations, statistical analyses and foreign clinical experience. |

azechron

1

**IND 32,704**

| | |
|---|---|
| January 25, 1990 | Wallace Laboratories submitted initial safety report from ongoing clinical trial. |
| January 30, 1990 | Wallace Laboratories submitted updated pharmacology, toxicology and drug disposition information. |
| February 12, 1990 | Clinical protocol 275 to assess safety and tolerability during extended treatment and clinical investigator documentation submitted by Wallace Laboratories. |
| February 13, 1990 | Wallace Laboratories submitted new pharmacology information. |
| February 23, 1990 | Annual report submitted by Wallace Laboratories. |
| February 26, 1990 | Pre-NDA meeting convened with FDA. |
| March 6, 1990 | Follow-up safety report submitted by Wallace Laboratories. |
| March 9, 1990 | Wallace Laboratories submitted minutes from pre-NDA meeting. |
| April 9, 1990 | Clinical protocol 281 to assess safety and efficacy and clinical investigator documentation submitted by Wallace Laboratories. |
| April 11, 1990 | Clinical protocol 282 to assess safety and efficacy and clinical investigator documentation submitted by Wallace Laboratories. |
| April 12, 1990 | Clinical protocol 272 amendment to define criteria for evaluating patient noncompliance submitted by Wallace Laboratories. |
| April 19, 1990 | Clinical protocol 281 amendment to optimize patient compliance, data entry and data handling submitted by Wallace Laboratories. |
| May 4, 1990 | Clinical protocol 283 to assess safety and efficacy and clinical investigator documentation submitted by Wallace Laboratories. |
| May 18, 1990 | Clinical protocol 281 amendment to include additional investigator submitted by Wallace Laboratories. |

azechron

2

**IND 32,704**

| | |
|---|---|
| May 25, 1990 | Administrative notification of new location and phone numbers for medical monitors overseeing clinical development program. |
| July 7, 1990 | Wallace Laboratories submitted initial safety reports from ongoing clinical trials. |
| September 20, 1990 | Follow-up safety report submitted by Wallace Laboratories. |
| October 23, 1990 | Wallace Laboratories submitted updated chemistry, manufacturing and control information. |
| January 9, 1991 | Wallace Laboratories letter in preparation for FDA meeting to discuss environmental assessment issues for NDA. |
| January 16, 1991 | Meeting with FDA to discuss environmental assessment issues for NDA. |
| February 14, 1991 | Wallace Laboratories letter submitting minutes from the January 16, 1991 meeting concerning NDA environmental assessment issues. |
| March 15, 1991 | Annual report submitted by Wallace Laboratories. |
| March 27, 1992 | Annual report submitted by Wallace Laboratories. |
| August 13, 1992 | Clinical protocol 315 to assess safety and efficacy as adjunctive therapy and clinical investigator documentation submitted by Wallace Laboratories. |
| August 26, 1992 | Wallace Laboratories submitted updated chemistry, manufacturing and control information. |
| September 9, 1992 | Clinical protocol 315 amendment concerning clinical investigator submitted by Wallace Laboratories. |
| March 8, 1993 | Annual report submitted by Wallace Laboratories. |
| May 10, 1993 | Clinical protocol 312 to assess safety and efficacy as adjunctive therapy and clinical investigator documentation submitted by Wallace Laboratories. |

azecthron

3

**IND 32,704**

| | |
|---|---|
| June 4, 1993 | Clinical protocol 312 amendment to include additional investigator submitted by Wallace Laboratories. |
| August 18, 1993 | Clinical protocol 316 to assess safety and efficacy against beclomethasone and clinical investigator documentation submitted by Wallace Laboratories. |
| August 23, 1993 | Wallace Laboratories letter requesting meeting with FDA to discuss adjunctive therapy clinical trials. |
| September 1, 1993 | Clinical protocol 316 amendment addressing chemistry, manufacturing and control submitted by Wallace Laboratories. |
| September 9, 1993 | Clinical protocol 316 amendment to include additional investigators submitted by Wallace Laboratories. |
| September 27, 1993 | Clinical protocol 316 amendment to revise clinical investigator information submitted by Wallace Laboratories. |
| March 22, 1994 | Annual report submitted by Wallace Laboratories. |
| February 24, 1995 | Annual report submitted by Wallace Laboratories. |
| September 21, 1995 | Wallace Laboratories submitted initial safety report from foreign source. |
| October 19, 1995 | Follow-up safety report submitted by Wallace Laboratories. |
| November 30, 1995 | Wallace Laboratories submitted initial safety report from foreign source. |
| December 1, 1995 | Wallace Laboratories submitted initial safety report from foreign source. |
| January 19, 1996 | Follow-up safety report submitted by Wallace Laboratories. |
| February 16, 1996 | Annual report submitted by Wallace Laboratories. |
| March 22, 1996 | Clinical protocol 362 to assess product acceptance by patients submitted by Wallace Laboratories. |
| May 2, 1996 | Wallace Laboratories submitted initial safety report from foreign source. |

azcchron

4